## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                         **Case No. 6:01-cv-875-Orl-22KRS**

F. LEE BAILEY,

      Defendant.

### <u>JOINT PRETRIAL STATEMENT</u>

Plaintiff, United States of America, and Defendant, F. Lee Bailey, by and through

their undersigned counsel, and pursuant to the Court's Case Management and

Scheduling Order and Rule 3.06 of the United States District Court for the Middle

District of Florida, file this Joint Pretrial Statement:

## I.    BASIS OF FEDERAL JURISDICTION

The government claims subject matter jurisdiction in this action pursuant to 28

U.S.C. § 1345.  The government also claims that venue is proper in this district

pursuant to 28 U.S.C. § 1391 since a substantial part of the events, acts, or omissions

giving rise to the claim occurred in the Middle District of Florida.

## II.    NATURE OF THE ACTION

The United States has brought this conversion action against the Mr. Bailey

under Florida common law to recover the $2 million which the government contends

Mr. Bailey deprived the United States of its rightful possession.  The government further

contends that Bailey did this intentionally and without the government's permission,

despite his knowledge that the United States was exercising its claim to the funds

through federal forfeiture proceedings.  In addition, the United States, pursuant to

Florida Statutes §§ 772.11 and 812.014, seeks treble damages for its claimed losses

sustained as a result of Bailey's knowing use of the government's property with the

intent to, temporarily or permanently, deprive the United States of its property and/or

appropriate the $2 million to his own use as well as the use of others equally unentitled

to the money.

Mr. Bailey denies he received or controlled the great majority of the money which

he maintains was, in fact, received by other lawyers as payment for legitimate

attorney's fees.  Bailey, further, claims he was lawfully entitled to any Funds he

received as payment for legitimate attorney's fees, and he, specifically, denies that he

knew the government was making a claim against his attorney's fees and costs.  Mr.

Bailey also contends the government misled him into believing they would not lay claim

to any of the Funds from the legal defense fund and, also, has maliciously selected him

for prosecution, while not filing claims against any other attorneys or recipients of the

Funds.

This is a jury trial.

## III.    GENERAL STATEMENTS OF EACH PARTY'S CASE

A.    <u>Plaintiff</u>

In the 1990's, William J. McCorkle and Chantal McCorkle earned their living by

selling products which promised to teach consumers how to make "fortunes in

foreclosures" and/or through buying property at government auctions for resale.  First

the State of Florida and, later, a variety of federal law enforcement agencies

investigated complaints that the McCorkles' product was fraudulently marketed.

Ultimately, the McCorkles were prosecuted and convicted in this Court. *United States*

*v. McCorkle*, Case No. 6:98-cr-52-Orl-19C. The instant action arises out of events that

took place during the investigation and prosecution of the McCorkles, specifically

Bailey's conversion/theft of $2 million in fraud proceeds which the government has

forfeited.

The United States alleges that beginning in May 1997 and continuing through

October 21, 1998, Bailey diverted and spent $2 million illegally obtained by his client,

William J. McCorkle, and McCorkle's wife, Chantal McCorkle, despite the fact Bailey

knew the funds were subject to forfeiture by the United States. Between May 11 and

22, 1997, Bailey oversaw the transfer of the $2 million, which has already been

deposited into Cayman Island bank accounts, to a new account, the "William J. and

Chantal McCorkle Legal Defense Fund" (the"Fund"). On May 20, 1997, the

government first sought, through submission of a Mutual Legal Assistance Treaty

request filed with the Cayman Islands Authority, to restrain the Fund. On May 21, 1997,

the Cayman Islands Court entered an order seizing the Fund.

On May 28, 1997, the United States filed a civil forfeiture complaint against the

contents of the two bank accounts which comprised the Fund. On June 5, 1997,

William McCorkle abandoned his interest in the Fund, making Bailey the sole individual

authorized to request disbursement from the Fund. On December 29, 1997, Bailey filed

3

a verified claim to the contents of the Cayman Island accounts, as did each of the McCorkles. Bailey had already authorized numerous disbursements from the Fund.

On March 5, 1998, the McCorkles were indicted by a grand jury on approximately 90 counts, including mail fraud, credit card fraud, perjury, and money laundering. The money laundering charges included the transfers of millions of dollars of fraud proceeds into the Cayman Island accounts. The indictment contained general forfeiture allegations. On March 11, 1998, the government filed and served on Bailey a bill of particulars, specifying the property claimed for forfeiture to the United States in the Indictment – including the Fund. On August 18, 1009, the government again listed the Fund as being subject to forfeiture in its second amended bill of particulars.

On November 4, 1998, the McCorkles were convicted. The following day, the jury returned special verdicts of forfeiture, forfeiting the Fund to the United States. On December 16, 1998, the court entered a preliminary order of forfeiture determining that the "United States is now entitled to possession" of the Fund. Bailey declined to turn over the contents of the Fund, indicating that the majority of the money had been spent.

On February 16, 1999, Bailey filed a third-party petition claiming ownership of the Fund. In October 1999, a ten-day evidentiary hearing is held on, among other things, Bailey's claim of ownership to the Fund. On January 12, 2000, Magistrate Judge Glazebrook entered a Report and Recommendation ("R&R") concluding that Bailey had failed to establish that he had a legal right, title, or interest in the Fund that was superior to the government's. On June 29, 2000, Judge Fawsett, adopting virtually all of the

R&R, held that the United States, not Bailey, held clear title to the Fund, relating back to the date the contents were laundered in violation of federal law.

The government contends that Bailey's action, which were committed with full knowledge of the government's right, and intention, to forfeit the Fund, constitute both a conversion and a civil theft.

B.    Defendant

The following facts are pertinent to Mr. Bailey's defense:

(a)    May 9, 1997: Federal Agents executed a search warrant at the McCorkle's offices and home.

(b)    May 11; 1997: The legal defense account is supplied with funds already in the Cayman Islands, from which Mr. Mark Horwitz and other lawyers representing the McCorkles are paid.

(c)    May 15, 1997: $100,000 from the Cayman account was disbursed to the Law Offices of Horwitz & Fussell.

(d)    May 21, 1997: The United States secures the freezing of the "fund" in this account via an MLAT request and attendant order of the Cayman Court.

(e)    May 28, 1997: The United States files a civil forfeiture complaint, which did not name the contents of the account at issue in this case.

(f)    October 10, 1997: The Cayman Island Court with the full knowledge of the United States Government as well as the Cayman government, entered an order that fees of McCorkle's attorneys in relation to the Cayman Island case could be paid from the account set up for legal fees. As a

result and under the provisions of this Order, monies were disbursed from

the account to attorneys for McCorkle, including Mr. Horwitz and BAILEY.

(g)    October 31, 1997: The United States files its amended civil forfeiture

complaint against the contents of the Cayman Account.

(h)    January 21, 1998: The United States through the Cayman Authority,

obtains a stay to appeal to the Eastern Caribbean Court of Appeals from

the Cayman Court's ruling adverse to the Cayman seizure.

(i)    March 5: 1998: The United States secures an indictment of the McCorkles

for various offenses. The indictment includes a forfeiture provision.

(j)    March 11, 1998: The United States files a bill of particulars regarding the

Cayman account.

(k)    On March 11, 1998 at a bond hearing for the McCorkles, the following

statements are significant:

(i)    In discussing the legal fee account in the Cayman Islands,
Magistrate Judge Glazebrook stated:

THE COURT: Right. It would - - it's possible to make that a condition of
release. It's possible to make it a part of this stipulation and certainly I
know that no counsel appearing before the Court would take any efforts to
do anything contrary to what we're trying to accomplish here. And I should
also note, I'm sure that no counsel of record would do anything to transfer
away any portion of that two million dollar attorney fund or make it
unavailable to, to this Court until we've had a chance to make a
determination on that. And I'm, I especially, I'm especially certain that
counsel wouldn't make it available to the McCorkles in light of this Court's
concern on the record about flight.

Bond Hearing, *United States v. McCorkle, et* al., Case No.: 6:98-cr-52-
Orl-19JGG, March 11, 1998, p. 37 lines 14-25; p. 38 line 1.

(ii)    Earlier in the same hearing AUSA Byron in commenting on the
legal defense fund, which was originally $2,000,000.00, stated:

MR. BYRON: Your Honor, I don't know if it does complicate things. I think the pivotal issue is whether or not the defendants have access to any of this money and the way the order reads, and there is a specific, it is hereby ordered, paragraph two says, I'll just quote it for the record:

That the applicants are at liberty to use the money -- the applicants are at liberty to use the monies in the Quin and Hampson account for the sole purpose of paying their attorney fees and expenses in relations to proceedings before the Grand Court of the Cayman Islands and the Court of Appeals of the Cayman Islands.

What that clearly says is that of (check cite) money that has been set aside into what has been called a trust account but which the Cayman Authority did not recognize as a trust account as one would normally consider it, the only money that can be drawn down is for Cayman Island litigation.

Let's work this through its logical conclusion.  Let's assume of two million dollars in the Quin and Hampson account, let's assume that $600,000 is earned fees to this date for Cayman Island related litigation, which is the only money that they're allowed to draw down, that the lawyers are allowed to draw that account down. Let's assume that the stay is lifted while this case is ongoing and 1.4 million dollars remains unearned fees in that account. What is to prevent the beneficiaries of that money, because it's an unearned fee, from saying to Quin and Hampson, please wire transfer that for me. Because it is still theirs. Even if it's held in trust for them, it is still their money. Can they not –

Bond Hearing, *United States v. McCorkle, et al.,* Case No.: 6:98-cr-52-Orl-19-JGG, March 11, 1998, p. 22, lines 13-25; p. 23, lines 1-19.

(I)     April 15, 1998: Magistrate Judge Glazebrook enters order denying the

appointment of an expert at public expense (Doc. 181). In that order the

Magistrate writes at page 3:

Furthermore, even if there were some merit to defendants' allegations, there is no need for the Court to expend public funds for the appointment of a statistical expert when counsel for the moving defendants claim to control a $2,000,000 legal defense fund in the Cayman Islands. Accordingly, the motion to appoint a statistical expert and to, produce records at Docket No. 172 is DENIED.

(m)   April 27, 1998: The United States files its second amended complaint seeking civil forfeiture of the Cayman account.

(n)   July 8, 1998: Deposition of Mr. F. Lee Bailey in civil forfeiture case by AUSA Gaines with AUSA De Marco present. Bailey describes expenditures from Cayman account to date including funds to Horwitz & Fussell, P.A.

(o)   July 8, 1998: During a break in BAILEY's deposition, AUSA De Marco states to Mark Horwitz that the Government will not forfeit his fees.

(p)   July 30, 1998: Court of Appeals for Eastern Caribbean affirms Cayman High Court decision against United States and discharges restraining order. The Government does not seek further stay, which would have continued the freeze on the legal fees account at issue in this case.

(q)   On the following dates, the following payments were made from the account at issue in this case to the Law Offices of Horwitz & Fussell:

| | |
|---|---|
| August 17, 1998: | $100,000.00 |
| August 26, 1998: | $100,000.00 |
| September 17; 1998: | $100,000.00 |
| September 24, 1998: | $100,000.00 |
| October 21, 1998: | $100,000.00 |

(r)   September 1, 1998: The criminal trial of the McCorkles begins.

(s)   November 4, 1998: The jury returns a verdict against the defendants.

(t)   November 23, 1998: United States obtains second order of Grand Court of Cayman Islands freezing remaining contents of legal defense fund at issue in this case.

(u)    December 16, 1998: The United States serves a preliminary Order of
       Forfeiture as to the "contents" of the Cayman account.

(v)    January 25, 1999: Sentencing of defendants in criminal case.  AUSA
       Byron tells Mr. Robert Buonauro that the Government knows Mark Horwitz
       firm did the work on the case and the Government is not coming after
       Horwitz & Fussell, P. A.'s fees.

(w)    March 30, 1999: The District Court in Orlando, Florida enters an order
       requiring BAILEY to deposit $2,000,000 to the Court's Registry or post a
       bond in the amount of $2,000,000.

(x)    July 28, 1999: Shortly after an *in camera* hearing to consider the potential
       conflict of counsel representing Mr. William McCorkle, Robert Leventhal
       (who attended the hearing for William McCorkle) called AUSA De Marco
       to ask if there was any potential that the Government would seek to forfeit
       Mark Horwitz's fee because if so, Leventhal would not represent William
       McCorkle. AUSA De Marco said that was not a concern because the
       Government was not going to seek forfeiture of Mark Horwitz's fee.

(y)    October 19 & 20, 1999: Mark Horwitz testifies in hearing re: Bailey claim
       and contempt.

(z)    January 14, 2000: Magistrate Glazebrook issues Report and
       Recommendation concerning BAILEY.  Within a few days of this order,
       AUSA De Marco stated to Mr. Butch Slaughter that the Government is not
       seeking to forfeit Mark Horwitz's fee in light of the Magistrate's Report and
       Recommendation. In a subsequent telephone call a few days later, Ms.

De Marco reiterated her previous statement and stated to Mr. Butch

Slaughter that he could tell this to Mark Horwitz.  The Government does

not seek to forfeit from Horwitz any fees paid to him.

The facts outlined above demonstrate that Plaintiff knowingly waived any right it

had to contest the propriety of BAILEY's distribution of money from the "Fund" in

question.  Plaintiff was aware BAILEY and the other attorneys representing the

McCorkles were utilizing money from the "Fund" in question.  Despite this knowledge

and the clear ability to freeze the money from being disbursed, Plaintiff did nothing to

timely assert its position and, instead, made it clear to several people that no effort

would be made to forfeit from Mr. Horwitz's money paid to him by BAILEY.  Plaintiff

acquiesced to BAILEY's distribution of money from the "Fund" in question.

Plaintiff has singled BAILEY out for selective enforcement of any rights Plaintiff

may have to the "Fund" in question, despite the fact it is undisputed that BAILEY was

not the recipient of all of the money in that fund.

## IV.    LIST OF ALL EXHIBITS

### A.    Plaintiff

See attached list and Defendant's objections.

### B.    Defendant

See attached list and Plaintiff's objections.

The parties are continuing to work to resolve the objections noted on the

attached exhibit lists.

## V.     LIST OF WITNESSES AT TRIAL

A.     <u>Plaintiff's Witnesses Who Will Be Called at Trial</u>

1.     Former AUSA Paul Byron

2.     Former AUSA Marie DeMarco

3.     S/A Carl Coffman, Internal Revenue Service

4.     Former Florida Asst. Attorney General Lisa Young

5.     Mark Gauthier, Arthur Anderson & Co.

6.     AUSA Rick Jancha

B.     <u>Plaintiff's Witnesses Who May Be Called at Trial</u>

1.     William J. McCorkle

2.     Chantal McCorkle

3.     Ken Barker, Arthur Anderson & Co.

4.     Lisa Agard, Crown Counsel, Cayman Islands

5.     William David Ellrich

6.     Daniel Skouras

7.     Richard Glass

8.     United States Deputy Marshal Clarke

9.     F. Lee Bailey

10.    Mark Horwitz

11.    Such other and further witnesses as appear reasonably necessary

for the presentation of the United States' case, the identity of whom cannot yet be

determined.

Statement of General Subject Matter

C.      Defendant's Witnesses Who Will Be Called at Trial

1.      Marie DeMarco

2.      Paul Byron

3.      Rick Jancha

4.      Virginia Covington

5.      Donald Wise

6.      Mark Horwitz

7.      Robert Eagan

8.      Lee Fugate

9.      Stuart Katzoff

10.     Dr. Robert Banerjea

11.     Patrick J. McKenna

12.     Lisa Young

It is anticipated that government's witnesses will testify to the general course of events surrounding Bailey's involvement in the representation of William and Chantal McCorkle in connection with the state civil investigation and the federal criminal investigation, the creation of the William J. and Chantal McCorkle Legal Defense Fund, the federal forfeiture proceedings, and Bailey's authorization of withdrawals from the Fund.

D.      Defendant's Witnesses Who May Be Called at Trial

1.      William J. McCorkle, Custody of the Federal Government Defendant in
        the case of *U.S. v. McCorkle, et al*, Case No. 6:98-cr-52-Orl-19JGG.
        Client of F. Lee Bailey with knowledge of source and use of funds.

2.      Chantal McCorkle, Custody of the Federal Government Defendant in the
        case of *U.S. v. McCorkle, et al.*, Case No. 6:98-cr-52-Orl-19JGG.  Ms.
        McCorkle has knowledge of the source and use of funds.

3.      Arthur Anderson, current address unknown, current telephone number
        unknown, has knowledge of his review and analyzation of McCorkle's
        books and finances.

4.      A representative of the law firm of Quin and Hampson, Post Office Box
        1348, Harbour  Center, Georgetown, Cayman Islands, (345) 949-4123.
        Counsel for McCorkles in the Cayman Islands.  Knowledge of the source
        and use of funds and legal rulings relating thereto.

5.      Records Custodian of the law firm of Quin and Hampson, Post Office Box
        1348, Harbour  Center, Georgetown, Cayman Islands, (345) 949-4123.
        Counsel for McCorkles in the Cayman Islands.

6.      David Fussell, Esquire, Horwitz & Fussell, 17 E. Pine Street, Orlando,
        Florida 32801, (407) 843-7733.  Counsel for Chantal McCorkle in the case
        of *U.S. v. McCorkle, et al.*, Case No. 6:98-cr-52-Orl-19JGG.  Knowledge
        of the source and use of funds and comments from Government and

13

Court which led attorneys to believe they were free to utilize funds at issue for attorney's fees and cost of defense.

7.  Sammy Smith, current address unknown, current telephone number unknown, was the beneficiary of $100,000 paid to Lee Fugate for his defense from the subject funds.

8.  Professor Bruce Rogow, 500 East Broward Boulevard, Suite 1900, Ft. Lauderdale, Florida 33394, (954) 767-8909.  Mr. Rogow received $8,000 to render an opinion for the benefit of British counsel defending McCorkles in the Cayman Islands.

9.  Alun Jones, Q.C., current address unknown, telephone number 011441718313833.  Mr. Jones is the British Barrister hired by Charles Quinn and F. Lee Bailey to argue both the trial and the appellate case in the Cayman Islands.

10.  Goldsmiths, Georgetown, Cayman Islands, current telephone number unknown.  Paid small administrative fee from subject funds for administrative work.

11.  E. Dawson Roberts, Esquire, Magna Carta Building, Shirley and Parliament, Nassau, New Providence, Bahamas 242-322-4782.  Mr. Roberts received $200,000 from the subject funds to intervene in foreclosure of airplane.

12.  Harrison Slaughter, Leventhal & Slaughter, P.A., 111 North Orange Avenue, Orlando, Florida 32801, (407) 849-6161.  Represented Mark

Horwitz with the U.S. Attorney's Office regarding their attempt to forfeit his legal fees from the subject funds.

13. Robert Leventhal, Leventhal & Slaughter, P.A., 111 North Orange Avenue, Orlando, Florida 32801, (407) 849-616. Represented Mark Horwitz with the U.S. Attorney's Office regarding their attempt to forfeit his legal fees from the subject funds, as knowledge.

14. Don West, Esquire, 626 W Tale Street, Orlando, Florida 32804-5356, (407) 425-9710 heard comments from members of the U.S. Attorney's Office indicating they were not coming after the attorney's legal fees which are now the subject of this litigation.

15. Robert Buonauro, Esquire, 390 North Orange Avenue, Suite 1630, Orlando, Florida 32801, (407) 841-1940. Criminal Defense Attorney who overheard comments indicating Government would not come after attorney's legal fees.

16. The Honorable David A. Baker, 201 Federal Building, 80 North Hughey Avenue, Orlando, Florida 32801, (407) 835-4290 heard civil case in June 1997 regarding the subject funds.

17. The Honorable Patricia C. Fawsett, 201 Federal Building, 80 North Hughey Avenue, Orlando, Florida 32801, (407) 835-4250 presided over the McCorkles criminal case and the contempt proceeding brought against F. Lee Bailey.

18.  The Honorable James G. Glazebrook, 201 Federal Building, 80 North Hughey Avenue, Orlando, Florida 32801, (407) 835-4310 held hearings on the contempt proceeding against F. Lee Bailey.

19.  Mr. Bailey reserves the right to call any rebuttal witness necessary to rebut the unanticipated testimony by the government's witnesses; provided such testimony is admitted as evidence.

<u>Statement of General Subject Matter</u>

It is anticipated that BAILEY's witnesses will testify to the general course of events surrounding his involvement in the representation of William and Chantal McCorkle in connection with the state civil investigation and the federal criminal investigation, the creation of the William J. and Chantal McCorkle Legal Defense Fund, the federal forfeiture proceedings, and his authorization of withdrawals from the Fund and to refute testimony offered by Plaintiff on any issues raised.

## VI.  EXPERT WITNESSES AND SUBSTANCE OF TESTIMONY THEREOF

A.  <u>Plaintiff</u>

None

B.  <u>Defendant</u>

None

## VII.  STATEMENT OF MONEY DAMAGES

1.  Count One: $2 million.

2.  Count Two: Treble the damages from Count One, $6 million.

16

## VIII.   LIST OF DEPOSITIONS/TRANSCRIPTS TO BE OFFERED INTO EVIDENCE

A.   <u>Plaintiff</u>

| | <u>Exhibit No.</u> | <u>Description</u> |
|---|---|---|
| 1. | 1A | Transcript of hearing held on 2/2/96 on Government's Emergency Motion to Surrender Properly before the Honorable Maurice M. Paul, U. S. Chief District Judge (U. S. v. Duboc, Case no. 94-01009, U. S. District Court, Northern District of Florida, Gainesville Division) |
| 2. | 1B | Transcript of Second Day of Hearing held on 2/3/96 on Government's Emergency Motion to Surrender Property (U. S. v. Duboc, Case no. 94-01009, U. S. District Court, Northern District of Florida, Gainesville Division) |
| 3. | 22 | Transcript of Hearing on Rule 41 Motion held on 5/28/97 before Judge Baker (Misc-Os-97-46-22, 05/28/97) |
| 4. | 38 | Transcript of Bond Hearing held on 3/10/98 before Magistrate Judge Glazebrook (98-52-Cr-Orl-19C, Dkt. no. 47, 3/11/98) |
| 5. | 39 | Transcript of Continued Bond Hearing held on 3/11/98 (98-52-Cr-Orl-19C, Dkt. no. 80, 3/19/98) |
| 6. | 40 | Transcript of Continued Bond Hearing held on 3/12/98 (98-52-Cr-Orl-19C, Dkt. no. 81, 3/19/98) |
| 7. | 47 | Transcript of Deposition of F. Lee Bailey on 7/8/98 (97-682-Civ-Orl-19B, Dkt. no. 68, 08/03/98) |
| 8. | 60A | Transcript of Testimony of Mark Gauthier held on 10/07/98 before Judge Fawsett (98-52-Cr-Orl-19C, Dkt. no. 627, 04/08/99) |
| 9. | 60B | Transcript of Continuation of Testimony of Mark Gauthier held on 10/8/98 before Judge Fawsett (98-52-Cr-OH-19C, Dkt. no. 628, 04/08/99) |
| 10. | 64 | Transcript of Status Hearing held on 12/11/98 before Judge Baker (97-682-Civ-Orl-19B, Dkt. no.101, 12/16/98) |

| 11. | 107 | Testimony of Jose A. Esquivel in Ancillary Proceeding held on 6/10/97 |
| 12. | 108 | Deposition of William J. McCorkle held on July 6, 1998 |
| 13. | 108A | Excerpt of Exhibit 108 -- Deposition of William McCorkle held on July 6, 1998 |
| 14. | 127 | Excerpt of Transcript of Proceedings held on June 9, 1997 in Re: Grand Jury Sealed Matter, Case No. 97-M-2066, pages 215 through 264 |
| 15. | 128 | Excerpt of Transcript of Proceedings held on July 15, 1997 in Re: The Matter of the Search of the Accounts of William J. McCorkle, Case no. MISC-OS-97-46-22, pages 118 through 159 |
| 16. | 137 | Testimony of Daniel Skouras from Hearing held on June 10, 1997 in re: Grand Jury Sealed Matter, Case No. 97-M-2066 |
| 17. | 149 | Transcript of Ancillary Hearing Proceedings, (98-52-Cr-Orl-19C, Dkt. no. 822, 10/18-29/99) |

The Defendant objects the introduction of the transcripts listed by Plaintiff on the

basis of Rule 401-404 and 801-803.

B.      Defendant

| | Exhibit No. | Description |
| 1. | 11C | Motion to Submit Court of Federal Claims Transcript to Supreme Court of Florida (App. 65) |
| 2. | 11D | Supreme Court of Florida denial of Motion to Submit Court of Federal Claims Transcript (App. 72) |
| 3. | 12G1 | Transcript Of Change Of Plea Proceedings Before The Honorable Maurice M. Paul United States Chief District Judge, Gainesville, Florida, May 17, 1994, United States v. Duboc, Case No.: 94-CR-1009, 31 pages |

| 4. | 14 | The transcript of the entire charge conference in United States v. McCorkle, Case No. 6:98-cr-52-Orl-19JGG. |

Mr. Bailey reserves his right to read any portion of the complete transcript which is offered into evidence by the government.

The parties are continuing to work to reach agreement on admissibility of the listed transcripts.

The Plaintiff objects the introduction of the transcripts listed by Defendant on the basis of Rule 401-404 and 801-803.

## IX.   CONCISE STATEMENT OF FACTS WHICH ARE ADMITTED AND WILL NOT REQUIRE PROOF AT TRIAL

Between 1992 and 1997, William J. McCorkle and Chantal McCorkle owned and operated ten corporations engaged in a nationwide telemarketing business, which was based in the Middle District of Florida.  The McCorkles retained Bailey on August 31, 1996, to examine their telemarketing operation and to give legal advice.  Between August 1996 and May 9, 1997, Bailey, in some respects, represented them in the investigation commenced by the State of Florida Attorney General's Office.  During that period, the McCorkles paid Bailey several times.  On May 9, 1997, federal agents executed search warrants at the McCorkles' business and residence, seizing their records, domestic bank accounts, and vehicles.

Bailey asked the McCorkles to create the "legal trust fund" in order to cover the McCorkles' attorney's fees and defense costs.  On May 20, 1997, the United States filed an MLAT request with the Cayman Island Authority.  On May 21, 1997, acting on the MLAT request, the Cayman Islands Court entered an order seizing the fund.  On

19

May 22, 1997, Quin and Hampson mailed the forms to the bank to open the legal trust

fund under the name, William J. and Chantal McCorkle Legal Fund ("the Fund").

While the Fund was being created, Bailey and Mark Horwitz, who was

representing Chantal McCorkle, on May 14, 1997, filed an emergency motion for return

of the McCorkles' property, pursuant to Federal Rule of Criminal Procedure 41(e),

which had been seized during the search of the residence and business.  On June 9 -

10 and July 15, 1997, the Honorable David A. Baker held a three-day evidentiary

hearing on the McCorkles' motion for return of property.  Case No. Misc-OS-97-46-22B.

On August 4, 1997, Judge Baker issued a twenty-three page memorandum opinion,

which denied the McCorkles' motion for return of property.

On March 20, 1998, the government moved for a *Garcia* hearing to determine

whether Bailey had a conflict of interest that required his removal as counsel for

defendant William J. McCorkle.  On March 23, 1998, Judge Glazebrook conducted a

*Garcia* hearing on the government's motion.  Judge Glazebrook recommended that the

motion to remove Bailey should be denied without prejudice to the government's right to

reassert the motion.

The McCorkle trial began September 1, 1998 and lasted until November 5, 1998,

a total of forty two (42) trial days.  On November 4, 1998, the jury returned a guilty

verdict against the McCorkels, two of their employees and their ten corporations.  The

district court then entered a preliminary order of forfeiture on December 16, 1998,

determining that "the United States is now entitled to possession" of the "$2 million in

legal trust fund and transferred from trust fund to F. Lee Bailey."  The preliminary order

of forfeiture authorized the Attorney General to "possess" or seize the forfeited

$2,000,000 fund pursuant to 21 U.S.C. § 853(g). The Court also authorized the publication of notice requiring persons who claim right, title, or interest in the listed property to file a petition in the district court. Doc. No. 453. Bailey filed no objection to the preliminary order of forfeiture. On January 15, 1999, a Deputy United States Marshal served Bailey with the seizure order and demanded the money. Bailey could not turn over the funds because they had already been disbursed from the legal defense fund account. After sentencing on January 25, 1999, the district court entered a judgment against the McCorkles.

In February 1999, the United States government received records from the Royal Bank of Canada in the Cayman Islands. According to the records, the following transfers out of the Cayman Islands legal trust fund had occurred:

| Date | Wire/Draft | Amount | Recipient |
| --- | --- | --- | --- |
| pre-5/15/97 | Unknown | $25,000 | Quin and Hampson |
| 5/15/97 | Wire | $225,000 | Bailey, Fishman, Freeman |
| 5/15/97 | Wire | $100,000 | Horwitz & Fussell |
| 5/15/97 | Wire | $15,000 | Law Offices of Robert Eagan |
| 10/16/97 | Draft | $8,500 | Professor Bruce Rogow |
| 10/16/97 | Draft | $36,533.65 | Quin and Hampson |
| 10/29/97 | Draft | $33,132.62 | F. Lee Bailey |
| 1/21/98 | Wire | $39,552.12 | Quin and Hampson |
| 1/21/98 | Unknown | $19,413.09 | F. Lee Bailey |
| 1/21/98 | Unknown | $42,780.69 | Horwitz and Fussell |
| 2/9/98 | Unknown | $8,773.75 | Quin and Hampson |
| 3/5/98 | Draft | $56,191.96 | Alun Jones, Q.C. |
| 3/6/98 | Draft | $546.17 | Goldsmiths |
| 4/9/98 | Draft | $8,177.04 | Quin and Hampson |
| 5/7/98 | Draft | $30,420.45 | Quin and Hampson |
| 5/7/98 | Draft | $59,735.55 | Alun Jones, Q.C. |
| 6/22/98 | Draft | $5,547.06 | Quin and Hampson |
| 6/22/98 | Draft | $13,015.50 | Horwitz and Fussell |
| 8/17/98 | Draft | $5,403.95 | Quin and Hampson |
| 8/17/98 | Wire | $25,000 | Law Offices of Robert Eagan |
| 8/17/98 | Wire | $100,000 | Horwitz and Fussell |

| | | | |
|---|---|---|---|
| 8/17/98 | Wire | $100,000 | F. Lee Bailey |
| 8/26/98 | Wire | $25,000 | Law Offices of Robert Eagan |
| 8/26/98 | Wire | $100,000 | Mark L. Horwitz |
| 8/26/98 | Wire | $100,000 | Patricia S. Bailey |
| 9/17/98 | Wire | $150,000 | Patricia S. Bailey |
| 9/17/98 | Wire | $100,000 | Mark L. Horwitz |
| 9/18/98 | Wire | $200,000 | CIBC BAH, Ltd. (E. Dawson Roberts, Esq.) |
| 9/24/98 | Wire | $100,000 | Mark L. Horwitz |
| 10/7/98 | Draft | $3,429.98 | Quin and Hampson |
| 10/21/98 | Wire | $100,000 | Mark L. Horwitz |
| 10/21/98 | Wire | $150,000 | Patricia S. Bailey |

**TOTAL**                                         **$1,994,300.71**

On February 16, 1999, in response to the government's notice of forfeiture,

Bailey filed a third-party petition himself claiming title to the legal trust fund.  The Court

conducted a ten-day evidentiary hearing on October 18-29, 1999 on the conflicting

claims to the funds in the Cayman Island bank account.  On January 14, 2000, Judge

Glazebrook entered a Report and Recommendation finding for the government.  On

June 29, 2000, Judge Fawsett adopting much of the January 14, 2000 Report and

Recommendation, held that the United States had clear title to the Fund, pursuant to 21

U.S.C. §§ 853(c) and (n)(7).

## X.    CONCISE STATEMENT OF ISSUES OF LAW ON WHICH THERE IS AGREEMENT

1.     A defendant commits a conversion when he intentionally deprives the

plaintiff of property, whether the deprivation was permanent or for an indefinite time,

and when the plaintiff had a present or immediate right to possess the property, and the

deprivation of property is without the consent or authorization of the plaintiff.

2.     Under Florida law, a defendant commits theft if he knowingly obtains or

uses, or endeavors to obtain or use, the property of the plaintiff with the criminal intent to, either temporarily or permanently:

      a.      Deprive the plaintiff of a superior right to the property or a benefit from the property; or

      b.      Appropriate the property to his own use or the use of any person not entitled to the use of the property.

## XI.    CONCISE STATEMENT OF ISSUES OF FACT WHICH REMAIN TO BE LITIGATED

A.    <u>Plaintiff</u>

1.    Whether Defendant knew the Fund was subject to forfeiture.

2.    Whether Defendant knew the government intended to forfeit the Fund.

3.    Whether Defendant deprived the United States of rightful possession of the $2 million Fund, intentionally and without the government's permission, despite his knowledge that the United States was exercising its claim to the Fund through federal forfeiture proceedings.

4.    Whether the United States consented or authorized to Defendant's taking of its property.

5.    Whether Defendant knowingly obtained or used the government's property (the Fund) with the intent to, temporarily or permanently, deprive the government of its right to the property or appropriate the property to Defendant's own use or the use of any person not entitled to use of the property.

B.    Defendant

1.    Whether the facts, as alleged by the government, give rise to subject matter jurisdiction over Mr. Bailey in the claims as pled.

2.    Whether the government intentionally "lulled defense counsel into a sense of security" with respect to fees and expenses paid, and to be paid, from the "legal defense fund" in the Royal Bank of Canada, Georgetown, Cayman Islands, from May 10, 1997 through November 3, 1998.

3.    Whether Mr. Bailey, with the support of other defense counsel in the case, held the belief that the McCorkles would be acquitted on the mail fraud counts and, therefore, the money laundering counts.

4.    Whether Judge Fawsett indicated in the charge conference that she had some doubt as to whether the government's mail fraud charges were supported by the law and/or facts as pled.

5.    Whether the government planned to officially and wrongfully deny that it had represented to defense counsel, on several occasions, that it would not seek to recover their fees, only to later discover that there were many witnesses to such assurances.

6.    Whether the government prejudicially sought to recapture attorney's fees and costs from this Defendant while declining to seek the recapture of fees received by Robert Eagan, Esq., Lee Fugate, Esq., and Mark Horwitz, Esq.

7.    Whether the government, having learned that its case against Mark Horwitz, Esq. for recovery of fees was unsupported by both law and fact, made claim against him nonetheless to create a false impression of impartiality, knowing full well, as

24

it did so, that it could not and would not pursue Mr. Horwitz.

8.      Whether the government, by and through counsel, discussed and decided that it would bring a selectively impermissible lawsuit against this Defendant in violation of the Fourteenth Amendment protections against Equal Protection of the Law.

9.      Whether the government knowingly used false testimony in October, 1999 to wrongfully accuse this Defendant of attempting to sell tainted jewelry, as part and parcel of its ongoing attempt to recover monies to which it is not entitled.

10.     Whether the government's counsel in Orlando and in Washington, D.C., failed to protect its rights, if any, to the McCorkle's monies in the Cayman Islands by failing to comply with Cayman law.

11.     Whether the government. deliberately and knowing intended that defense counsel would rely on its statements and actions which indicated clearly that there would be no attempt to recapture fees paid to the defense for fear of exposing and, thus, jeopardizing its criminal case against the McCorkles.

12.     Whether the government, at a *Garcia* hearing held in May, 1998 before Judge Glazebrook, deliberately withheld its intent to recapture legal fees in order to avoid the conflict of interest such a plan would have caused or, whether in fact at the time of the hearing, the government had decided not to pursue the recapture of defense fees, and changed its mind after the verdicts were returned.

13.     Whether the government falsely represented to the District Court that Mr. Bailey was under criminal investigation in order to have him disqualified from representing William McCorkle in his appeal to the 11th Circuit Court of Appeals.

14.     Such other and further factual issues as may arise from the presentation of the government's case, not presently anticipated or foreseeable.

## XII.    CONCISE STATEMENT OF ISSUES OF LAW WHICH REMAIN FOR DETERMINATION BY THE COURT

1.     Whether Bailey is collaterally estopped from relitigating the facts of this case by virtue of the June 29, 2000 Order entered in *United States v. McCorkle*, Case No. 6:98-cr-52-Orl-19JGG.

2.     Whether, pursuant to the relation back provision of 21 U.S.C. § 853(c), once the June 29, 2000 order was entered, the United States had clear title to the Fund as of the date if the creation of the Fund and the subsequent disbursements.

3.     Whether this case is ripe for trial with the underlying proceedings still pending before the Eleventh Circuit Court of Appeals.

4.     Whether this Court has subject matter jurisdiction over this action.

## XIII.   CONCISE STATEMENT OF ANY DISAGREEMENT AS TO THE APPLICATION OF THE FEDERAL RULES OF EVIDENCE OR THE FEDERAL RULES OF CIVIL PROCEDURE

None.

## XIV.   LIST OF ALL MOTIONS OR OTHER MATTERS REQUIRING ACTION BY THE COURT
A.     Joint

Both parties reserve the right to modify or supplement this Joint Pretrial Statement in the event the trial date is continued.

B.     Plaintiff

The United States' Motion for Summary Judgment.

C.   <u>Defendant</u>

Defendant Bailey anticipates filing a motion for continuance in the event

the 11th Circuit fails to render a final decision as to the underlying

proceedings prior to trial and to challenge subject matter jurisdiction.

**XV.   SIGNATURES OF COUNSEL FOR ALL PARTIES**

PAUL I. PEREZ
United States Attorney

_____
Richard Lee Barrett, Esquire
Barrett, Chapman & Ruta
Florida Bar Number 0407161
18 Wall Street
Orlando, FL 32802
(407) 839-6227 - telephone
(407) 648-1190 - facsimile

By_____
      Anita M. Cream
Assistant United States Attorney
Florida Bar Number 56359
201 Federal Building
80 North Hughey Avenue
Orlando, Florida 32801
(407) 648-7500 - telephone
(407) 648-7643 - facsimile

_12/20/02_
Date

_12/20/02_
Date

27

**IV. A.  PLAINTIFF'S EXHIBIT LIST AND DEFENDANT'S OBJECTIONS**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,  __
       Government  X

v.                          Case No.  6:01-cv-875-Orl-22KRS

F. LEE BAILEY                  __  Evidentiary
                                X  Trial
                                __  Other

       Defendant  __

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| 1A | | | | Transcript of hearing held on 2/2/96 on Government's Emergency Motion to Surrender Property before the Honorable Maurice M. Paul, U. S. Chief District Judge (U. S. v. Duboc, Case no. 94-01009, U. S. District Court, Northern District of Florida, Gainesville Division) |
| 1B | | | | Transcript of Second Day of Hearing held on 2/3/96 on Government's Emergency Motion to Surrender Property (U. S. v. Duboc, Case no. 94-01009, U. S. District Court, Northern District of Florida, Gainesville Division) |
| 1C | | | | Order of Civil Contempt filed 2/3/96 (U. S. v. Duboc, Case no. 94-01009, U. S. District Court, Northern District of Florida, Gainesville Division) |
| 1D | | | | Order filed 10/23/97 (U. S. v. Duboc, Case no. 94-01009, U. S. District Court, Northern District of Florida, Gainesville Division) |
| 2 | | | | Memo from Bailey to Mark Gauthier, dated 09/17/96 |
| 3 | | | | Motion for Temporary Injunction (Filed 11/04/96 in McCorkle v. Office of the Attorney General, Case no. CI 96-6619, in the Circuit Court, Ninth Judicial Circuit, Orange County, Florida) |

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | **EXHIBIT LIST** | |
| 4 | | | | Memo from Bailey to Lisa Young, dated 11/05/96 |
| 5A | | | | Letter from AA to Bailey re: William J. McCorkle's individual tax issues, dated 12/23/96 |
| 5B | | | | Letter from AA to Bailey re; William J. McCorkle's Entities, dated 12/23/96 |
| 6 | | | | Notice of RICO lien against real property at 5101 Edgewater Drive, Orlando, Florida (Filed 05/08/97 in McCorkle v. Office of the Attorney General, Case no. CI 96-6619 in the Circuit Court, Ninth Judicial Circuit, Orange County, Florida) |
| 7 | | | | Seizure Warrant as to All Accounts in the names of William McCorkle, et al., at Charter Pacific Bank, etc. (No. 97-2066-18, issued 05/08/97) |
| 8 | | | | Letter from Bailey to Quin, dated 05/09/97 |
| 9 | | | | Letter from Bailey to Quin, dated 05/11/97 |
| 10A | | | | Letter # 1 from Bailey to Quin, dated 05/12/97 |
| 10B | | | | Letter # 2 from Bailey to Quin re: transfer of funds from account, dated 05/12/97 |
| 11A | | | | Letter# 1 from Quin to Royal Bank, dated 05/12/97 |
| 11B | | | | Letter # 2 from Quin to Royal Bank, dated 05/12/97 |
| 12 | | | | Letter from Quin to Cayman Authority, dated 05/12/97 |
| 13 | | | | Letter from Lisa Agard to Quin, dated 05/13/97 |
| 14 | | | | Letter from Bailey to Quin with amounts, dated 05/13/97 |
| 15 | | | | Letter from Bailey to IRS, dated 05/15/97 |
| 16A | | | | Emergency Motion for an Immediate Adversarial Hearing and for Return of Seized Property and Documents with Exhibits A -- N and Memorandum of Law (Nos. 97-2066-05 thru 13, 97-2066-15 thru 17, 97-2066-19 thru 26 in Misc-Os-97-46-22, 05/16/97) |

## EXHIBIT LIST - Continuation Sheet

| | | | | EXHIBIT LIST | |
|---|---|---|---|---|---|
| **Exhibit Number** | **Date Identified** | **Date Admitted** | **Witness** | | **Description** |
| 16B | | | | | Emergency Motion for an Immediate Adversarial Hearing and for Return of Seized Property and Documents and Memorandum of Law without exhibits (Nos. 97-2066-14, 18, 28, 29 and 30 in Misc-Os-97-46-22, 05/16/97) |
| 16C | | | | | Emergency Motion for an Immediate Adversarial Hearing and for Return of Seized Property and Documents and Memorandum of Law without exhibits (Nos. 97-2066-27 and 32 in Misc-Os-97-46-22, 05/16/97) |
| 17 | | | | | Letter from Royal Bank to Quin, dated 05/16/97 |
| 18 | | | | | MLAT: Request for Assistance in the Prosecution and Investigation of William J. McCorkle to the Central Authority of the Cayman Island, sent 5/20/97 |
| 19 | | | | | Order (Grand Court of Cayman Islands, Cause no. 315 of 1997, filed 5/21/97) |
| 20 | | | | | Letter from Quin to Royal Bank, dated 05/22/97 |
| 21 | | | | | Letter from Lisa Agard to Quin, dated 05/26/97 |
| 22 | | | | | Transcript of Hearing on Rule 41 Motion held on 5/28/97 before Judge Baker (Misc-Os-97-46-22, 05/28/97) |
| 23 | | | | | Verified Complaint for Forfeiture in rem (97-682-Civ-Orl-19B, Dkt. no. 1, 05/28/97) |
| 24A | | | | | Letter from Bailey to Quin, dated 06/05/97 |
| 24B | | | | | Letter from McCorkle to Quin, dated 06/05/97 |
| 25 | | | | | Summons filed by Quin & Hampson (Grand Court of Cayman Islands, Cause no. 315 of 1997, filed 06/27/97) |
| 26 | | | | | Affidavit of William J. McCorkle (Grand Court of Cayman Islands, Cause no. 315 of 1997, filed 07/07/97) |

Case Number:       6:01-cv-875-Orl-22KRS

## EXHIBIT LIST - Continuation Sheet

| | | | | |
|---|---|---|---|---|
| **EXHIBIT LIST** | | | | |
| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
| 27 | | | | Notice of Service of Notice of Designation to Bailey, Horwitz, and Eagan (97-682-Civ-Orl-19B, Dkt. no. 16, 07/29/97) |
| 28 | | | | Memorandum Opinion & Order by Judge Baker (Misc-Os-97-46-22, filed 08/04/97) |
| 29 | | | | Letter from Hampson to Lisa Agard, dated 09/11/97 |
| 30 | | | | Order by Judge Conway – Affirmation of and Judge Baker's Memorandum Opinion and Order (Misc-Os-97-46-22, filed 09/24/97) |
| 31A | | | | Ruling by Judge Harre (Grand Court of Cayman Islands, Cause no. 315 of 1997, filed 10/03/97) |
| 31B | | | | Order re: restraint on remaining funds in account (Grand Court of Cayman Islands, Cause no. 315 of 1997, filed 10/03/97) |
| 32 | | | | Amended Verified Complaint for Forfeiture in rem (97-682-Civ-Ori-19B, Dkt. no. 17, 10/31/97) |
| 33 | | | | Letter from Bailey to Kevin Berry, Esquire, dated 11/26/97 |
| 34 | | | | 3rd Affidavit of Chantal McCorkle (Grand Court of Cayman Islands, Cause no. 315 of 1997, filed 12/10/97) |
| 35A | | | | Letter #1 from Bailey to Quin, dated 12/20/97 |
| 35B | | | | Letter #2 from Bailey to Quin, dated 12/20/97 |
| 36 | | | | Verified Claim by F. Lee Bailey to Quin & Hampson Trust Account for William J. and Chantal McCorkle Legal Fund at Royal Bank of Canada Contained in the Amended Verified Complaint for Forfeiture in rem (97-682-Civ-Orl-19B, Dkt. no. 20, 12/29/97) |

Case Number:        6:01-cv-875-Orl-22KRS                    Page 5 of 16 Pages

## EXHIBIT LIST - Continuation Sheet

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | EXHIBIT LIST | | |
| 37A | | | | Indictment as to William J. McCorkle (98-52-Cr-OH-19C, Dkt. no. 1, 3/5/98) |
| 37B | | | | Bill of Particulars (98-52-Cr-Orl-19C, Dkt. no. 48, 3/11/98) |
| 38 | | | | Transcript of Bond Hearing held on 3/10/98 before Magistrate Judge Glazebrook (98-52-Cr-Orl-19C, Dkt. no. 47, 3/11/98) |
| 39 | | | | Transcript of Continued Bond Hearing held on 3/11/98 (98-52-Cr-Orl-19C, Dkt. no. 80, 3/19/98) |
| 40 | | | | Transcript of Continued Bond Hearing held on 3/12/98 (98-52-Cr-Orl-19C, Dkt. no. 81, 3/19/98) |
| 41 | | | | Superseding Indictment (98-52-Cr-Orl-19C, Dkt. no. 76, 3/19/98) |
| 42 | | | | Verified Claims by William J. McCorkle to All Accounts Contained in the Amended Verified Complaint for Forfeiture in rem (97-682-Civ-0ri-19B, Dkt. no. 41, 03/20/98) |
| 43 | | | | Verified Claim by F. Lee Bailey to all Account Contained in the Amended Verified Complaint for Forfeiture in rem, (97-682-Civ-Orl-198, Dkt. no. 44, 03/20/98) |
| 44 | | | | Amended Bill of Particulars (98-52-Cr-Orl-19C, Dkt. no, 107, 03/24/98) |
| 45 | | | | Order by Judge Fawsett (97-682-Civ-Orl-198, Dkt. no. 51, 04/22/98) |
| 46 | | | | Second Amended Verified Complaint for forfeiture in rem (97-682-Civ-Orl-19B, Dkt. no. 54, 04/27/98) |
| 47 | | | | Transcript of Deposition of F. Lee Bailey on 7/8/98 (97-682-Civ-Orl-19B, Dkt. no. 68, 08/03/98) |
| 48 | | | | Letter from De Marco to Horwitz, Bailey and Eagan, dated 7/30/98 |

Case Number:        6:01-cv-875-Orl-22KRS                              Page 6 of 16 Pages

## EXHIBIT LIST - Continuation Sheet

| | | | | | EXHIBIT LIST |
|---|---|---|---|---|---|
| **Exhibit Number** | **Date Identified** | **Date Admitted** | | **Witness** | **Description** |
| 49 | | | | | Letter from De Marco to Horwitz, dated 08/05/98 |
| 50 | | | | | Plaintiffs Motion for Summary Judgment and Statement of Undisputed Facts (97-682-Civ-Orl-l 9B, Dkt. no. 64, 08/03/98) |
| 51 | | | | | Plaintiff's Response to Court's Order of December 11, 1998 for a Written Statement of Position (97-682-Civ-0ri-19B, Dkt. no. 102,12/21/98) |
| 52 | | | | | Plaintiffs Statement of Position Regarding Viability of Civil Actions (97-682-Civ-0ri-19B, Dkt. no. 115, 4/21/99) |
| 53 | | | | | Motion by F. Lee Bailey for Reconsideration of Motion for Sanctions/Motion to Recuse, etc. (98-52-Cr-Orl-1 9C, Dkt. no. 252, 08/07/98) |
| 54 | | | | | Second Amended Bill of Particulars (98-52-Cr-Orl-19C, Dkt. no. 259, 8/18/98) |
| 55 | | | | | Answer to Second Amended Verified Complaint by Claimant F. Lee Bailey (97-683-Civ-Orl-19B, Dkt. no.73, 08/19/98) |
| 56 | | | | | Claimant F. Lee B ailey's Response to Government's First Set of Interrogatories (97-682-Civ-Orl-19B, Discovery, 08/19/98) |
| 57 | | | | | Response by F. Lee Bailey to Production Request (97-682-Civ-0ri-19B, Discovery, 08/19/98) |
| 58 | | | | | Letter from Robert Rogers, Esquire to De Marco, dated 8/20/98 |
| 59 | | | | | Third Amended Bill of Particulars (98-52-Cr-Orl-19C, Dkt. no. 317, 09/17/98) |
| 60A | | | | | Transcript of Testimony of Mark Gauthier held on 10/07/98 before Judge Fawsett (98-52-Cr-Orl-19C, Dkt. no. 627, 04/08/99) |

Case Number:          6:01-cv-875-Orl-22KRS

## EXHIBIT LIST - Continuation Sheet

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | **EXHIBIT LIST** | |
| 60B | | | | Transcript of Continuation of Testimony of Mark Gauthier held on 10/8/98 before Judge Fawsett (98-52-Cr-OH-19C, Dkt. no. 628, 04/08/99) |
| 61 | | | | Verdict for Chantal McCorkle (98-52-Cr-Orl-19C, Dkt. no. 393, 11/04/98) |
| 62 | | | | Special Verdict of Forfeiture (98-52-Cr-Orl-19C, Dkt. no. 412, 11/05/98) |
| 63 | | | | Letter from Bailey to Quin, dated 11/29/98 |
| 64 | | | | Transcript of Status Hearing held on 12/11/98 before Judge Baker (97-682-Civ-Orl-19B, Dkt. no.101, 12/16/98) |
| 65 | | | | Preliminary Order of Forfeiture (98-52-Cr-Orl-19C, Dkt. no. 453, 12/16/98) |
| 66 | | | | USM 285 Receipt -- Seizure order to Bailey re: $2 million. Issued on 12/18/98; served on Bailey on 01/15/99; and returned unexecuted. (97-682-Civ-0ri-19B, Dkt. no. 551, filed on 2/5/99) |
| 67 | | | | Response by Claimants Chantal McCorkle, William J. McCorkle and F. Lee Bailey to Court's Order of December 11, 1998 (97-682-Civ-Orl-19B, Dkt. no.103, 01/04/99) |
| 68 | | | | Letter # 1 from Quin to Cayman Authority, dated 01/18/99 |
| 69 | | | | Letter # 2 from Quin to Cayman Authority, dated 01/18/99 |
| 70 | | | | Letter# 1 from Quin to Cayman Authority, dated 02/02/99 |
| 71 | | | | Letter # 2 from Quin to Cayman Authority, dated 02/02/99 |
| 72 | | | | Amended Preliminary Order of Forfeiture (98-52-Cr-Orl-19C, Dkt. no. 552, 02/08/99) |

## EXHIBIT LIST - Continuation Sheet

| | | | | EXHIBIT LIST | |
|---|---|---|---|---|---|
| Exhibit Number | Date Identified | Date Admitted | Witness | Description | |
| 73 | | | | Response of Claimant F. Lee Bailey (97-682-Civ-Orl-19B, Dkt. no.106, 2/10/99) | |
| 74 | | | | Petition by Bailey in Response to Notice of Forfeiture and Motion for Clarification (98-52-Cr-Orl-19C, Dkt. no. 563, 02/12/99) | |
| 75 | | | | United States' Application for Discovery in Criminal Ancillary Proceedings Pursuant to 21 U.S.C. § 853(m) (98-52-Cr-Orl-19C, Dkt. no. 574, 02/22/99) | |
| 76 | | | | Order by Judge Glazebrook re: Bailey's Petition in response to notice of forfeiture and motion for clarification (98-52-Cr-Orl-19C, Dkt. no. 575, 02/24/99) | |
| 77 | | | | Motion for an Order to S how Cause Re: Bailey (98-52-Cr-Orl-19C, Dkt. no. 589, 03/05/99) | |
| 78 | | | | Order re: U. S.'Application for Discovery in Criminal Ancillary Proceedings, etc. (98-52-Cr-Orl-19C, filed 3/16/99) | |
| 79 | | | | Motion by Bailey for Reconsideration of the Order granting the U. S. application for discovery in criminal ancillary proceedings pursuant to 21 U.S.C. § 853(m) (98-52-Cr-OH-1 9C, Dkt. no. 606, 03/25/99) | |
| 80 | | | | Order of Referral by Judge Fawsett (98-52-Cr-Orl-19C, Dkt. no. 608, 03/26/99) | |
| 81 | | | | Order to Show Cause by Judge Glazebrook (98-52-Cr-Orl-19C, Dkt. no. 614, 03/30/99) | |
| 82 | | | | Letter from Leventhal to Bailey, dated 04/05/99 | |
| 83 | | | | Request for Authorization to forfeit attorney's fees paid by McCorkle to Bailey, dated 04/07/99 | |
| 84 | | | | Letter# 1 from Bailey to De Marco, dated 04/09/99 | |

Case Number:      6:01-cv-875-Orl-22KRS

## EXHIBIT LIST - Continuation Sheet

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| 85 | | | | Letter from De Marco to Bailey, dated 04/09/99 |
| 86 | | | | Letter# 2 from Bailey to De Marco, dated 04/09/99 |
| 87 | | | | Objections by F. Lee Bailey to this Court's Order of March 25, 1999 and Motion to Recuse (98-52-Cr-Orl-19C, Dkt. no. 631, 04/12/99) |
| 88 | | | | Letter from Bailey to De Marco, dated 04/12/99 |
| 89 | | | | Letter from De Marco to Bailey, dated 04/13/99 |
| 90 | | | | Motion by F. Lee Bailey for a Protective Order (98-52-Cr-Orl-19C, Dkt. no. 641, 04/15/99) |
| 91 | | | | Objections by F. Lee Bailey to Denial of Protective Order (98-52-Cr-Orl-19C, Dkt. no. 652, 04/21/99) |
| 92 | | | | Order by Judge Fawsett on Exhibit 91 (98-52-Cr-Orl-19C, Dkt. no. 662, 04/22/99) |
| 93 | | | | Government's Response to Objections to Denial of Protective Order (98-52-Cr-Orl-19C, Dkt. no. 663, 04/23/99) |
| 94 | | | | U. S.' Response to Objections to the Order of March 25, 1999 and Motion to Recuse (98-52-Cr-Orl-19C, Dkt. no. 664, 04/23/99) |
| 95 | | | | Government's Petition to Adjudicate Claimant, F. Lee Bailey, in Civil Contempt of Court for his Failure to Comply with the Court's Show Cause Order of March 30, 1999 (98-52-Cr-Orl-1 9C, Dkt. no. 673, 05/05/99) |
| 96 | | | | Orlando Sentinel News Article of 4/27/99 |
| 97 | | | | Transcript of Deposition of F, Lee Bailev taken on 4/27/96 and government exhibits (98-52-Cr-Orl-19C, Discovery) |

## EXHIBIT LIST - Continuation Sheet

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | EXHIBIT LIST | |
| 98 | | | | Order to Show Cause by Judge Glazebrook (98-52-Cr-Orl-19C, Dkt. no. 675, 05/11/99) |
| 99 | | | | Response by F. Lee Bailey to Petition of May 5, 1999, Docketed May 6, 1999 to Adjudicate Claimant in Civil Contempt (98-52-Cr-Orl-19C, Dkt. no. 679, 05/18/99) |
| 100 | | | | Response and Objection by F. Lee Bailey to Magistrate Judge's Order of May 11, 1999 (98-52-Cr-Orl-19C, Dkt. no. 680, 05/18/99) |
| 101 | | | | Chart of Transfers from Legal Trust Fund |
| 102 | | | | Transfer's from Legal Trust Fund (Composite Exhibit) |
| 103 | | | | 1996 Individual Tax Return of F. Lee Bailey |
| 104 | | | | 1997 Individual Tax Return of F. Lee Bailey |
| 105 | | | | Letter from De Marco to Bailey, dated 6/11/97 |
| 106 | | | | Assignment with attached Escrow Agreement, 03/30/98 |
| 107 | | | | Testimony of Jose A. Esquivel in Ancillary Proceeding held on 6/10/97 (Case no. 97-M-2066) |
| 108 | | | | Deposition of William J. McCorkle held on July 6, 1998 |
| 108A | | | | Excerpt of Exhibit 108 -- Deposition of William McCorkle held on July 6, 1998 |
| 109 | | | | Letter from De Marco to Bailey, dated 5/19/99 |
| 110 | | | | Letter from Bailey to De Marco, dated 5/26/99 |
| 111 | | | | Letter from De Marco to Bailey, dated 6/8/99 |
| 112 | | | | Letter from Bailey to De Marco, dated 6/15/99 |

## EXHIBIT LIST - Continuation Sheet

| | | | | EXHIBIT LIST | |
|---|---|---|---|---|---|
| Exhibit Number | Date Identified | Date Admitted | | Witness | Description |
| 113 | | | | | Government's Motion to Compel (98-52-Cr-Orl-19C, Dkt. no. 698, 6/15/99) |
| 114 | | | | | William J. McCorkle's Response to Motion to Compel (98-52-Cr-Orl-19C, Dkt. no. 701, 6/23/99) |
| 115 | | | | | Sealed Order and Notice of In Camera Hearing (98-52-Cr-Orl-19C, S-18, 7/2/99) |
| 116 | | | | | Motion by F. Lee Bailey for Continuance (98-52-Cr-Orl-19C, Dkt. no. 741, 8/13/99) |
| 117 | | | | | Order denied Motion for Continuance (98-52-Cr-Orl-19C, Dkt. no. 743, 8/13/99) |
| 118 | | | | | Response by F. Lee Bailey to Objection to Motion for Continuance (98-52-Cr-Orl-l 9C, Dkt. no. 746, 8/17/99) |
| 119 | | | | | Emergency Motion by F. Lee Bailey for Continuance (98-52-Cr-Orl-19C, Received by Plaintiff on 8/17/99) |
| 120 | | | | | Motion by F. Lee Bailey for Reconsideration of Motion to Continue on Additional Grounds (98-52-Cr-Orl-19C, Received by Plaintiff on 8/18/99) |
| 121 | | | | | Government's Request for Production of Documents to Claimant F. Lee Bailey (98-52-Cr-Orl-19C, Discovery) |
| 122 | | | | | Response by F. Lee Bailey to Request to Produce (98-52-Cr-Orl-19C, Dkt. no. 745, filed on 8/16/99) |
| 123 | | | | | Transfers from Patricia Bailey to F. Lee Bailey; Transfers from Caymans to Patricia Bailey; and Transfers from F. Lee Bailey to Patricia Bailey |
| 124 | | | | | McCorkle Income from Legal Trust Fund Less McCorkle Expenses |
| 125 | | | | | Timeline: Florida Civil Litigation |
| 126 | | | | | Timeline: Bailey Involvement |

## EXHIBIT LIST - Continuation Sheet

| | | | | |
|---|---|---|---|---|
| **EXHIBIT LIST** | | | | |
| **Exhibit Number** | **Date Identified** | **Date Admitted** | **Witness** | **Description** |
| 127 | | | | Excerpt of Transcript of Proceedings held on June 9, 1997 in Re: Grand Jury Sealed Matter, Case No. 97-M-2066, pages 215 through 264 |
| 128 | | | | Excerpt of Transcript of Proceedings held on July 15, 1997 in Re: The Matter of the Search of the Accounts of William J. McCorkle, Case no. MISC-OS-97-46-22, pages 118 through 159 |
| 129 | | | | Original MLAT Response |
| 130 | | | | Letter from Lindsley |
| 131 | | | | Kentucky A. G. Material |
| 132 | | | | Cayman Appellate Decision |
| 133 | | | | Excerpt from Bailey Book |
| 134 | | | | Trial Court Opinion |
| 135 | | | | Letter from B. K. Ferris to AUSA Marie De Marco, dated 10/22/99, with Certification of Lack of Record in re: F. Lee Bailey |
| 136 | | | | Verified Claim of William J. McCorkle dated March 20, 1998 |
| 137 | | | | Testimony of Daniel Skouras from Hearing held on June 10, 1997 in re: Grand Jury Sealed Matter, Case No. 97-M-2066 |
| 138 | | | | Charter Pacific Application |
| 139 | | | | Video |
| 140 | | | | Boot Camp |
| 141 | | | | Affidavit of McKenna |
| 142 | | | | Article of Incorporation in re: National Media |
| 143 | | | | Certificate of Incorporation in re: National Media |
| 144 | | | | Wire Transfer for National Media |

Case Number:      6:01-cv-875-Orl-22KRS                        Page 13 of 16 Pages

## EXHIBIT LIST - Continuation Sheet

| | | | EXHIBIT LIST | |
|---|---|---|---|---|
| **Exhibit Number** | **Date Identified** | **Date Admitted** | **Witness** | **Description** |
| 145 | | | | Florida Comprehensive Report |
| 146 | | | | Mortgage deed 4/11/00 for Lot 12 Point Manalapan Plat No. 1 |
| 147 | | | | Joint Stipulations filed by US and F. Lee Bailey (98-52-Cr-Orl-19C, Dkt. no. 788, 10/18/99) |
| 148 | | | | Claimant's Proposed Findings of Fact and Conclusions of Law (98-52-Cr-Orl-19C, Dkt. no. 833, 11/22/99) |
| 149 | | | | Transcript of Ancillary Hearing Proceedings, (98-52-Cr-Orl-19C, Dkt. no. 822, 10/18-29/99) |
| 150 | | | | Order of Civil Contempt (98-52-Cr-Orl-19C, Dkt. no. 931, 09/14/00) |
| 151 | | | | Report and Recommendation by Magistrate Judge Glazebrook Certifying Contempt, (98-52-Cr-Orl-19C, Dkt. no. 856, 1/14/00) |
| 152 | | | | Order denying Bailey's Petition, (98-52-Cr-Orl-19C, Dkt. no. 891, 06/29/00) |
| 153 | | | | Letter from Anita Cream to F. Lee Bailey, dated 11/20/00 |
| 154 | | | | Opinion of Florida Bar Referee |
| 155 | | | | Florida Supreme Court Opinion re: disbarment of F. Lee Bailey |
| 156 | | | | U.S. Supreme Court Opinion re: disbarment of F. Lee Bailey |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,  __
       Government  <u>X</u>

v.                                  Case No.  6:01-cv-875-Orl-22KRS

F. LEE BAILEY                    __  Evidentiary
                                   <u>X</u>  Trial
       Defendant  __               __  Other

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | OBJECTION: RULES 401-404. 801-803 | Transcript of hearing held on 2/2/96 on Government's Emergency Motion to Surrender Properly before the Honorable Maurice M. Paul, U. S. Chief District Judge (U. S. v. Duboc, Case no. 94-01009, U. S. District Court, Northern District of Florida, Gainesville Division) |
| | | | OBJECTION: RULES 401-404. 801-803 | Transcript of Second Day of Hearing held on 2/3/96 on Government's Emergency Motion to Surrender Property (U. S. v. Duboc, Case no. 94-01009, U. S. District Court, Northern District of Florida, Gainesville Division) |
| | | | OBJECTION: RULES 401-404. 801-803 | Order of Civil Contempt filed 2/3/96 (U. S. v. Duboc, Case no. 94-01009, U. S. District Court, Northern District of Florida, Gainesville Division) |
| | | | OBJECTION: RULES 401-404. 801-803 | Order filed 10/23/97 (U. S. v. Duboc, Case no. 94-01009, U. S.  District Court, Northern District of Florida, Gainesville Division) |

| | | | EXHIBIT LIST | |
|---|---|---|---|---|
| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
| | | | OBJECTION: RULES 801-803 | Memo from Bailey to Mark Gauthier, dated 09/17/96 |
| | | | OBJECTION: RULES 401-404. 801-803 | Motion for Temporary Injunction (Filed 11/04/96 in McCorkle v. Office of the Attorney General, Case no. CI 96-6619, in the Circuit Court, Ninth Judicial Circuit, Orange County, Florida) |
| | | | NO OBJECTION | Memo from Bailey to Lisa Young, dated 11/05/96 |
| | | | OBJECTION: RULES 401-403. 801-803 | Letter from AA to Bailey re: William J. McCorkle's individual tax issues, dated 12/23/96 |
| | | | OBJECTION: RULES 401-403. 801-803 | Letter from AA to Bailey re; William J. McCorkle's Entities, dated 12/23/96 |
| | | | NO OBJECTION | Notice of RICO lien against real property at 5101 Edgewater Drive, Orlando, Florida (Filed 05/08/97 in McCorkle v. Office of the Attorney General, Case no. CI 96-6619 in the Circuit Court, Ninth Judicial Circuit, Orange County, Florida) |
| | | | NO OBJECTION | Seizure Warrant as to All Accounts in the names of William McCorkle, et al., at Charter Pacific Bank, etc. (No. 97-2066-18, issued 05/08/97) |
| | | | NO OBJECTION | Letter from Bailey to Quin, dated 05/09/97 |
| | | | NO OBJECTION | Letter from Bailey to Quin, dated 05/11/97 |
| | | | NO OBJECTION | Letter # 1 from Bailey to Quin, dated 05/12/97 |
| | | | NO OBJECTION | Letter # 2 from Bailey to Quin re: transfer of funds from account, dated 05/12/97 |

**EXHIBIT LIST - Continuation Sheet**

| | | | EXHIBIT LIST | |
|---|---|---|---|---|
| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
| | | | NO OBJECTION | Letter# 1 from Quin to Royal Bank, dated 05/12/97 |
| | | | NO OBJECTION | Letter # 2 from Quin to Royal Bank, dated 05/12/97 |
| | | | NO OBJECTION | Letter from Quin to Cayman Authority, dated 05/12/97 |
| | | | NO OBJECTION | Letter from Lisa Agard to Quin, dated 05/13/97 |
| | | | NO OBJECTION | Letter from Bailey to Quin with amounts, dated 05/13/97 |
| | | | NO OBJECTION | Letter from Bailey to IRS, dated 05/15/97 |
| | | | NO OBJECTION | Emergency Motion for an Immediate Adversarial Hearing and for Return of Seized Property and Documents with Exhibits A -- N and Memorandum of Law (Nos. 97-2066-05 thru 13, 97-2066-15 thru 17, 97-2066-19 thru 26 in Misc-Os-97-46-22, 05/16/97) |
| | | | NO OBJECTION | Emergency Motion for an Immediate Adversarial Hearing and for Return of Seized Property and Documents and Memorandum of Law without exhibits (Nos. 97-2066-14, 18, 28, 29 and 30 in Misc-Os-97-46-22, 05/16/97) |
| | | | NO OBJECTION | Emergency Motion for an Immediate Adversarial Hearing and for Return of Seized Property and Documents and Memorandum of Law without exhibits (Nos. 97-2066-27 and 32 in Misc-Os-97-46-22, 05/16/97) |
| | | | NO OBJECTION | Letter from Royal Bank to Quin, dated 05/16/97 |

Case Number:        6:01-cv-875-Orl-22KRS                           Page 4 of 22 Pages

## EXHIBIT LIST - Continuation Sheet

| | | | EXHIBIT LIST | |
|---|---|---|---|---|
| **Exhibit Number** | **Date Identified** | **Date Admitted** | **Witness** | **Description** |
| | | | NO OBJECTION | MLAT: Request for Assistance in the Prosecution and Investigation of William J. McCorkle to the Central Authority of the Cayman Island, sent 5/20/97 |
| | | | NO OBJECTION | Order (Grand Court of Cayman Islands, Cause no. 315 of 1997, filed 5/21/97) |
| | | | NO OBJECTION | Letter from Quin to Royal Bank, dated 05/22/97 |
| | | | NO OBJECTION | Letter from Lisa Agard to Quin, dated 05/26/97 |
| | | | OBJECTION: RULES 401-404. | Transcript of Hearing on Rule 41 Motion held on 5/28/97 before Judge Baker (Misc-Os-97-46-22, 05/28/97) |
| | | | NO OBJECTION | Verified Complaint for Forfeiture in rem (97-682-Civ-Orl-19B, Dkt. no. 1, 05/28/97) |
| | | | NO OBJECTION | Letter from Bailey to Quin, dated 06/05/97 |
| | | | NO OBJECTION | Letter from McCorkle to Quin, dated 06/05/97 |
| | | | NO OBJECTION | Summons filed by Quin & Hampson (Grand Court of Cayman Islands, Cause no. 315 of 1997, filed 06/27/97) |
| | | | NO OBJECTION | Affidavit of William J. McCorkle (Grand Court of Cayman Islands, Cause no. 315 of 1997, filed 07/07/97) |

Case Number:        6:01-cv-875-Orl-22KRS

## EXHIBIT LIST - Continuation Sheet

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | NO OBJECTION | Notice of Service of Notice of Designation to Bailey, Horwitz, and Eagan (97-682-Civ-Orl-19B, Dkt. no. 16, 07/29/97) |
| | | | NO OBJECTION | Memorandum Opinion & Order by Judge Baker (Misc-Os-97-46-22, filed 08/04/97) |
| | | | NO OBJECTION | Letter from Hampson to Lisa Agard, dated 09/11/97 |
| | | | NO OBJECTION | Order by Judge Conway – Affirmation of and Judge Baker's Memorandum Opinion and Order (Misc-Os-97-46-22, filed 09/24/97) |
| | | | NO OBJECTION | Ruling by Judge Harre (Grand Court of Cayman Islands, Cause no. 315 of 1997, filed 10/03/97) |
| | | | NO OBJECTION | Order re: restraint on remaining funds in account (Grand Court of Cayman Islands, Cause no. 315 of 1997, filed 10/03/97) |
| | | | NO OBJECTION | Amended Verified Complaint for Forfeiture in rem (97-682-Civ-0ri-19B, Dkt. no. 17, 10/31/97) |
| | | | OBJECTION: RULES 401-403. 801-803 | Letter from Bailey to Kevin Berry, Esquire, dated 11/26/97 |
| | | | NO OBJECTION | 3rd Affidavit of Chantal McCorkle (Grand Court of Cayman Islands, Cause no. 315 of 1997, filed 12/10/97) |
| | | | NO OBJECTION | Letter #1 from Bailey to Quin, dated 12/20/97 |

Case Number:         6:01-cv-875-Orl-22KRS                           Page 6 of 22 Pages

## EXHIBIT LIST - Continuation Sheet

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | NO OBJECTION | Letter #2 from Bailey to Quin, dated 12/20/97 |
| | | | NO OBJECTION | Verified Claim by F. Lee Bailey to Quin & Hampson Trust Account for William J. and Chantal McCorkle Legal Fund at Royal Bank of Canada Contained in the Amended Verified Complaint for Forfeiture in rem (97-682-Civ-Orl-19B, Dkt. no. 20,12/29/97) |
| | | | NO OBJECTION | Indictment as to William J. McCorkle (98-52-Cr-OH-19C, Dkt. no. 1, 3/5/98) |
| | | | NO OBJECTION | Bill of Particulars (98-52-Cr-Orl-19C, Dkt. no. 48, 3/11/98) |
| | | | NO OBJECTION | Transcript of Bond Hearing held on 3/10/98 before Magistrate Judge Glazebrook   (98-52-Cr-Orl-19C, Dkt. no. 47, 3/11/98) |
| | | | NO OBJECTION | Transcript of Continued Bond Hearing held on 3/11/98 (98-52-Cr-Orl-19C, Dkt. no. 80, 3/19/98) |
| | | | NO OBJECTION | Transcript of Continued Bond Hearing held on 3/12/98 (98-52-Cr-Orl-19C, Dkt. no. 81, 3/19/98) |
| | | | NO OBJECTION | Superseding Indictment (98-52-Cr-Orl-19C, Dkt. no. 76, 3/19/98) |

## EXHIBIT LIST - Continuation Sheet

| | | | EXHIBIT LIST | |
|---|---|---|---|---|
| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
| | | | NO OBJECTION | Verified Claims by William J. McCorkle to All Accounts Contained in the Amended Verified Complaint for Forfeiture in rem (97-682-Civ-0ri-19B, Dkt. no. 41, 03/20/98) |
| | | | NO OBJECTION | Verified Claim by F. Lee Bailey to all Account Contained in the Amended Verified Complaint for Forfeiture in rem, (97-682-Civ-Orl-198, Dkt. no. 44, 03/20/98) |
| | | | NO OBJECTION | Amended Bill of Particulars (98-52-Cr-Orl-19C, Dkt. no, 107, 03/24/98) |
| | | | NO OBJECTION | Order by Judge Fawsett (97-682-Civ-Orl-198, Dkt. no. 51, 04/22/98) |
| | | | NO OBJECTION | Second Amended Verified Complaint for forfeiture in rem (97-682-Civ-Orl-19B, Dkt. no. 54, 04/27/98) |
| | | | NO OBJECTION | Transcript of Deposition of F. Lee Bailey on 7/8/98 (97-682-Civ-Orl-19B, Dkt. no. 68, 08/03/98) |
| | | | OBJECTION: RULES 401-403: 801-803 | Letter from De Marco to Horwitz, Bailey and Eagan, dated 7/30/98 |
| | | | OBJECTION: RULES 401-403. 801-803 | Letter from De Marco to Horwitz, dated 08/05/98 |

## EXHIBIT LIST - Continuation Sheet

| | | | EXHIBIT LIST | |
|---|---|---|---|---|
| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
| | | | NO OBJECTION | Plaintiffs Motion for Summary Judgment and Statement of Undisputed Facts (97-682-Civ-Orl-I 9B, Dkt. no. 64, 08/03/98) |
| | | | NO OBJECTION | Plaintiff's Response to Court's Order of December 11, 1998 for a Written Statement of Position (97-682-Civ-0ri-19B, Dkt. no. 102,12/21/98) |
| | | | NO OBJECTION | Plaintiffs Statement of Position Regarding Viability of Civil Actions (97-682-Civ-0ri-19B, Dkt. no. 115, 4/21/99) |
| | | | OBJECTION: RULES 401-404. 801-803 | Motion by F. Lee Bailey for Reconsideration of Motion for Sanctions/Motion to Recuse, etc. (98-52-Cr-Orl-I 9C, Dkt. no. 252, 08/07/98) |
| | | | NO OBJECTION | Second Amended Bill of Particulars (98-52-Cr-Orl-19C, Dkt. no. 259, 8/18/98) |
| | | | NO OBJECTION | Answer to Second Amended Verified Complaint by Claimant F. Lee Bailey (97-683-Civ-Orl-19B, Dkt. no.73, 08/19/98) |
| | | | NO OBJECTION | Claimant F. Lee Bailey's Response to Government's First Set of Interrogatories (97-682-Civ-Orl-19B, Discovery, 08/19/98) |
| | | | NO OBJECTION | Response by F. Lee Bailey to Production Request (97-682-Civ-0ri-19B, Discovery, 08/19/98) |

Case Number:        6:01-cv-875-Orl-22KRS

## EXHIBIT LIST - Continuation Sheet

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | OBJECTION: RULES 401-403. 801-803 | Letter from Robert Rogers, Esquire to De Marco, dated 8/20/98 |
| | | | NO OBJECTION | Third Amended Bill of Particulars (98-52-Cr-Orl-19C, Dkt. no. 317, 09/17/98) |
| | | | OBJECTION: RULES 401-403. 801-803 | Transcript of Testimony of Mark Gauthier held on 10/07/98 before Judge Fawsett (98-52-Cr-Orl-19C, Dkt. no. 627, 04/08/99) |
| | | | OBJECTION: RULES 401-403. 801-803 | Transcript of Continuation of Testimony of Mark Gauthier held on 10/8/98 before Judge Fawsett (98-52-Cr-OH-19C, Dkt. no. 628, 04/08/99) |
| | | | NO OBJECTION | Verdict for Chantal McCorkle (98-52-Cr-Orl-19C, Dkt. no. 393, 11/04/98) |
| | | | NO OBJECTION | Special Verdict of Forfeiture (98-52-Cr-Orl-19C, Dkt. no. 412, 11/05/98) |
| | | | NO OBJECTION | Letter from Bailey to Quin, dated 11/29/98 |
| | | | NO OBJECTION | Transcript of Status Hearing held on 12/11/98 before Judge Baker (97-682-Civ-Orl-19B, Dkt. no.101, 12/16/98) |
| | | | NO OBJECTION | Preliminary Order of Forfeiture (98-52-Cr-Orl-19C, Dkt. no. 453, 12/16/98) |

## EXHIBIT LIST - Continuation Sheet

| | | | EXHIBIT LIST | |
|---|---|---|---|---|
| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
| | | | NO OBJECTION | USM 285 Receipt -- Seizure order to Bailey re: $2 million. Issued on 12/18/98; served on Bailey on 01/15/99; and returned unexecuted. (97-682-Civ-0ri-19B, Dkt. no. 551, filed on 2/5/99) |
| | | | NO OBJECTION | Response by Claimants Chantal McCorkle, William J. McCorkle and F. Lee Bailey to Court's Order of December 11, 1998 (97-682-Civ-Orl-19B, Dkt. no.103, 01/04/99) |
| | | | NO OBJECTION | Letter # 1 from Quin to Cayman Authority, dated 01/18/99 |
| | | | NO OBJECTION | Letter # 2 from Quin to Cayman Authority, dated 01/18/99 |
| | | | NO OBJECTION | Letter# 1 from Quin to Cayman Authority, dated 02/02/99 |
| | | | NO OBJECTION | Letter # 2 from Quin to Cayman Authority, dated 02/02/99 |
| | | | NO OBJECTION | Amended Preliminary Order of Forfeiture (98-52-Cr-Orl-19C, Dkt. no. 552, 02/08/99) |
| | | | NO OBJECTION | Response of Claimant F. Lee Bailey (97-682-Civ-Orl-19B, Dkt. no.106, 2/10/99) |
| | | | NO OBJECTION | Petition by Bailey in Response to Notice of Forfeiture and Motion for Clarification (98-52-Cr-Orl-19C, Dkt. no. 563, 02/12/99) |

Case Number: 6:01-cv-875-Orl-22KRS

## EXHIBIT LIST - Continuation Sheet

| | | | EXHIBIT LIST | |
|---|---|---|---|---|
| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
| | | | OBJECTION: RULES 401-403. 801-803 | United States' Application for Discovery in Criminal Ancillary Proceedings Pursuant to 21 U.S.C. § 853(m) (98-52-Cr-Orl-19C, Dkt. no. 574, 02/22/99) |
| | | | OBJECTION: RULES 401-404. 801-803 | Order by Judge Glazebrook re: Bailey's Petition in response to notice of forfeiture and motion for clarification (98-52-Cr-Orl-1 9C, Dkt. no. 575, 02/24/99) |
| | | | OBJECTION: RULES 401-404. 801-803 | Motion for an Order to S how Cause Re: Bailey (98-52-Cr-Orl-19C, Dkt. no. 589, 03/05/99) |
| | | | OBJECTION: RULES 401-404. 801-803 | Order re: U. S.'Application for Discovery in Criminal Ancillary Proceedings, etc. (98-52-Cr-Orl-19C, filed 3/16/99) |
| | | | OBJECTION: RULES 401-404. 801-803 | Motion by Bailey for Reconsideration of the Order granting the U. S. application for discovery in criminal ancillary proceedings pursuant to 21 U.S.C. § 853(m) (98-52-Cr-OH-1 9C, Dkt. no. 606, 03/25/99) |
| | | | NO OBJECTION | Order of Referral by Judge Fawsett (98-52-Cr-Orl-19C, Dkt. no. 608, 03/26/99) |
| | | | OBJECTION: RULES 401-404. 801-803 | Order to Show Cause by Judge Glazebrook (98-52-Cr-Orl-19C, Dkt. no. 614, 03/30/99) |
| | | | OBJECTION: RULES 401-404. 801-803 | Letter from Leventhal to Bailey, dated 04/05/99 |

**EXHIBIT LIST - Continuation Sheet**

| | | | EXHIBIT LIST | |
|---|---|---|---|---|
| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
| | | | OBJECTION: RULES 401-404. 801-803 | Request for Authorization to forfeit attorney's fees paid by McCorkle to Bailey, dated 04/07/99 |
| | | | OBJECTION: RULES 401-404. 801-803 | Letter# 1 from Bailey to De Marco, dated 04/09/99 |
| | | | OBJECTION: RULES 401-404. 801-803 | Letter from De Marco to Bailey, dated 04/09/99 |
| | | | OBJECTION: RULES 401-404. 801-803 | Letter# 2 from Bailey to De Marco, dated 04/09/99 |
| | | | NO OBJECTION | Objections by F. Lee Bailey to this Court's Order of March 25, 1999 and Motion to Recuse (98-52-Cr-Orl-19C, Dkt. no. 631, 04/12/99) |
| | | | OBJECTION: RULES 401-404. 801-803 | Letter from Bailey to De Marco, dated 04/12/99 |
| | | | OBJECTION: RULES 401-404. 801-803 | Letter from De Marco to Bailey, dated 04/13/99 |
| | | | OBJECTION: RULES 401-403. 801-803 | Motion by F. Lee Bailey for a Protective Order (98-52-Cr-Orl-19C, Dkt. no. 641, 04/15/99) |
| | | | OBJECTION: RULES 401-403. 801-803 | Objections by F. Lee Bailey to Denial of Protective Order (98-52-Cr-Orl-19C, Dkt. no. 652, 04/21/99) |
| | | | OBJECTION: RULES 401-404. 801-803 | Order by Judge Fawsett on Exhibit 91 (98-52-Cr-Orl-19C, Dkt. no. 662, 04/22/99) |
| | | | OBJECTION: RULES 401-404. 801-803 | Government's Response to Objections to Denial of Protective Order (98-52-Cr-Orl-19C, Dkt. no. 663, 04/23/99) |

## EXHIBIT LIST - Continuation Sheet

| | | | EXHIBIT LIST | | |
|---|---|---|---|---|---|
| Exhibit Number | Date Identified | Date Admitted | | Witness | Description |
| | | | | OBJECTION: RULES 401-404. 801-803 | U. S.' Response to Objections to the Order of March 25, 1999 and Motion to Recuse (98-52-Cr-Orl-19C, Dkt. no. 664, 04/23/99) |
| | | | | OBJECTION: RULES 401-404. 801-803 | Government's Petition to Adjudicate Claimant, F. Lee Bailey, in Civil Contempt of Court for his Failure to Comply with the Court's Show Cause Order of March 30, 1999 (98-52-Cr-Orl-1 9C, Dkt. no. 673, 05/05/99) |
| | | | | OBJECTION: RULES 401-404. 801-803 | Orlando Sentinel News Article of 4/27/99 |
| | | | | NO OBJECTION | Transcript of Deposition of F, Lee Bailey taken on 4/27/96 and government exhibits (98-52-Cr-Orl-19C, Discovery) |
| | | | | OBJECTION: RULES 401-404. 801-803 | Order to Show Cause by Judge Glazebrook (98-52-Cr-Orl-19C, Dkt. no. 675, 05/11/99) |
| | | | | OBJECTION: RULES 401-404. 801-803 | Response by F. Lee Bailey to Petition of May 5, 1999, Docketed May 6, 1999 to Adjudicate Claimant in Civil Contempt (98-52-Cr-Orl-19C, Dkt. no. 679, 05/18/99) |
| | | | | OBJECTION: RULES 401-404. 801-803 | Response and Objection by F. Lee Bailey to Magistrate Judge's Order of May 11, 1999 (98-52-Cr-Orl-19C, Dkt. no. 680, 05/18/99) |
| | | | | NO OBJECTION | Chart of Transfers from Legal Trust Fund |

## EXHIBIT LIST - Continuation Sheet

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | NO OBJECTION | Transfer's from Legal Trust Fund (Composite Exhibit) |
| | | | OBJECTION: RULES 401-403. 801-803 | 1996 Individual Tax Return of F. Lee Bailey |
| | | | OBJECTION: RULES 401-403. 801-803 | 1997 Individual Tax Return of F. Lee Bailey |
| | | | OBJECTION: RULES 401-403. 801-803 | Letter from De Marco to Bailey, dated 6/11/97 |
| | | | OBJECTION: RULES 401-403. 801-803 | Assignment with attached Escrow Agreement, 03/30/98 |
| | | | OBJECTION: RULES 401-403. 801-803 | Testimony of Jose A. Esquivel in Ancillary Proceeding held on 6/10/97 (Case no. 97-M-2066) |
| | | | OBJECTION: RULES 401-403. 801-803 | Deposition of William J. McCorkle held on July 6, 1998 |
| | | | OBJECTION: RULES 401-403. 801-803 | Excerpt of Exhibit 108 -- Deposition of William McCorkle held on July 6, 1998 |
| | | | OBJECTION: RULES 401-403. 801-803 | Letter from De Marco to Bailey, dated 5/19/99 |
| | | | OBJECTION: RULES 401-403. 801-803 | Letter from Bailey to De Marco, dated 5/26/99 |
| | | | OBJECTION: RULES 401-403. 801-803 | Letter from De Marco to Bailey, dated 6/8/99 |
| | | | OBJECTION: RULES 401-403. 801-803 | Letter from Bailey to De Marco, dated 6/15/99 |
| | | | OBJECTION: RULES 401-404. 801-803 | Government's Motion to Compel (98-52-Cr-Orl-19C, Dkt. no. 698, 6/15/99) |

Case Number:      6:01-cv-875-Orl-22KRS                    Page 15 of 22 Pages

## EXHIBIT LIST - Continuation Sheet

| | | | EXHIBIT LIST | |
|---|---|---|---|---|
| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
| | | | OBJECTION: RULES 401-404. 801-803 | William J. McCorkle's Response to Motion to Compel (98-52-Cr-Orl-19C, Dkt. no. 701, 6/23/99) |
| | | | OBJECTION: RULES 401-404. 801-803 | Sealed Order and Notice of In Camera Hearing (98-52-Cr-Orl-19C, S-18, 7/2/99) |
| | | | NO OBJECTION | Motion by F. Lee Bailey for Continuance (98-52-Cr-Orl-19C, Dkt. no. 741, 8/13/99) |
| | | | NO OBJECTION | Order denied Motion for Continuance (98-52-Cr-Orl-19C, Dkt. no. 743, 8/13/99) |
| | | | NO OBJECTION | Response by F. Lee Bailey to Objection to Motion for Continuance (98-52-Cr-Orl-I 9C, Dkt. no. 746, 8/17/99) |
| | | | NO OBJECTION | Emergency Motion by F. Lee Bailey for Continuance (98-52-Cr-Orl-19C, Received by Plaintiff on 8/17/99) |
| | | | NO OBJECTION | Motion by F. Lee Bailey for Reconsideration of Motion to Continue on  Additional Grounds (98-52-Cr-Orl-19C, Received by Plaintiff on 8/18/99) |
| | | | OBJECTION: RULES 401-404. 801-803 | Government's Request for Production of Documents to Claimant F. Lee Bailey (98-52-Cr-Orl-19C, Discovery) |
| | | | OBJECTION: RULES 401-404. 801-803 | Response by F. Lee Bailey to Request to Produce (98-52-Cr-Orl-19C, Dkt. no. 745, filed on 8/16/99) |

## EXHIBIT LIST - Continuation Sheet

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | NO OBJECTION | Transfers from Patricia Bailey to F. Lee Bailey; Transfers from Caymans to Patricia Bailey; and Transfers from F. Lee Bailey to Patricia Bailey |
| | | | NO OBJECTION | McCorkle Income from Legal Trust Fund Less McCorkle Expenses |
| | | | OBJECTION: RULES 401-404. 801-803 | Timeline: Florida Civil Litigation |
| | | | OBJECTION: RULES 401-404. 801-803 | Timeline: Bailey Involvement |
| | | | OBJECTION: RULES 401-404. 801-803 | Excerpt of Transcript of Proceedings held on June 9, 1997 in Re: Grand Jury Sealed Matter, Case No. 97-M-2066, pages 215 through 264 |
| | | | OBJECTION: RULES 401-404. 801-803 | Excerpt of Transcript of Proceedings held on July 15, 1997 in Re: The Matter of the Search of the Accounts of William J. McCorkle, Case no. MISC-OS-97-46-22, pages 118 through 159 |
| | | | NO OBJECTION | Original MLAT Response |
| | | | NO OBJECTION | Letter from Lindsley |
| | | | OBJECTION: RULES 401-404. 801-803 | Kentucky A. G. Material |
| | | | NO OBJECTION | Cayman Appellate Decision |
| | | | OBJECTION: RULES 401-403. | Excerpt from Bailey Book |
| | | | OBJECTION: RULES 401-404. 801-803 | Trial Court Opinion |

## EXHIBIT LIST - Continuation Sheet

| | | | EXHIBIT LIST | |
|---|---|---|---|---|
| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
| | | | OBJECTION: RULES 401-404. 801-803 | Letter from B. K. Ferris to AUSA Marie De Marco, dated 10/22/99, with Certification of Lack of Record in re: F. Lee Bailey |
| | | | NO OBJECTION | Verified Claim of William J. McCorkle dated March 20, 1998 |
| | | | NO OBJECTION | Testimony of Daniel Skouras from Hearing held on June 10, 1997 in re: Grand Jury Sealed Matter, Case No. 97-M-2066 |
| | | | OBJECTION: RULES 401-403. 801-803 | Charter Pacific Application |
| | | | OBJECTION: RULES 401-403. 801-803 | Video |
| | | | OBJECTION: RULES 401-403. 801-803 | Boot Camp |
| | | | OBJECTION: RULES 401-403. 801-803 | Affidavit of McKenna |
| | | | NO OBJECTION | Article of Incorporation in re: National Media |
| | | | NO OBJECTION | Certificate of Incorporation in re: National Media |
| | | | NO OBJECTION | Wire Transfer for National Media |
| | | | OBJECTION: RULES 401-404. 801-803 | Florida Comprehensive Report |
| | | | NO OBJECTION | Mortgage deed 4/11/00 for Lot 12 Point Manalapan Plat No. 1 |
| | | | NO OBJECTION AS TO AUTHENTICITY, BUT OBJECTION: RULES 401-404. 801-803 | Joint Stipulations filed by US and F. Lee Bailey (98-52-Cr-Orl-19C, Dkt. no. 788, 10/18/99) |

**EXHIBIT LIST - Continuation Sheet**

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | NO OBJECTION | Claimant's Proposed Findings of Fact and Conclusions of Law (98-52-Cr-Orl-19C, Dkt. no. ???, 11/22/99) |
| | | | NO OBJECTION | Transcript of Ancillary Hearing Proceedings, (98-52-Cr-Orl-19C, Dkt. no. ???, 10/18-29/99) |
| | | | OBJECTION: RULES 401-404. 801-803 | Order of Civil Contempt (98-52-Cr-Orl-19C, Dkt. no. ???, 08/??/00) |
| | | | OBJECTION: RULES 401-404. 801-803 | Report and Recommendation by Magistrate Judge Glazebrook Certifying Contempt, (98-52-Cr-Orl-19C, Dkt. no. 856, 1/14/00) |
| | | | NO OBJECTION | Order denying Bailey's Petition, (98-52-Cr-Orl-19C, Dkt. no. 891, 06/29/00) |
| | | | NO OBJECTION | Letter from Anita Cream to F. Lee Bailey, dated 11/20/00 |
| | | | OBJECTION: RULES 401-404. 801-803 | Opinion of Florida Bar Referee |
| | | | OBJECTION: RULES 401-404. 801-803 | Florida Supreme Court Opinion re: disbarment of F. Lee Bailey |
| | | | OBJECTION: RULES 401-404. 801-803 | U.S. Supreme Court Opinion re: disbarment of F. Lee Bailey |

**IV. B.  DEFENDANT'S EXHIBIT LIST AND PLAINTIFF'S OBJECTIONS**

Case Number:
6:01-cv-875-Orl-22KRS
Page 1


**EXHIBIT LIST - Continuation Sheet**


UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


UNITED STATES OF AMERICA,

      Plaintiff,

      Government  __

v.                                Case No.  6:01-cv-875-Orl-22KRS

F. LEE BAILEY                 __  Evidentiary
                                  X  Trial
                                 __  Other

      Defendant   x__

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | **EXHIBIT LIST** | |
| 1 | | | | All of the documents introduced as evidence during that certain Bond Hearing styled, <u>United States v. McCorkle, et al.</u>, Case No. 6:98-cr-52-Orl-19JCG, including the Erlich financial report, which was excluded. |
| 2 | | | | All documents listed as exhibits by Plaintiff. |
| 3 | | | | Copies of all documents attached as Exhibits to Plaintiff's Complaint in <u>U.S. v. Bailey</u>, Case No. 6:01-cv-875-Orl-22KR. These documents are located at the U.S. Attorney's Office and the Clerk's office of the U.S. Middle District. |
| 4 | | | | Correspondence dated January 11, 2001, From Harrison Slaughter on behalf of Mark L. Horwitz and the Law Offices of Horwitz & Fussell to the Department of Justice. These documents are located at the Law Offices of |

Case Number:
6:01-cv-875-Orl-22KRS
Page 2

## EXHIBIT LIST - Continuation Sheet

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | | Barrett, Chapman & Ruta, P.A. |
| 5 | | | | Presentation on behalf of Mark L. Horwitz and the Law Offices of Horwitz & Fussell made to Michel Cauley, First Assistant U.S. Attorney, Tampa Office on April 6, 2001. These documents are located at the Law Offices of Barrett, Chapman & Ruta, P.A. |
| 6 | | | | Opinion of Horn, J, Bailey v. U.S., United State Court of Claims, No. 96-666C, Filed November 21, 2002 |
| 7 | | | | The entire court file in the case U.S. v. McCorkles, Case No. 6:98-cr-52-Orl-19C and all related proceedings. |
| 8 | | | | Opinion of Horn, J, Bailey v. U.S., United State Court of Claims, No. 96-666C, Filed February 10, 1998 |
| 9 | | | | United States v. Saccocia, 165 F.Supp.2d 103 (DRI 2001) |
| 10 | | | | United States v. Gilbert , 244 F.3d 888 (11th Cir. 2001) |
| 11 | | | | Bailey v. The Florida Bar, Petition for Writ of Certiorari to the Supreme Court of Florida. |
| A | | | | Supreme Court of Florida Decision (App. 1) |
| B | | | | Amended Report of Referee (App. 25) |
| C | | | | Motion to Submit Court of Federal Claims Transcript to Supreme Court of Florida (App. 65) |
| D | | | | Supreme Court of Florida denial of Motion to Submit Court of Federal Claims Transcript (App. 72) |
| E | | | | Letter to Assistant Attorney General Robinson, dated April 6, 2000, requesting permission to depose Mary Lee Warren App. 73 |
| F | | | | Letter from AUSA Petrie, dated June 23, 2000, denying request to depose Mary Lee Warren |

Case Number:
6:01-cv-875-Orl-22KRS
Page 3


## EXHIBIT LIST - Continuation Sheet

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | | (App. 79) |
| G | | | | Emergency Motion for Abatement or Stay, dated May 24, 2000 (App. 83) |
| H | | | | Supplement to Emergency Motion for Abatement or Stay, dated May 25, 2000 (App. 95) |
| I | | | | Supreme Court of Florida's denial of Motions for Abatement or Stay (App. 98) |
| J | | | | Biochem Stock Transfer Document (App. 99) |
| K | | | | Shaw Chuen Transfer Document (App. 100) |
| L | | | | Sai Yuk Transfer Document (App. 101) |
| M | | | | Timothy Chinaris Resume (App. 102) |
| N | | | | Timothy Chinaris Answer to Interrogatories (App. 110) |
| O | | | | F. Lee Bailey's initial Brief to Supreme Court of Florida (App. 115) |
| P | | | | Excerpt of Judge Horn's Comments from Court of Federal Claims Trial (App. 168) |
| Q | | | | F. Lee Bailey's Polygraph Report (App. 197) |
| R | | | | Joaquin Fuster's Polygraph Report (App. 201) |
| 12 | | | | Bailey v. U.S., United States Court of Federal Claims, No. 96-666C |
| A1 | | | | Composite of 5 letters: Oman Oil Services S.A., dated April 26, 1994, from A. Larkin to Jaen Paul Theis; Oman Oil Services S.A., dated 26 April 1994, from A. Larkin to Ms. Yvonne Chui; Oman Oil Services S.A., dated 26 April 1994, from A. Larkin to Ms. Theresa Heng; letter, dated 26 April 199.4, from Claude Duboc to Ms. Colling; letter, dated 26 April 1994, from Claude Duboc to Mr. Pierre Michel, total of 5 pages |
| B1 | | | | AN AGREEMENT BETWEEN: Claude Duboc and the United States, dated 28 day |

Case Number:
6:01-cv-875-Orl-22KRS
Page 4


## EXHIBIT LIST - Continuation Sheet

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | | of April 1994, re: Shaw Chuen Limited, 3 pages |
| C1 | | | | letter, dated April 28, 1994, from Claude Duboc to AMS Management Services Limited, re: Shaw Chuen Limited |
| D1 | | | | letter, dated April 28, 1994, from Claude Duboc to AMS Management Services Limited, ref: Sai Yuk Industrial Limited |
| E1 | | | | Memorandum, dated May 4, 1994, from F. Lee Bailey to Claude Duboc, re: Status Report: U.S. v. Duboc, 9 pages |
| F1 | | | | Plea And Cooperation Agreement, filed on May 17, 1994, United States v. Claude Duboc, Case No.: 94-01009, 8 pages |
| G1 | | | | Transcript Of Change Of Plea Proceedings Before The Honorable Maurice M. Paul United States Chief District Judge, Gainesville, Florida, May 17, 1994, United States v. Duboc, Case No.: 94-CR-1009, 31 pages |
| H1 | | | | DOJ letter, dated May 31, 1994, from P. Michael Patterson to M. Phillipe Labragere, 4 pages |
| I1 | | | | DOJ letter, dated June 2, 1994, from Thomas F. Kirwin to Edward R. Shohat, 2 pages |
| J1 | | | | DOJ letter, dated June 20, 1994, from Thomas F. Kirwin to Carlos Agliardi |
| K1 | | | | DOJ letter, dated July 13, 1994, from Thomas F. Kirwin to F. Lee Bailey, re: Sale of the Duboc Properties, 2 pages |
| L1 | | | | Memorandum, dated 7-18-94, from F. Lee Bailey to Raymond Duboc, re: Le Belvoir, 2 pages |
| M1 | | | | Memorandum, dated 18 August 1994, from F. Lee Bailey to Chas. Caplan, Esq, Martine Constant, Esq., Henri Roberty, Esq., Raymond Duboc, and Michel Sery, re: Account Seizures, 4 pages |

Case Number:
6:01-cv-875-Orl-22KRS
Page 5

## EXHIBIT LIST - Continuation Sheet

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| N1 | | | | Affidavit, notarized August 2,1994, signed by Claude L. Duboc, 2 pages |
| O1 | | | | Affidavit, notarized (undated), signed by F. Lee Bailey, 6 pages |
| P1 | | | | Order, dated 25 August 1994, signed by Maurice M. Paul, Chief United States District Judge, Northern District of Florida, 6 pages |
| Q1 | | | | letter, dated September 27, 1994, from Oliver de Haynast to David Ford, in English and French, 2 pages each |
| R1 | | | | letter, dated October 15. 1994, from F. Lee Bailey to Jean Braghini, 4 pages |
| S1 | | | | Memorandum, dated October 16, 1994, from FLB to Tom Kirwin, Jim Hankinson, or Gregg Miller, re: Authorization Letter, 2 pages |
| T1 | | | | DOJ letter (Draft), dated October 18, 1994, from P. Michael Patterson/James C. Hankinson to F. Lee Bailey |
| U1 | | | | DOJ Fax Cover page, dated 10/21/94, from Linda to Jimmy Hankinson, with "Draft" DOJ letter, dated October 18, 1994, from James C. Hankinson/P. Michael Patterson to F. Lee Bailey with handwritten notes, 2 pages |
| V1 | | | | DOJ letter, dated October 21, 1994, from P. Michael Patterson/James C. Hankinson, 2 pages |
| W1 | | | | letter, dated November 8, 1994, from P. Michael Patterson/James C. Hankinson |
| X1 | | | | DOJ letter, dated November 10, 1994, from James C. Hankinson to David Ford |
| Y1 | | | | Memorandum, dated 1-8, thru 10, 1995, from FLB to Claude Duboc, re: Your memo Of 1-3-95, 12 pages letter, dated November 13, 1995, from Claude Duboc to F. Lee Bailey Memorandum, dated January 18, 1996, from F. Lee Bailey to Messrs. Miller, Kirwin, Lilley, et |

Case Number:
6:01-cv-875-Orl-22KRS
Page 6

## EXHIBIT LIST - Continuation Sheet

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | | al, re: Early Chronology, U.S. v. Claude Duboc, 4 pages |
| Z1 | | | | letter, dated January 21, 1996, from F. Lee Bailey to Hon Maurice M. Paul, 7 pages |
| A2 | | | | Response Of F. Lee Bailey To Government's Emergency Motion To Surrender Property, filed Jan 24 1996, United States v. Duboc, Case No.: 94-1009, signed by F. Lee Bailey, 9 pages |
| B2 | | | | Order, dated 25 January 1996, signed by Maurice M. Paul, Chief Judge, United States v. Duboc, Case No.: GCR 94-01009-MMP, 2 pages |
| C2 | | | | DOJ letter, dated January 25, 1996, from Thomas F. Kirwin to F. Lee Bailey |
| D2 | | | | DOJ letter, dated March 4, 1996, from Gerald E. McDowell to Roger Zuckerman, 2 pages |
| E2 | | | | DOJ Memorandum, dated Apr 1, 1996, from Gerald E. McDowell to Mary Lee Warren, re: Payment of Attorney's Fees to Coudert Brothers, 4 pages |
| F2 | | | | Petition And Response To Stipulated Order Of Forfeiture And Notice Thereof, United States v. Duboc, Case No.: GCR 94-01009-MMP, Cert date of 23 April 1996, signed by F. Lee Bailey, 14 pages |
| G2 | | | | Affidavit, notarized 10 May 1996, signed by F. Lee Bailey, 17 pages |
| H2 | | | | DOJ Memorandum, dated June 10, 1998, from Linda Samuel to Geoffrey Brigham, re: tax liability on properties owned by Claude L. Duboc, 4 pages |
| I2 | | | | letter, dated April 6, 2000, from F. Lee Bailey to James K. Robinson, (re: request to take deposition of Mary Lee Warren), 5 pages |
| J2 | | | | list, titled "Accounting", 2 pages, of Claude Duboc's assets as disclosed on or about April |

Case Number:
6:01-cv-875-Orl-22KRS
Page 7


## EXHIBIT LIST - Continuation Sheet

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | | 25'" & 261h'1994 |
| K2 | | | | DOJ fax cover, Greg Miller to F. Lee Bailey, containing: letter, dated April 28,1994, to AMS Management Services Limited from Claude Duboc, Ref: SHAW CHEN LIMITED; letter, dated April 28, 1994 to AMS Management Services Limited from Claude Duboc, REF: SAI YUK INDUSTRIAL LIMITED; AN AGREEMENT BETWEEN: Claude Duboc and United States, re: Shaw Chuen Limited, transferring all interest to United States, and a second copy of same agreement, signed by Bailey, 7 pages |
| L2 | | | | DOJ letter, dated April 29, 1994, from Thomas F. Kirwin to F. Le Bailey, Re: <u>United States v. Claude Luis Duboc</u> (instructions for Bailey to send to AMS) |
| M2 | | | | cover letter, dated May 2, 1994, from F. Lee Bailey to AMS Management Services Limited, with copy of Federal Express air waybill |
| N2 | | | | letter, dated May 2, 1994, from F. Lee Bailey to Thomas F. Kirwin, enclosing copy of correspondence sent to AMS |
| O2 | | | | DOJ Canada Fax Cover, 7 pages, from Thomas Kirwin (for Greg Miller) to F. Lee Bailey, including: letter of Oman Oil Services S.A., dated 26 April 1994, signed by A. Larkin to Ms. Theresa Heng, Arab banking Corporation (re: transfer); letter of Oman Oil Services S.A., dated 26 April 1994, signed by A. Larkin to Ms. Yvonne Chi, Banque National de Paris (re: transfer); letter of Oman Oil Services S.A., dated 26 April 1994, signed by A. Larkin to Mr. Jean Paul Theis, Credit Lyonaise (re: transfer); Letter, dated 26 April 1994, from Claude Duboc to Ms. Colling, Meese-Pierson (re: transfer); letter, dated April 28, 1994, from Claude Duboc to AMS Management Services, Limited (re: Shaw Chuen Limited, transfer to Bailey, as trustee); letter, dated April 28, 1994, from Claude |

Case Number:
6:01-cv-875-Orl-22KRS
Page 8

## EXHIBIT LIST - Continuation Sheet

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | | Duboc to AMS Management Services, Limited (re: Sai Yuk Industrial Limited, transfer to Bailey, as trustee) |
| P2 | | | | letter, dated May 5, 1994, from Raymond Duboc to F. Lee Bailey, (re: summary of expenses), 7 pages |
| Q2 | | | | copy of previous Government Exhibit 3, DOJ 1189 & 1190, copy of Kirwin's notes dated 5/11/94 & 5/17/94, 2 pages |
| R2 | | | | DOJ Memorandum, dated May 19, 1994, from P. Michael Patterson to Mary Lee Warren (Deputy Assistant Attorney General), 3 pages |
| S2 | | | | letter, dated May 27, 1994, from Raymond Duboc to F. Lee Bailey, 12 pages, re: upkeep of properties and schedule of expenses, 11 pages |
| T2 | | | | letter, dated June 10, 1994, from F. Lee Bailey to Dr. Charles Poncet, 4 pages |
| U2 | | | | Memorandum, dated June 13, 1994, from Ford to "Randy", with addition entries dated 6/17/94 and 6/22/94 |
| V2 | | | | letter, dated June 13, 1994, from Dr. Charles Poncet to F. Lee Bailey, with enclosures, re: legal research as to French and International law, total of 40 pages |
| W2 | | | | letter, dated June 15, 1994, from F. Lee Bailey to Thomas F. Kirwin, forwarding the above Poncet letter |
| X2 | | | | letter, dated 17 June 1994, from F. Lee Bailey to Raymond Duboc, 2 pages, re: instructions as to operations in France |
| Y2 | | | | DOJ letter, dated June 17, 1994, from Thomas F. Kirwin to David Ford, forwarding the Poncet legal research |
| Z2 | | | | DOJ letter, dated June 21, 1994, from J. D. Roy Atchison to F. Lee Bailey, re: U.S. v. $29, 541, 839.52 |

Case Number:
6:01-cv-875-Orl-22KRS
Page 9

## EXHIBIT LIST - Continuation Sheet

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| A3 | | | | letter, dated 14 Juillet 1994, from credit Suisse to F. Le Bailey, 4 pages ( French, not translated) |
| B3 | | | | DOJ letter, dated August 8, 1994, from J.D. Roy Atchison to F. Lee Bailey, instructions as to $730,000.00 |
| C3 | | | | Memorandum, dated September 6, 1994, from Thomas F. Kirwin to file, re: telephone call with Bailey and setting up trust fund for sale proceeds |
| D3 | | | | DOJ Memorandum, dated September 30, 1994, from Linda Samuel to Karen Tandy, 2 pages (re: overview of Duboc case for McDowell) |
| E3 | | | | DOJ fax cover, dated October 19, 1994, from Gregory R. Miller to Jimmy Hankinson - AUSA, 5 pages total, with copy of letter, dated October 15, 1994 to Jean Braghini, Esq., from F. Lee Bailey, with handwritten notes on first page of letter from Greg to Jimmy |
| F3 | | | | DOJ letter, dated November 16, 1994, from Thomas F. Kirwin to F. Lee Bailey (re: meeting in Tallahassee, French properties upkeep, and letter as requested) |
| G3 | | | | Status Memorandum, dated January 3, 1995, from Murray R. Stein to Richard C. Owens (re: properties in France, request for assistance, and US will let Bailey handle the sale) |
| H3 | | | | Memorandum, dated 14 Juin 1995, from FLB to Marc Pradal, (re: attempts to sell French properties) |
| I3 | | | | letter, dated 07.12.1995, from Credit Suisse to F. Lee Bailey, with enclosure of statements, (re: value of Biochem shares when received into account), 17 pages |
| J3 | | | | composite exhibit of letters between January, 1995 and December 1995, from Pradal to |

Case Number:
6:01-cv-875-Orl-22KRS
Page 10

## EXHIBIT LIST - Continuation Sheet

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | | Bailey, 28 pages (re: sale of the French properties) |
| K3 | | | | Urgent Report, dated January 22, 1996, from P. Michael Patterson to The Attorney General & The Deputy Attorney General, 3 pages |
| L3 | | | | Memorandum, dated 30 January 1996, from Sarah McKee to M. Bruno Laurent, 5 pages (re: Duboc case summary, Biochem shares unwritten agreement, and attempted sale of French properties), 5 pages |
| M3 | | | | DOJ Memorandum, from P. Michael Patterson to Janet Reno, re: F. Lee Bailey and Duboc case, current status of court proceedings, 3 pages |
| N3 | | | | DOJ letter, dated March 4, 1996, from Gerald E. McDowell to Roger Zuckerman, 2 pages (re: Bailey authority revoked) |
| O3 | | | | DOJ Memorandum, from Gerald E. McDowell to Mary Lee Warren, 4 pages, (re: summary of Duboc case and request for payment of fees to Coudert Brothers), with attachments: DOJ letter, dated March 27, 1996 from David 1. McGee to mark D. Lebow and DOJ Memorandum, dated March 25, 1996, from Thomas F. Kirwin to Gerald E. McDowell, total of 8 pages |
| P3 | | | | Annual Report of the Department of Justice Asset Forfeiture Program Fiscal Year 1994, 95 pages |
| Q3 | | | | Annual Report of the Department of Justice Asset Forfeiture Program Fiscal Years 1995 and 1996 (only 1995 is submitted), 66 pages |
| R3 | | | | 1/12/96; Order, United States v. Duboc, 2 pages; the district court described the Biochem Pharma stock as having been delivered to Mr. Bailey in trust for the United States (pages 1-2) |
| S3 | | | | 2/3/96; Order, United States v. Duboc (Tab B, |

Case Number:
6:01-cv-875-Orl-22KRS
Page 11


## EXHIBIT LIST - Continuation Sheet

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | | Appendix to Defendant's February 2, 2001 List of Issues and/or Facts Precluded From Relitigation ("Defendant's 2/2/01 Filing")), 5 pages; subsequent to the hearing, the district court reconfirmed its finding that the stock was delivered to Mr. Bailey in trust for the United States (1), finding that the stock account was to be used only to pay for maintenance expenses of the French estates, not for personal expenses or attorney fees (4), and deferred the issue of plaintiffs claim to outright ownership of the stock (4) |
| T3 | | | | 2/29/96; Order, United States v. Duboc (Tab C, Defendant's 2/2/01 Filing), 10 pages; the district court adjudicated the stock proceeds disbursements by Mr. Bailey (2-3); found that plaintiff spent money derived from the sale of the stock after the Court ordered the freeze; found that plaintiff spent stock proceeds for his own personal use without district court authorization, as was required by the plea agreement and discussions of May 17, 1994 (6); and that plaintiff deliberately had his agent impede the Court's ability to receive the disputed stock (7-8) |
| U3 | | | | 3/25/96; Stipulated Order of Forfeiture, United States v. Duboc. 3 pages; the district court approved the forfeiture of the stock to the United States pending third party claims (2) |
| V3 | | | | 5/9/96; Order, United States v. Duboc (Tab D, Defendant's 2/2/01 Filing), 27 pages; in adjudicating various motions regarding plaintiffs claim to the stock, the district court found, among other things, that the stock was a drug-tainted asset (2-3); found that the stock was selected by the parties as the asset to be used to support the maintenance and upkeep of the French estates (3); address plaintiffs claim that he owned the stock "in fee simple" (3-4); recognized that the Government was the title-owner-of the stock from the moment it was purchased with drug money pursuant to |

Case Number:
6:01-cv-875-Orl-22KRS
Page 12

## EXHIBIT LIST - Continuation Sheet

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | | the reversion-back theory, even though its was subsequently transferred to plaintiff with the Government's knowledge (7-8, 21); identified the remaining issue for the court as whether the stock was transferred in fee simple to plaintiff, or, as if plaintiff was trustee, to maintain his client's French properties (16, 25); and referenced plaintiffs claim that there was an oral agreement entitling plaintiff to the stock proceeds (23) |
| W3 | | | | 5/17/96; Final Order of Forfeiture, United States v. Duboc, 2 pages; final forfeiture order for stock, noting that plaintiffs claim was formally withdrawn with prejudice (1), and finding that the Government has clear title to the proceeds of the sold stock (2) |
| X3 | | | | 5/17/96; Order and Judgment, United States v. Duboc (Tab E, Defendant's 2/2/01 Filing), 6 pages; district court recognizes plaintiffs waiver of a claim for the stocks or the proceeds in that or any forum with prejudice (1-2, 6); notes that the court retained jurisdiction to determine the proper amount of attorneys fees and expenses arising out of the Duboc representation (2-3); finds that the Government is the fee simple owner of the stock free of any claim of plaintiffs to the stock or proceeds derived therefrom (3, 6); directing that any claim plaintiff wished to make for attorney fees or expenses associated with the Duboc representation must be presented to that Court (3-4) |
| Y3 | | | | 2/3/97; Order, United States v. Duboc, 8 pages; district court issues an order regarding plaintiffs claim for expenses associated with Duboc representation, including those expenses incurred in the maintenance of the French estates (1, 6-7) |
| Z3 | | | | 10/30/97; Order, United States v. Duboc (Tab F, Defendant's 2/2/01 Filing), 32 pages; noting plaintiffs waiver of any claim for attorney fees |

Case Number:
6:01-cv-875-Orl-22KRS
Page 13

## EXHIBIT LIST - Continuation Sheet

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | | arising out of the Duboc representation (3); adjudicating plaintiffs claim to sums spent during the course of the Duboc representation "in service of 'the government's needs'" (3); holding that it is within the inherent authority of the district court to adjudicate an attorney's motion for fees and expenses arising out of a criminal matter (4); permitting reimbursement to plaintiff of costs associated with the French estates (10, 26-27); adjudicating the terms of an alleged oral agreement between the Government and plaintiff regarding $83,641.39 in medical expenses, referring to the stock as "forfeitable funds held in trust in the Credit Suisse account" (14-16); allowing reimbursement of "outside legal fees" to the extent substantiated by payment records (22-24); adjudicating the "European expenses" and finding that plaintiff was "entrusted with the forfeitable shares of Duboc's stock by the Government, including the legal services of Charles Poncet and Jean Braghini (26-27); noting plaintiffs testimony that all fees would have to be approved by the court, not the personnel of the United States Attorney's Office (28); finding that plaintiff should reasonably have sought prior approval of the court before paying many of the expenditures out of funds held in trust (28-29); holding that plaintiff abused his position of trust by misappropriating the Government's funds (30); adjudicating the amounts and dates of the sales of forfeitable stock (30); and holding that the profit derived from the sale of the stock was and is the Government's (31) |
| A4 | | | | 1/14/00; Report and Recommendation, United States of America v. McCorkle, No. 98-CR-52-ORL-19C, 2000 WL 133759 (M.D. Fla.) (Glazebrook, M.J.) (Tab G, Defendant's 2/2/01 Filing), 28 pages; U.S. Magistrate recommendation certifying contempt of plaintiff for misappropriation of forfeitable client funds held in trust, relying upon the relation-back |

Case Number:
6:01-cv-875-Orl-22KRS
Page 14

## EXHIBIT LIST - Continuation Sheet

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | | doctrine (3, 6-7), the district court and Eleventh Circuit adjudication of plaintiffs claim in this case (3, 6), plaintiffs experience as a criminal defense lawyer, including cases involving forfeiture (5-6), plaintiffs acknowledgement that a lawyer should never take funds which he knows to be the proceeds of a specified unlawful activity (7), plaintiffs admission that where a district court has jurisdiction over that property, the district court is the sole recourse for third-party claims, and plaintiffs reported income to the IRS for 1996 and failure to disclose an interest in foreign accounts in 1996 (27) |
| B4 | | | | 7/21/00; Report of Referee, Florida Bar v. Bailey, 24 pages; adjudication of facts relating to representation of Claude Duboc, including the findings that plaintiff held the stock in trust (3-9), that plaintiff liquidated and transferred Japanese stock through the Credit Suisse account (4-5), that an increase in stock value would cover expenses and attorney fees after application to the district court (13-14), that the purpose of holding the stock was to maximize the amounts forfeited to the Government (14), and that plaintiffs conduct in this case violated numerous ethical obligations (21-22) |
| C4 | | | | 9/19/00; Order, United States v. McCorkle (Tab H, Defendant's 2/2/01 Filing), 32 pages; district court adopts report of US Magistrate (5-6) |
| D4 | | | | 11/21/00; Order of the Eleventh Circuit, United States v. Duboc (Tab I, Defendant's 2/2/01 Filing), 3 pages; unpublished order remanding Mr. Duboc's motion to withdraw his guilty plea, identifying the issue as whether plaintiff was entitled to keep the appreciation in the stock plaintiff and the Government agreed plaintiff would hold in trust as possible payment of legal fees (2), and whether plaintiff intended to claim the appreciation of the stock as plaintiffs own prior to the agreement to plead guilty (2-3) |

Case Number:
6:01-cv-875-Orl-22KRS
Page 15


**EXHIBIT LIST - Continuation Sheet**

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| E4 | | | | 4/16/01; Order, <u>United States v. Duboc</u>, 6 pages; on remand, district court notes that it is required to determine the intent of plaintiff with regard to the appreciation of the stock prior to May 17, 1994 (2); that none of plaintiffs other defense counsel had any interest in or claim to the stock (2); that plaintiff was told that only the district court, and not the Government, would make the final decision as to whether plaintiff could be paid from forfeitable assets (2) |
| F4 | | | | 4/17/01; Order, <u>United States v. Duboc</u>, 6 pages; district court notes that it is required to determine the intent of plaintiff with regard to the appreciation of the stock prior to May 17, 1994 (1) |
| G4 | | | | 5/18/01; Order, <u>United States v. Duboc</u>, 5 pages; district court notes that it is required to determine the intent of plaintiff with regard to the appreciation of the stock prior to May 17, 1994 (1); finds that plaintiff counseled Duboc that he would have to disgorge every asset to the United States and provide extraordinary cooperation (2); finds that the stock was identified on April 25, 1994 but not discussed, and that the next day it was agreed that the stock would not be forfeited immediately, and the stock was identified as the source of cash to maintain the French estates (3); finds that at the time plaintiff counseled in favor of a plea agreement, he did not know of the existence of the stock or intend to claim its increased value (3); describes Duboc's cooperation as "massive" (4-5) |
| H4 | | | | 10/1/90; United States Attorney's Manual, Title 9, Chapter 111, 15 pages; establishes authority of United States Attorneys with respect to assets transferred to attorneys as fees for legal services (1), the policy requirement of the assent of the AAG, Criminal Division before forfeiture proceedings maybe |

Case Number:
6:01-cv-875-Orl-22KRS
Page 16

## EXHIBIT LIST - Continuation Sheet

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | | instituted against assets transferred to an attorney, or before any agreement may be made to exempt from forfeiture an asset transferred to an attorney (5-6,15); noting the possibility that an asset maybe transferred to an attorney to be held in trust, with the defendant's understanding that the attorney may be entitled to a portion of the asset for legal services rendered to the defendant, subject to approval (7) |
| I4 | | | | 11/26/90; Memorandum from AAG for Administration to Director of Procurement Services Staff, 1 page; delegates authority to enter into contracts for services and supplies to the Director of Procurement Services Staff |
| J4 | | | | 2/12/93; Memorandum from Director of Procurement Services Staff to Kenneth W. Sukhia, United States Attorney for the Northern District of Florida, attaching Delegation of Procurement Authority, 17 pages; delegates procurement authority for "small purchases of supplies and services" (2) up to a maximum of $25,000 for certain types (2-3) |
| K4 | | | | 2/23/93; Office of the Attorney General, Order No. 1687-93, 5 pages; establishes the Office of Procurement Executive (1), which office is responsible for contract review of all procurement actions over $50,000 if other than full and open competition procedures (2); authorizes certain agency heads, including Director of the U.S. Marshals Service (3); authorizing the AAG for Administration to exercise procurement authority (3), and the authority to grant waivers (4-5) |
| L4 | | | | 12/93; Justice Acquisition Regulation Part 2801.601, 2 pages; identifying delegation pursuant to Order No. 1687-93 and the delegation to the AAG for Administration of authority with respect to real property for United States Attorneys, and permitting |

Case Number:
6:01-cv-875-Orl-22KRS
Page 17

## EXHIBIT LIST - Continuation Sheet

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | | express redeligation (all) |
| M4 | | | | 4/26/94; List, 2 pages; the list of assets was identified by Duboc as forfeitable on or about April 26, 1994 and printed from plaintiffs computer, including the Biochem Pharma stock, the Nippon Energy stock and the French estates, which were owned by privately-held Hong Kong corporations (all) |
| N4 | | | | 4/26/94; List (with handwritten annotations), 2 pages; draft of the same list as Exhibit 222 (all) |
| O4 | | | | 4/26/94; List (handwritten), 7 pages; notes taken by Carl Lilley regarding forfeitable assets of Claude Duboc, including French estates (3-4) and stocks in Luxembourg (7) |
| P4 | | | | 4/26/94; Handwritten Notes, 3 pages; written instructions of Claude Duboc for transfer of Biochem Pharma stock to Credit Suisse (1), Japanese stock to Credit Suisse (2-3) |
| Q4 | | | | 5/6/94; Draft Fee Agreement, 7 pages; proposed agreement between Duboc, plaintiff and Robert Shapiro in which a reasonable fee for the representation is proposed from legitimate sources of income or funds approved by the Government and the district court (1); notes that the Government requires a forfeiture of all assets derived from criminal means, and that Duboc could benefit substantially from the forfeiture of all assets (2); notes that counsel would petition the court for legal fees to be paid out of forfeited assets, and that the Government was informed of a fee of $1 million per attorney, to be approved by the district court; noting Duboc's concern that large fees to be paid out of seized assets may cause counsel to be more concerned with legal fees than the client's welfare (5) |
| R4 | | | | 5/10/94; Draft letter from Mr. Shohat to Claude Duboc, 3 pages; draft representation agreement, noting that the representation is |

Case Number:
6:01-cv-875-Orl-22KRS
Page 18

## EXHIBIT LIST - Continuation Sheet

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | | extraordinary, including the extraordinary nature of the cooperation, the difficulty and complicated nature of the proposed forfeitures, the proactive role of defense counsel on Duboc's behalf to assist the government in forfeitures, all fees to be secured from a special account created with the knowledge and approval of the United States Attorneys Office and the district court (2) |
| S4 | | | | 5/11/94; Itinerary of Mr. Kirwin, 1 page; includes reference to meetings with defense attorneys in France regarding evidence and the maintenance and liquidation of forfeitable assets in Paris and Supercannes |
| T4 | | | | 5/13/94; Letter from Mr. Shohat to Mr. Bellini, 1 page; relates to the proposed source of defense counsel fees and expenses |
| U4 | | | | 5/17/94; Letter from Mr. Bellini to Mr. Shohat, 2 pages; responds to defense attorney's request for information regarding Biochem Pharma stock (1), which was intended to be the source of defense counsel's fees and expenses, as approved by the Court |
| V4 | | | | 5/17/94; Memorandum from Mr. Miller to Mr. Patterson, attaching a list of Duboc's forfeitable assets, Duboc's indictment, including for criminal forfeiture, and the executed plea agreement, 17 pages; identifies plaintiff and Mr. Shohat as counsel for Duboc (1), noting that the attached list, which includes the Biochem Pharma stock (3), identifies Duboc's drug related assets that are subject to forfeiture, and that Duboc agreed in the plea agreement to forfeit all identifiable drug proceeds (2) |
| W4 | | | | 5/11/94; Handwritten Notes, 145 pages; compilation of handwritten notebooks of Thomas Kirwin, referring to plaintiffs liquidation of the Japanese stock and other property through the Credit Suisse account (2, 23, 34-36); the discussions with representatives of the |

Case Number:
6:01-cv-875-Orl-22KRS
Page 19

## EXHIBIT LIST - Continuation Sheet

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | | French Ministry of Justice (6-7); the discussions in France with defense counsel regarding the difficulties with the French properties and defense counsel's efforts to liquidate that property (8-10, 46); efforts of Mr. Shohat with respect to Duboc's French assets and evidence in Duboc's French estate, and the Biochem stock as the source of those expenses (12-14, 17-18, 27-28); the pre-plea meeting in chambers on May 17, 1994 (74); plaintiffs expenditure of $627,000 on the upkeep of the properties as of November 22, 1994 (103); plaintiffs conversations with Mr. Kirwin on January 12 and 16, 1996 (118-21); Mr. Kirwin's letter of January 25, 1996 (127, 131); Mr. Shapiro's |
| X4 | | | | |
| | | | | 5/27/94; Letter from Mr. Shohat to Raymond Duboc, 2 pages; describes efforts by defense counsel regarding French properties and negotiations between French and United States representatives (all) |
| Y4 | | | | 5/31 /94; Letter from Mr. Shohat to Mr. Kirwin, attaching documentation from Raymond Duboc regarding French properties, including boats and estates, 21 pages; describes defense counsel's proposed efforts and source of compensation for maintenance and liquidation of French assets (1), including the plan for Mr. Shohat to direct the transfer of Japanese stock to his trust account in Miami to finance the ongoing expenses (2) |
| Z4 | | | | 5/31/94; Letter from Mr. Shohat to Raymond Duboc, 2 pages; describes efforts of defense counsel and Raymond Duboc in maintenance of French assets, negotiations between French and United States representatives, and the use of a French bank account by Raymond Duboc for the maintenance efforts (all) |
| A5 | | | | 6/2/94; Letter from Mr. Shohat to Mr. Kirwin, attaching estimate for sale of boats and boat |

Case Number:
6:01-cv-875-Orl-22KRS
Page 20

## EXHIBIT LIST - Continuation Sheet

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | | slip, 3 pages; describes efforts of defense counsel in sale of two boats and a boat slip (1-2, 4), the decision not to use the French domestic account for maintenance expenses, and the need for plaintiff to arrange for a loan against the Biochem Pharma stock in plaintiffs Swiss trust account so that expenses may be paid (3) |
| B5 | | | | 6/6/94; Letter from Ms. Constant to Mr. Shohat, attaching excerpts from a treatise on French business law, 13 pages; describes concern of Raymond Duboc's counsel about the plan to open a joint account with plaintiff containing loan proceeds from the Swiss trust account (1-3), acknowledging that the common purpose is to enforce the plea agreement between Claude Duboc and the United States (2) |
| C5 | | | | 6/8/94; Letter from Mr. Shohat to Mr. Bailey, 1 page; forwards Ms. Constant's June 6, 1994 letter to plaintiff |
| D5 | | | | 6/13/94; Letter from Mr. Shohat to Mr. Bailey, 1 page; request for cost retainer to cover ongoing expenses of defense counsel |
| E5 | | | | 6/13/94; Letter from Mr. Patterson and Mr. Kirwin to Mr. Shohat, 1 page; describes assistance of defense counsel while in France with the liquidation of French assets and the gathering of evidence related to the ongoing criminal investigation |
| F5 | | | | 6/17/94; Letter from Mr. Patterson and Mr. Kirwin to Mr. Shohat, 2 pages; involves assistance of defense counsel in the liquidation of French assets (all) |
| G5 | | | | 6/28/94; Letter from Mr. Dixon to Mr. Shohat, attaching unsigned letter from plaintiff to Mr. Dixon, 2 pages; involves efforts of defense counsel in the sale of the French boats and boat slip through an agent (all) |

Case Number:
6:01-cv-875-Orl-22KRS
Page 21


## EXHIBIT LIST - Continuation Sheet

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| H5 | | | | 6/28/94; Letter from Mr. Shohat to Mr. Dixon, attaching facsimile from plaintiff to Mr. Shohat, 4 pages; involves efforts of defense counsel in the sale of the French boats and boat slip through the agent (all) |
| I5 | | | | 7/1/94; Memorandum from Mr. Bailey to Mr. Shapiro, 2 pages; describes plaintiffs offer to cocounsel, Mr. Shapiro, to meet plaintiff, with spouses, in Cannes at one of the French estates, and noting that Mr. Shapiro's expenses would be paid from the Swiss trust account containing the Biochem Pharma stock (all) |
| J5 | | | | 7/19/94; Letter from Mr. Bailey to Credit Suisse, attaching copies of checks drawn on account, 4 pages; identifies the sale of the Japanese stock by the account manager and transfer of the proceeds to plaintiffs personal account in Florida (1), and describing draws against the line of credit (2) |
| K5 | | | | 7/19/94; Letter from Mr. Bailey to Mr. Dixon, 3 pages; proposed terms of sale of boats and boat slip, and instructions regarding proceeds (1) |
| L5 | | | | 7/20/94; Letter from Mr. Shohat to Mr. Bailey, attaching summary of expenses, 2 pages; identifies the expenses of defense counsel (2) |
| M5 | | | | 7/21/94; Memorandum from Mr. Bailey to Claude Duboc, 3 pages; describes efforts of defense counsel on Mr. Duboc's behalf with respect to the maintenance and liquidation of Mr. Duboc's property in France (1), and identifying purpose and intended effect of these "extraordinary" efforts by defense counsel upon Mr. Duboc's eventual sentence (2) |
| N5 | | | | 8/16/94; Bailey, Fishman, Freeman & Kennedy Billing Summary of Toni Marie Kennedy, 4 pages; record of time and expenses of |

Case Number:
6:01-cv-875-Orl-22KRS
Page 22


## EXHIBIT LIST - Continuation Sheet

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | | plaintiffs associate for Duboc representation during four month period (all) |
| O5 | | | | 8/18/94; Summary of FLB Legal Expenses, 4 pages; lists defense counsel's expenses associated with Duboc representation, including travel to France and Switzerland (all) |
| P5 | | | | 8/20/94; Memorandum from Mr. Bailey to Raymond Duboc, 3 pages; describes the Raymond Duboc's and defense counsel's maintenance and liquidation efforts as an obligation arising out of Claude Duboc's plea agreement (1-2), which obligated Duboc and defense counsel to assist in every way the liquidation of the French properties for the benefit of the United States, and which was intended to affect Claude Duboc's ultimate sentence (2); describes plaintiffs intent to secure an order of the district court describing Raymond Duboc's efforts to protect Raymond Duboc (2-3) |
| Q5 | | | | 8/22/94; Memorandum from Mr. Bailey to Claude Duboc, attaching various memoranda, affidavits, and the motion to the district court, 21 pages; letter (1) and attachments (16, 17) describe the intent behind the motion to the district court |
| R5 | | | | 8/22/94; Motion, United States v. Duboc, 2 pages; describes Claude.Duboc's efforts, personally and through counsel and Raymond Duboc, pursuant to his plea agreement to liquidate his assets (1-2) |
| S5 | | | | 8/28/94; Facsimile from Mr. Bailey to Claude Duboc, attaching a memorandum from plaintiff to Raymond Duboc, and correspondence (and translations) between French attorneys, 13 pages; describes efforts of defense counsel pursuant to plea agreement regarding the French properties (10) |
| T5 | | | | 9/23/94; Memorandum from Director of Procurement Services Staff to Patrick M. |

Case Number:
6:01-cv-875-Orl-22KRS
Page 23

## EXHIBIT LIST - Continuation Sheet

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | | Patterson, United States Attorney for the Northern District of Florida, 2 pages; rescinds delegation of procurement authority (all) |
| U5 | | | | 9/27/94; Letter from the French Ministry of Justice to the U.S. Department of Justice, 2 pages; same as attachment to Exhibit 17 (all) |
| V5 | | | | 10/1/94; Memorandum from Director of Procurement Services Staff to Patrick M. Patterson, United States Attorney for the Northern District of Florida, 14 pages; delegates procurement authority with maximum monetary limitations (2-4) |
| W5 | | | | 10/2/94; Memorandum from Mr. Bailey to Raymond Duboc, 2 pages; involves efforts of defense counsel to continue Claude Duboc's assistance to the United States (1) |
| X5 | | | | 10/12/94; Letter from Mr. Shohat to Mr. Bailey, 1 page; relates to ongoing representation |
| Y5 | | | | 10/13/94; Letter from Mr. Bailey to Credit Suisse, 1 page; transfer of $100,000 from Credit Suisse account to plaintiffs personal account |
| Z5 | | | | 10/15/94; Letter from Mr. Braghini to Mr. Bailey |
| A6 | | | | 10/16/94; Letter from Mr. Bailey to Credit Suisse, 2 pages; describes liquidation and management efforts of French properties pursuant to plea agreement and district court order (all) |
| B6 | | | | 10/19/94; Letter from Mr. Bailey to Mr. Reed, 1 page; describes funds deposited in plaintiffs trust account, and the purpose of the creation of a trust account on behalf of the district court |
| C6 | | | | 10/19/94; Letter from Mr. Bailey to Mr. Braghini, 4 pages; describes Raymond Duboc's efforts in management of the French properties to assist the United States in furtherance of Claude Duboc's plea agreement (2); describes the funds deposited in a French |

Case Number:
6:01-cv-875-Orl-22KRS
Page 24

## EXHIBIT LIST - Continuation Sheet

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | | account from plaintiffs Credit Suisse account as the property of the United States Government; identifying counsel's duties (2) |
| D6 | | | | 10/22/94; Letter from Claude Duboc to Mr. Bailey, 4 pages; describes understanding of the use of the stock funds (3-4) |
| E6 | | | | 11/27/94; Letter from Mr. Bailey to Claude Duboc, 2 pages; describes the efforts of Claude Duboc, Raymond Duboc and defense counsel in the management and liquidation of the French assets (all) |
| F6 | | | | 11/30/94; Memorandum from Mr. Bailey to Raymond Duboc, 1 page; instructions regarding Raymond Duboc's maintenance of French properties |
| G6 | | | | 12/21/94; Letter from Mr. Shohat to Claude Duboc, attaching cost and fees statement, 8 pages; describes termination of defense counsel (1); identifies efforts by defense counsel in the maintenance and liquidation of French assets (3-7) and the calculation of fees for such services (7) |
| H6 | | | | 1/3/95; Letter from Claude Duboc to Mr. Bailey, 6 pages; describing Claude Duboc's testimony and defense counsel's maintenance and liquidation efforts as part of his cooperation pursuant to his plea agreement (3); instructing plaintiff to keep the 602,000 shares of Biochem Pharma stock at $12 3/8 (5-6) |
| I6 | | | | 1/30/95; Financial Statement of Mr. Bailey, 1 page; lists assets and credit lines |
| J6 | | | | 2117/95; Letter from Mr. Shohat to Mr. Bailey, 1 page; relates to termination of counsel and payment of fees and expenses out of funds held by plaintiff |
| K6 | | | | 3/15/95; Letter from Henry Uscinski to Mr. Bailey, attaching statement for professional services, 6 pages; relates to efforts by defense |

Case Number:
6:01-cv-875-Orl-22KRS
Page 25

## EXHIBIT LIST - Continuation Sheet

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | | counsel in the maintenance and liquidation of French assets (2-5) |
| L6 | | | | 6/28/95; Letter from Mr. Shohat to Claude Duboc, 3 pages; relates to termination of counsel and the source of defense counsel's fees and expenses (2) |
| M6 | | | | 8/8/95; Uniform Residential Loan Application, 4 pages; lists assets, liabilities, and accounts (2-3) |
| N6 | | | | 9/25/95; Letter from Claude Duboc to Mr. Bailey, 4 pages; describes the intent of the transfer of stock and other funds, and the work of other defense counsel (1), and requesting an accounting of the stock (4) |
| O6 | | | | 11/2/95; 1994 Tax Return, 29 pages; lists income, accounts, and investments (1-2, 4, 8, 9, 27) |
| P6 | | | | 11/3/95; Financial Statement of Mr. Bailey, 1 page; lists assets and credit lines |
| Q6 | | | | 11/10/95; Letter from Claude Duboc to Mr. Bailey, 1 page; letter firing plaintiff as counsel and directing the remaining Biochem Pharma stock to new defense counsel |
| R6 | | | | 11/17/95; Letter from Mr. Lebow to Mr. Bailey, 2 pages; requests transfer of all stocks, proceeds, cash or property held by plaintiff on behalf of Claude Duboc, including Biochem Pharma stock, to new counsel (all) |
| S6 | | | | 11/28/95; Draft Letter from Mr. Kirwin acid Mr. Patterson to Mr. Lebow, 2 pages; proposed response to Mr. Lebow's November 17, 1995 letter regarding the Biochem Pharma stock (all) |
| T6 | | | | 11/28/95; Draft Letter from Mr. Kirwin and Mr. Patterson to Mr. Lebow, with handwritten notes, 2 pages; proposed edits to proposed response to Mr. Lebow's November 17, 1995 letter regarding the Biochem Pharma stock |

Case Number:
6:01-cv-875-Orl-22KRS
Page 26

## EXHIBIT LIST - Continuation Sheet

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | | (all) |
| U6 | | | | 11/28/95; Letter from Mr. Bailey to Credit Suisse, 3 pages; request for information regarding account, including stocks, and loans (1-2) |
| V6 | | | | 11/30/95; Letter from Claude Duboc to Mr. Shapiro, 4 pages; refers to plaintiffs personal expenses from the stock proceeds (2) |
| W6 | | | | 12/31/95; Credit Suisse Account Analysis, 4 pages; tracks Credit Suisse account transactions for 1992-1995 (all) |
| X6 | | | | 1/16/96; Memorandum from Mr. Kirwin, 1 page; refers to conversation with plaintiff regarding the district court's January 12, 1996 order |
| Y6 | | | | 1/22/96; Transcribed Notes, 6 pages; summarizes meeting between plaintiff and the Government, including discussions regarding the stock transfer (1), the lack of a meeting of the minds (2, 5), the sale of stock (3-4), tax implications (4), authority (6)Draft Letter from Mr. Kirwin and Mr. Patterson to Mr. Lebow, 2 pages; proposed response to Mr. Lebow's November 17, 1995 letter regarding the Biochem Pharma stock |
| Z6 | | | | 1/22/96; Emergency Motion to Surrender, United States v. Duboc, 6 pages; motion establishing Government's position with respect to the Biochem Pharma stock in the district court litigation (1), describing the plea agreement (1-2), and the pre-plea conference regarding the stock (4) |
| A7 | | | | 3/12/96; Accounting Analysis, 23 pages; summary of plaintiff's financial activities subsequent to the stock transfer (2-3) |
| B7 | | | | 3/8/96; Affidavit of Mr. Miller, United States v. Duboc, attaching plea agreement, list of forfeitable assets, and district court order, 26 pages; describes plea agreement (2), stock |

Case Number:
6:01-cv-875-Orl-22KRS
Page 27

## EXHIBIT LIST - Continuation Sheet

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | | transfer (2-3), proceedings before the district court (3-4) |
| C7 | | | | 3/20/96; Mr. Braghini's Statement of Work, 9 pages; describes work performed by Jean Braghini pursuant to the plea agreement (all) |
| D7 | | | | 3/22/96; Letter from Mr. Lebow to Mr. Kirwin, attaching synopsis of Biochem Pharma stock, 5 pages; identifies share value of stock (5) |
| E7 | | | | 5/17/96; Stipulation, United States v. Duboc, 2 pages; stipulated dismissal with prejudice of plaintiffs claim to the Biochem Pharma stock or its proceeds (all) |
| F7 | | | | 5/17/96; Hearing, United States v. Duboc, 10 pages; counsel for plaintiff states that agrees to the breadth of the waiver of plaintiffs claim to the stock or its proceeds (6, 8), and agrees that a claim for attorney fees must be made to the district court (6-7) |
| G7 | | | | 5/28/96; Letter from Mr. Braghini to Judge Paul, attaching the statement of work, 13 pages; describes Mr. Braghini's efforts to fulfill the terms of the plea agreement (2, 13) |
| H7 | | | | 7/1/96; Affidavit of Mr. Bailey, United States v. Duboc, 52 pages; describes discussions leading to the plea agreement (5-6), discussions with co-counsel and the district court (6-7), the efforts of plaintiff, Raymond Duboc and co-counsel in France (8, 11-14, 26, 36-40, 45-46, 48-49), the Credit Suisse stock account (19, 20, 29, 31), and Claude Duboc's medical expenses (30-32) |
| I7 | | | | 7/10/96; Affidavit of Mr. Kirwin, United States v. Duboc, 4 pages; discusses the Credit Suisse stock account and Claude Duboc's medical expenses (2-3) |
| J7 | | | | 4/29/97; Affidavit of Mr. Bailey, United States v. Duboc, 7 pages; describes the purpose of the transfer of the stock to the Credit Suisse account (1-2), the ownership of those funds |

Case Number:
6:01-cv-875-Orl-22KRS
Page 28

## EXHIBIT LIST - Continuation Sheet

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | | (2), and the required approval of the district court (2) |
| | | | | 6/11/97; Affidavit of Mr. Bailey, Bailey v. United States, No. 96-666C (Fed. Cl.), 21 pages; describes the source of Claude Duboc's assets (2-3, 7); the nature of Duboc's proposed cooperation (5, 10); the source of defense counsel fees (6, 11-14, 20-21); the required approval of the district court (12); the alleged nature of the transfer of stock (13-14, 16), plaintiffs sale of shares (18-19) |
| K7 | | | | 6/25/97; Affidavit of Mr. Patterson, Bailey v. United States, 1 page; no authorization to enter into a contract with plaintiff |
| L7 | | | | 7/25/97; Affidavit of Mr. Miller, Bailey v. United States, 2 pages; no contract with plaintiff (all) |
| M7 | | | | 6/19/00; Trial Brief of Mr. Bailey in Florida Bar v. F. Lee Bailey, attaching Memorandum to File dated February 1996, 94 pages; brief filed on behalf of plaintiff discusses plaintiffs perceived role (6), the purpose and nature of the transferred funds (12, 18), lack of meeting of the minds (23) and authority (24), and the attached memorandum of counsel discusses the nature of agreement, authority, and the failure of a meeting of the minds (66-70, 72-74) |
| N7 | | | | 11/8/00; Interrogatory Responses, Bailey v. United States, 44 pages; discusses the purpose of the transfer of stock (29); the alleged terms of the agreement (36-37), the damages sought by plaintiff in this litigation (40-41) |
| O7 | | | | 2/26/96; Accounting Analysis by Arthur Anderson of Credit Suisse Activity, 16 pages; summary of plaintiff's financial activities subsequent to the stock transfer (2-4, 6-7, 9-10) |
| P7 | | | | 10/14/96; 1995 Tax Return of F. Lee Bailey, 41 |

Case Number:
6:01-cv-875-Orl-22KRS
Page 28

## EXHIBIT LIST - Continuation Sheet

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | | (2), and the required approval of the district court (2) |
| | | | | 6/11/97; Affidavit of Mr. Bailey, Bailey v. United States, No. 96-666C (Fed. Cl.), 21 pages; describes the source of Claude Duboc's assets (2-3, 7); the nature of Duboc's proposed cooperation (5, 10); the source of defense counsel fees (6, 11-14, 20-21); the required approval of the district court (12); the alleged nature of the transfer of stock (13-14, 16), plaintiffs sale of shares (18-19) |
| K7 | | | | 6/25/97; Affidavit of Mr. Patterson, Bailey v. United States, 1 page; no authorization to enter into a contract with plaintiff |
| L7 | | | | 7/25/97; Affidavit of Mr. Miller, Bailey v. United States, 2 pages; no contract with plaintiff (all) |
| M7 | | | | 6/19/00; Trial Brief of Mr. Bailey in Florida Bar v. F. Lee Bailey, attaching Memorandum to File dated February 1996, 94 pages; brief filed on behalf of plaintiff discusses plaintiffs perceived role (6), the purpose and nature of the transferred funds (12, 18), lack of meeting of the minds (23) and authority (24), and the attached memorandum of counsel discusses the nature of agreement, authority, and the failure of a meeting of the minds (66-70, 72-74) |
| N7 | | | | 11/8/00; Interrogatory Responses, Bailey v. United States, 44 pages; discusses the purpose of the transfer of stock (29); the alleged terms of the agreement (36-37), the damages sought by plaintiff in this litigation (40-41) |
| O7 | | | | 2/26/96; Accounting Analysis by Arthur Anderson of Credit Suisse Activity, 16 pages; summary of plaintiff's financial activities subsequent to the stock transfer (2-4, 6-7, 9-10) |
| P7 | | | | 10/14/96; 1995 Tax Return of F. Lee Bailey, 41 |

Case Number:
6:01-cv-875-Orl-22KRS
Page 29


## EXHIBIT LIST - Continuation Sheet

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | | pages; lists income, accounts, and investments, references the Biochem Pharma stock, and the district court litigation (1-2, 5, 13-15, 28-32) |
| Q7 | | | | 10/14/97; 1996 Tax Return of F. Lee Bailey, 10 pages; lists income, accounts, and investments, references the Biochem Pharma stock, and the district court litigation (1-2, 4, 7-9) |
| R7 | | | | 8/10/99; 1997 Tax Return of F. Lee Bailey, 12 pages; lists income, accounts, and investments (2, 3, 5, 8, 11) |
| S7 | | | | 5/6/94; Handwritten Notes, 1 page; records conversation between plaintiff and Mr. Shohat, Mr. McGee, Mr. Kirwin and Mr. Miller |
| T7 | | | | 7/4/94; Letter from Mr. Bailey to Credit Suisse, 1 page; provides instructions regarding Japanese stock |
| U7 | | | | 7/5/94; Letter from Mr. Bailey to Credit Suisse, 2 pages; provides further instructions regarding Japanese stock |
| V7 | | | | 10/16/94; Letter from Mr. Bailey to Credit Suisse, 2 pages; provides maintenance cost information regarding French estates |
| W7 | | | | 1/4/96; Letter from Mr. Bailey to Chief Judge Paul, 4 pages; describes plaintiffs representation of Claude Duboc, including the work in the maintenance and liquidation of the French assets pursuant to the plea agreement (3, 4) |
| 13 | | | | Opinion of Horn, J, Bailey v. U.S., United State Court of Claims, No. 96-666C, Filed January 21, 2000 |
| 14 | | | | The transcript of the entire charge conference in U.S. v. McCorkle, Case No. 6:98-cr-52-Orl-19JGG |

Case Number:
6:01-cv-875-Orl-22KRS
Page 1


**EXHIBIT LIST - Continuation Sheet**
Objection:
Rules 401-404. 801-803

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

       Government _

v.                       Case No.  6:01-cv-875-Orl-22KRS

F. LEE BAILEY

                           ___  Evidentiary
                           _X_  Trial
       Defendant   _x_       ___  Other

| | | | EXHIBIT LIST[1] | |
|---|---|---|---|---|
| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
| 1 | | | Objection:<br><br>Rules 401-404. 801-803 | All of the documents introduced as evidence during that certain Bond Hearing styled, <u>United States v. McCorkle, et al.</u>, Case No. 6:98-cr-52-Orl-19JCG, including the Erlich financial report, which was excluded. |
| 2 | | | No objection | All documents listed as exhibits by Plaintiff. |
| 3 | | | No objection | Copies of all documents attached as Exhibits to Plaintiff's Complaint in <u>U.S. v. Bailey</u>, Case No. 6:01-cv-875-Orl-22KR. These documents are located at the U.S. Attorney's Office and the Clerk's office of the U.S. Middle District. |
| 4 | | | Objection:<br><br>Rules 401-404. 801-803 | Correspondence dated January 11, 2001, From Harrison Slaughter on behalf of Mark L. Horwitz and the Law Offices of Horwitz & Fussell to the Department of Justice.  These |

Case Number:
6:01-cv-875-Orl-22KRS
Page 2

## EXHIBIT LIST - Continuation Sheet
Objection:
Rules 401-404. 801-803

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | | documents are located at the Law Offices of Barrett, Chapman & Ruta, P.A. |
| 5 | | | Objection:<br>Rules 401-404. 801-803 | Presentation on behalf of Mark L. Horwitz and the Law Offices of Horwitz & Fussell made to Michel Cauley, First Assistant U.S. Attorney, Tampa Office on April 6, 2001. These documents are located at the Law Offices of Barrett, Chapman & Ruta, P.A. |
| 6 | | | Objection:<br>Rules 401-404. 801-803 | Opinion of Horn, J, Bailey v. U.S., United State Court of Claims, No. 96-666C, Filed November 21, 2002 |
| 7 | | | Objection:<br>Rules 401-404. 801-803 | The entire court file in the case U.S. v. McCorkles, Case No. 6:98-cr-52-Orl-19C and all related proceedings. |
| 8 | | | Objection:<br>Rules 401-404. 801-803 | Opinion of Horn, J, Bailey v. U.S., United State Court of Claims, No. 96-666C, Filed February 10, 1998 |
| 9 | | | Objection:<br>Rules 401-404. 801-803 | United States v. Saccocia, 165 F.Supp.2d 103 (DRI 2001) |
| 10 | | | Objection:<br>Rules 401-404. 801-803 | United States v. Gilbert , 244 F.3d 888 (11th Cir. 2001) |
| 11 | | | Objection:<br>Rules 401-404. 801-803 | Bailey v. The Florida Bar, Petition for Writ of Certiorari to the Supreme Court of Florida. |
| A | | | Objection:<br>Rules 401-404. 801-803 | Supreme Court of Florida Decision (App. 1) |
| B | | | Objection:<br>Rules 401-404. 801-803 | Amended Report of Referee (App. 25) |
| C | | | Objection:<br>Rules 401-404. 801-803 | Motion to Submit Court of Federal Claims Transcript to Supreme Court of Florida (App. 65) |
| D | | | Objection:<br>Rules 401-404. 801-803 | Supreme Court of Florida denial of Motion to Submit Court of Federal Claims Transcript (App. 72) |

Case Number:
6:01-cv-875-Orl-22KRS
Page 3

## EXHIBIT LIST - Continuation Sheet
Objection:
Rules 401-404. 801-803

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| E | | | Objection:<br>Rules 401-404. 801-803 | Letter to Assistant Attorney General Robinson, dated April 6, 2000, requesting permission to depose Mary Lee Warren App. 73 |
| F | | | Objection:<br>Rules 401-404. 801-803 | Letter from AUSA Petrie, dated June 23, 2000, denying request to depose Mary Lee Warren (App. 79) |
| G | | | Objection:<br>Rules 401-404. 801-803 | Emergency Motion for Abatement or Stay, dated May 24, 2000 (App. 83) |
| H | | | Objection:<br>Rules 401-404. 801-803 | Supplement to Emergency Motion for Abatement or Stay, dated May 25, 2000 (App. 95) |
| I | | | Objection:<br>Rules 401-404. 801-803 | Supreme Court of Florida's denial of Motions for Abatement or Stay (App. 98) |
| J | | | Objection:<br>Rules 401-404. 801-803 | Biochem Stock Transfer Document (App. 99) |
| K | | | Objection:<br>Rules 401-404. 801-803 | Shaw Chuen Transfer Document (App. 100) |
| L | | | Objection:<br>Rules 401-404. 801-803 | Sai Yuk Transfer Document (App. 101) |
| M | | | Objection:<br>Rules 401-404. 801-803 | Timothy Chinaris Resume (App. 102) |
| N | | | Objection:<br>Rules 401-404. 801-803 | Timothy Chinaris Answer to Interrogatories (App. 110) |
| O | | | Objection:<br>Rules 401-404. 801-803 | F. Lee Bailey's initial Brief to Supreme Court of Florida (App. 115) |
| P | | | Objection:<br>Rules 401-404. 801-803 | Excerpt of Judge Horn's Comments from Court of Federal Claims Trial (App. 168) |
| Q | | | Objection:<br>Rules 401-404. 801-803 | F. Lee Bailey's Polygraph Report (App. 197) |

I:\BWilliams\bailey's exhibit list.obj.wpd

Case Number:
6:01-cv-875-Orl-22KRS
Page 4


## EXHIBIT LIST - Continuation Sheet
Objection:
Rules 401-404. 801-803

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| R | | | Objection:<br>Rules 401-404. 801-803 | Joaquin Fuster's Polygraph Report (App. 201) |
| 12 | | | Objection:<br>Rules 401-404. 801-803 | Bailey v. U.S., United States Court of Federal Claims, No. 96-666C |
| A1 | | | Objection:<br>Rules 401-404. 801-803 | Composite of 5 letters: Oman Oil Services S.A., dated April 26, 1994, from A. Larkin to Jaen Paul Theis; Oman Oil Services S.A., dated 26 April 1994, from A. Larkin to Ms. Yvonne Chui; Oman Oil Services S.A., dated 26 April 1994, from A. Larkin to Ms. Theresa Heng; letter, dated 26 April 199.4, from Claude Duboc to Ms. Colling; letter, dated 26 April 1994, from Claude Duboc to Mr. Pierre Michel, total of 5 pages |
| B1 | | | Objection:<br>Rules 401-404. 801-803 | AN AGREEMENT BETWEEN: Claude Duboc and the United States, dated 28 day of April 1994, re: Shaw Chuen Limited, 3 pages |
| C1 | | | Objection:<br>Rules 401-404. 801-803 | letter, dated April 28, 1994, from Claude Duboc to AMS Management Services Limited, re: Shaw Chuen Limited |
| D1 | | | Objection:<br>Rules 401-404. 801-803 | letter, dated April 28, 1994, from Claude Duboc to AMS Management Services Limited, ref: Sai Yuk Industrial Limited |
| E1 | | | Objection:<br>Rules 401-404. 801-803 | Memorandum, dated May 4, 1994, from F. Lee Bailey to Claude Duboc, re: Status Report: U.S. v. Duboc, 9 pages |
| F1 | | | Objection:<br>Rules 401-404. 801-803 | Plea And Cooperation Agreement, filed on May 17, 1994, United States v. Claude Duboc, Case No.: 94-01009, 8 pages |
| G1 | | | Objection:<br>Rules 401-404. 801-803 | Transcript Of Change Of Plea Proceedings Before The Honorable Maurice M. Paul United States Chief District Judge, Gainesville, Florida, May 17, 1994, United States v. Duboc, Case No.: 94-CR-1009, 31 pages |
| H1 | | | Objection: | DOJ letter, dated May 31, 1994, from P. |

Case Number:
6:01-cv-875-Orl-22KRS
Page 5

# EXHIBIT LIST - Continuation Sheet
Objection:
Rules 401-404. 801-803

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | Rules 401-404. 801-803 | Michael Patterson to M. Phillipe Labragere, 4 pages |
| I1 | | | Objection: Rules 401-404. 801-803 | DOJ letter, dated June 2, 1994, from Thomas F. Kirwin to Edward R. Shohat, 2 pages |
| J1 | | | Objection: Rules 401-404. 801-803 | DOJ letter, dated June 20, 1994, from Thomas F. Kirwin to Carlos Agliardi |
| K1 | | | Objection: Rules 401-404. 801-803 | DOJ letter, dated July 13, 1994, from Thomas F. Kirwin to F. Lee Bailey, re: Sale of the Duboc Properties, 2 pages |
| L1 | | | Objection: Rules 401-404. 801-803 | Memorandum, dated 7-18-94, from F. Lee Bailey to Raymond Duboc, re: Le Belvoir, 2 pages |
| M1 | | | Objection: Rules 401-404. 801-803 | Memorandum, dated 18 August 1994, from F. Lee Bailey to Chas. Caplan, Esq, Martine Constant, Esq., Henri Roberty, Esq., Raymond Duboc, and Michel Sery, re: Account Seizures, 4 pages |
| N1 | | | Objection: Rules 401-404. 801-803 | Affidavit, notarized August 2,1994, signed by Claude L. Duboc, 2 pages |
| O1 | | | Objection: Rules 401-404. 801-803 | Affidavit, notarized (undated), signed by F. Lee Bailey, 6 pages |
| P1 | | | Objection: Rules 401-404. 801-803 | Order, dated 25 August 1994, signed by Maurice M. Paul, Chief United States District Judge, Northern District of Florida, 6 pages |
| Q1 | | | Objection: Rules 401-404. 801-803 | letter, dated September 27, 1994, from Oliver de Haynast to David Ford, in English and French, 2 pages each |
| R1 | | | Objection: Rules 401-404. 801-803 | letter, dated October 15. 1994, from F. Lee Bailey to Jean Braghini, 4 pages |
| S1 | | | Objection: Rules 401-404. 801-803 | Memorandum, dated October 16, 1994, from FLB to Tom Kirwin, Jim Hankinson, or Gregg Miller, re: Authorization Letter, 2 pages |
| T1 | | | Objection: | DOJ letter (Draft), dated October 18, 1994, |

Case Number:
6:01-cv-875-Orl-22KRS
Page 6

## EXHIBIT LIST - Continuation Sheet
Objection:
Rules 401-404. 801-803

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | Rules 401-404. 801-803 | from P. Michael Patterson/James C. Hankinson to F. Lee Bailey |
| U1 | | | Objection: Rules 401-404. 801-803 | DOJ Fax Cover page, dated 10/21/94, from Linda to Jimmy Hankinson, with "Draft" DOJ letter, dated October 18, 1994, from James C. Hankinson/P. Michael Patterson to F. Lee Bailey with handwritten notes, 2 pages |
| V1 | | | Objection: Rules 401-404. 801-803 | DOJ letter, dated October 21, 1994, from P. Michael Patterson/James C. Hankinson, 2 pages |
| W1 | | | Objection: Rules 401-404. 801-803 | letter, dated November 8, 1994, from P. Michael Patterson/James C. Hankinson |
| X1 | | | Objection: Rules 401-404. 801-803 | DOJ letter, dated November 10, 1994, from James C. Hankinson to David Ford |
| Y1 | | | Objection: Rules 401-404. 801-803 | Memorandum, dated 1-8, thru 10, 1995, from FLB to Claude Duboc, re: Your memo Of 1-3-95, 12 pages letter, dated November 13, 1995, from Claude Duboc to F. Lee Bailey Memorandum, dated January 18, 1996, from F. Lee Bailey to Messrs. Miller, Kirwin, Lilley, et al, re: Early Chronology, U.S. v. Claude Duboc, 4 pages |
| Z1 | | | Objection: Rules 401-404. 801-803 | letter, dated January 21, 1996, from F. Lee Bailey to Hon Maurice M. Paul, 7 pages |
| A2 | | | Objection: Rules 401-404. 801-803 | Response Of F. Lee Bailey To Government's Emergency Motion To Surrender Property, filed Jan 24 1996, United States v. Duboc, Case No.: 94-1009, signed by F. Lee Bailey, 9 pages |
| B2 | | | Objection: Rules 401-404. 801-803 | Order, dated 25 January 1996, signed by Maurice M. Paul, Chief Judge, United States v. Duboc, Case No.: GCR 94-01009-MMP, 2 pages |
| C2 | | | Objection: Rules 401-404. 801-803 | DOJ letter, dated January 25, 1996, from Thomas F. Kirwin to F. Lee Bailey |

I:\BWilliams\bailey's exhibit list.obj.wpd

Case Number:
6:01-cv-875-Orl-22KRS
Page 7

## EXHIBIT LIST - Continuation Sheet
Objection:
Rules 401-404. 801-803

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| D2 | | | Objection:<br><br>Rules 401-404. 801-803 | DOJ letter, dated March 4, 1996, from Gerald E. McDowell to Roger Zuckerman, 2 pages |
| E2 | | | Objection:<br><br>Rules 401-404. 801-803 | DOJ Memorandum, dated Apr 1, 1996, from Gerald E. McDowell to Mary Lee Warren, re: Payment of Attorney's Fees to Coudert Brothers, 4 pages |
| F2 | | | Objection:<br><br>Rules 401-404. 801-803 | Petition And Response To Stipulated Order Of Forfeiture And Notice Thereof, <u>United States v. Duboc</u>, Case No.: GCR 94-01009-MMP, Cert date of 23 April 1996, signed by F. Lee Bailey, 14 pages |
| G2 | | | Objection:<br><br>Rules 401-404. 801-803 | Affidavit, notarized 10 May 1996, signed by F. Lee Bailey, 17 pages |
| H2 | | | Objection:<br><br>Rules 401-404. 801-803 | DOJ Memorandum, dated June 10, 1998, from Linda Samuel to Geoffrey Brigham, re: tax liability on properties owned by Claude L. Duboc, 4 pages |
| I2 | | | Objection:<br><br>Rules 401-404. 801-803 | letter, dated April 6, 2000, from F. Lee Bailey to James K. Robinson, (re: request to take deposition of Mary Lee Warren), 5 pages |
| J2 | | | Objection:<br><br>Rules 401-404. 801-803 | list, titled "Accounting", 2 pages, of Claude Duboc's assets as disclosed on or about April 25`" & 261h'1994 |
| K2 | | | Objection:<br><br>Rules 401-404. 801-803 | DOJ fax cover, Greg Miller to F. Lee Bailey, containing: letter, dated April 28,1994, to AMS Management Services Limited from Claude Duboc, Ref: SHAW CHEN LIMITED; letter, dated April 28, 1994 to AMS Management Services Limited from Claude Duboc, REF: SAI YUK INDUSTRIAL LIMITED; AN AGREEMENT BETWEEN: Claude Duboc and United States, re: Shaw Chuen Limited, transferring all interest to United States, and a second copy of same agreement, signed by Bailey, 7 pages |
| L2 | | | Objection: | DOJ letter, dated April 29, 1994, from Thomas |

Case Number:
6:01-cv-875-Orl-22KRS
Page 8

## EXHIBIT LIST - Continuation Sheet

Objection:
Rules 401-404. 801-803

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | Rules 401-404. 801-803 | F. Kirwin to F. Le Bailey, Re: <u>United States v. Claude Luis Duboc</u> (instructions for Bailey to send to AMS) |
| M2 | | | Objection: Rules 401-404. 801-803 | cover letter, dated May 2, 1994, from F. Lee Bailey to AMS Management Services Limited, with copy of Federal Express air waybill |
| N2 | | | Objection: Rules 401-404. 801-803 | letter, dated May 2, 1994, from F. Lee Bailey to Thomas F. Kirwin, enclosing copy of correspondence sent to AMS |
| O2 | | | Objection: Rules 401-404. 801-803 | DOJ Canada Fax Cover, 7 pages, from Thomas Kirwin (for Greg Miller) to F. Lee Bailey, including: letter of Oman Oil Services S.A., dated 26 April 1994, signed by A. Larkin to Ms. Theresa Heng, Arab banking Corporation (re: transfer); letter of Oman Oil Services S.A., dated 26 April 1994, signed by A. Larkin to Ms. Yvonne Chi, Banque National de Paris (re: transfer); letter of Oman Oil Services S.A., dated 26 April 1994, signed by A. Larkin to Mr. Jean Paul Theis, Credit Lyonaise (re: transfer); Letter, dated 26 April 1994, from Claude Duboc to Ms. Colling, Meese-Pierson (re: transfer); letter, dated April 28, 1994, from Claude Duboc to AMS Management Services, Limited (re: Shaw Chuen Limited, transfer to Bailey, as trustee); letter, dated April 28, 1994, from Claude Duboc to AMS Management Services, Limited (re: Sai Yuk Industrial Limited, transfer to Bailey, as trustee) |
| P2 | | | Objection: Rules 401-404. 801-803 | letter, dated May 5, 1994, from Raymond Duboc to F. Lee Bailey, (re: summary of expenses), 7 pages |
| Q2 | | | Objection: Rules 401-404. 801-803 | copy of previous Government Exhibit 3, DOJ 1189 & 1190, copy of Kirwin's notes dated 5/11/94 & 5/17/94, 2 pages |
| R2 | | | Objection: Rules 401-404. 801-803 | DOJ Memorandum, dated May 19, 1994, from P. Michael Patterson to Mary Lee Warren (Deputy Assistant Attorney General), 3 pages |

Case Number:
6:01-cv-875-Orl-22KRS
Page 9

## EXHIBIT LIST - Continuation Sheet
Objection:
Rules 401-404. 801-803

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| S2 | | | Objection:<br><br>Rules 401-404. 801-803 | letter, dated May 27, 1994, from Raymond Duboc to F. Lee Bailey, 12 pages, re: upkeep of properties and schedule of expenses, 11 pages |
| T2 | | | Objection:<br><br>Rules 401-404. 801-803 | letter, dated June 10, 1994, from F. Lee Bailey to Dr. Charles Poncet, 4 pages |
| U2 | | | Objection:<br><br>Rules 401-404. 801-803 | Memorandum, dated June 13, 1994, from Ford to "Randy", with addition entries dated 6/17/94 and 6/22/94 |
| V2 | | | Objection:<br><br>Rules 401-404. 801-803 | letter, dated June 13, 1994, from Dr. Charles Poncet to F. Lee Bailey, with enclosures, re: legal research as to French and International law, total of 40 pages |
| W2 | | | Objection:<br><br>Rules 401-404. 801-803 | letter, dated June 15, 1994, from F. Lee Bailey to Thomas F. Kirwin, forwarding the above Poncet letter |
| X2 | | | Objection:<br><br>Rules 401-404. 801-803 | letter, dated 17 June 1994, from F. Lee Bailey to Raymond Duboc, 2 pages, re: instructions as to operations in France |
| Y2 | | | Objection:<br><br>Rules 401-404. 801-803 | DOJ letter, dated June 17, 1994, from Thomas F. Kirwin to David Ford, forwarding the Poncet legal research |
| Z2 | | | Objection:<br><br>Rules 401-404. 801-803 | DOJ letter, dated June 21, 1994, from J. D. Roy Atchison to F. Lee Bailey, re: <u>U.S. v. $29, 541, 839.52</u> |
| A3 | | | Objection:<br><br>Rules 401-404. 801-803 | letter, dated 14 Juillet 1994, from credit Suisse to F. Le Bailey, 4 pages ( French, not translated) |
| B3 | | | Objection:<br><br>Rules 401-404. 801-803 | DOJ letter, dated August 8, 1994, from J.D. Roy Atchison to F. Lee Bailey, instructions as to $730,000.00 |
| C3 | | | Objection:<br><br>Rules 401-404. 801-803 | Memorandum, dated September 6, 1994, from Thomas F. Kirwin to file, re: telephone call with Bailey and setting up trust fund for sale proceeds |

Case Number:
6:01-cv-875-Orl-22KRS
Page 10

## EXHIBIT LIST - Continuation Sheet
Objection:
Rules 401-404. 801-803

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| D3 | | | Objection: Rules 401-404. 801-803 | DOJ Memorandum, dated September 30, 1994, from Linda Samuel to Karen Tandy, 2 pages (re: overview of Duboc case for McDowell) |
| E3 | | | Objection: Rules 401-404. 801-803 | DOJ fax cover, dated October 19, 1994, from Gregory R. Miller to Jimmy Hankinson - AUSA, 5 pages total, with copy of letter, dated October 15, 1994 to Jean Braghini, Esq., from F. Lee Bailey, with handwritten notes on first page of letter from Greg to Jimmy |
| F3 | | | Objection: Rules 401-404. 801-803 | DOJ letter, dated November 16, 1994, from Thomas F. Kirwin to F. Lee Bailey (re: meeting in Tallahassee, French properties upkeep, and letter as requested) |
| G3 | | | Objection: Rules 401-404. 801-803 | Status Memorandum, dated January 3, 1995, from Murray R. Stein to Richard C. Owens (re: properties in France, request for assistance, and US will let Bailey handle the sale) |
| H3 | | | Objection: Rules 401-404. 801-803 | Memorandum, dated 14 Juin 1995, from FLB to Marc Pradal, (re: attempts to sell French properties) |
| I3 | | | Objection: Rules 401-404. 801-803 | letter, dated 07.12.1995, from Credit Suisse to F. Lee Bailey, with enclosure of statements, (re: value of Biochem shares when received into account), 17 pages |
| J3 | | | Objection: Rules 401-404. 801-803 | composite exhibit of letters between January, 1995 and December 1995, from Pradal to Bailey, 28 pages (re: sale of the French properties) |
| K3 | | | Objection: Rules 401-404. 801-803 | Urgent Report, dated January 22, 1996, from P. Michael Patterson to The Attorney General & The Deputy Attorney General, 3 pages |
| L3 | | | Objection: Rules 401-404. 801-803 | Memorandum, dated 30 January 1996, from Sarah McKee to M. Bruno Laurent, 5 pages (re: Duboc case summary, Biochem shares unwritten agreement, and attempted sale of French properties), 5 pages |

Case Number:
6:01-cv-875-Orl-22KRS
Page 11

## EXHIBIT LIST - Continuation Sheet
Objection:
Rules 401-404. 801-803

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| M3 | | | Objection:<br><br>Rules 401-404. 801-803 | DOJ Memorandum, from P. Michael Patterson to Janet Reno, re: F. Lee Bailey and Duboc case, current status of court proceedings, 3 pages |
| N3 | | | Objection:<br><br>Rules 401-404. 801-803 | DOJ letter, dated March 4, 1996, from Gerald E. McDowell to Roger Zuckerman, 2 pages (re: Bailey authority revoked) |
| O3 | | | Objection:<br><br>Rules 401-404. 801-803 | DOJ Memorandum, from Gerald E. McDowell to Mary Lee Warren, 4 pages, (re: summary of Duboc case and request for payment of fees to Coudert Brothers), with attachments: DOJ letter, dated March 27, 1996 from David 1. McGee to mark D. Lebow and DOJ Memorandum, dated March 25, 1996, from Thomas F. Kirwin to Gerald E. McDowell, total of 8 pages |
| P3 | | | Objection:<br><br>Rules 401-404. 801-803 | Annual Report of the Department of Justice Asset Forfeiture Program Fiscal Year 1994, 95 pages |
| Q3 | | | Objection:<br><br>Rules 401-404. 801-803 | Annual Report of the Department of Justice Asset Forfeiture Program Fiscal Years 1995 and 1996 (only 1995 is submitted), 66 pages |
| R3 | | | Objection:<br><br>Rules 401-404. 801-803 | 1/12/96; Order, United States v. Duboc, 2 pages; the district court described the Biochem Pharma stock as having been delivered to Mr. Bailey in trust for the United States (pages 1-2) |
| S3 | | | Objection:<br><br>Rules 401-404. 801-803 | 2/3/96; Order, United States v. Duboc (Tab B, Appendix to Defendant's February 2, 2001 List of Issues and/or Facts Precluded From Relitigation ("Defendant's 2/2/01 Filing")), 5 pages; subsequent to the hearing, the district court reconfirmed its finding that the stock was delivered to Mr. Bailey in trust for the United States (1), finding that the stock account was to be used only to pay for maintenance expenses of the French estates, not for personal expenses or attorney fees (4), and deferred the issue of plaintiffs claim to outright |

Case Number:
6:01-cv-875-Orl-22KRS
Page 12


## EXHIBIT LIST - Continuation Sheet
Objection:
Rules 401-404. 801-803

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | | ownership of the stock (4) |
| T3 | | | Objection:<br><br>Rules 401-404. 801-803 | 2/29/96; Order, <u>United States v. Duboc</u> (Tab C, Defendant's 2/2/01 Filing), 10 pages; the district court adjudicated the stock proceeds disbursements by Mr. Bailey (2-3); found that plaintiff spent money derived from the sale of the stock after the Court ordered the freeze; found that plaintiff spent stock proceeds for his own personal use without district court authorization, as was required by the plea agreement and discussions of May 17, 1994 (6); and that plaintiff deliberately had his agent impede the Court's ability to receive the disputed stock (7-8) |
| U3 | | | Objection:<br><br>Rules 401-404. 801-803 | 3/25/96; Stipulated Order of Forfeiture, <u>United States v. Duboc</u>. 3 pages; the district court approved the forfeiture of the stock to the United States pending third party claims (2) |
| V3 | | | Objection:<br><br>Rules 401-404. 801-803 | 5/9/96; Order, <u>United States v. Duboc</u> (Tab D, Defendant's 2/2/01 Filing), 27 pages; in adjudicating various motions regarding plaintiffs claim to the stock, the district court found, among other things, that the stock was a drug-tainted asset (2-3); found that the stock was selected by the parties as the asset to be used to support the maintenance and upkeep of the French estates (3); address plaintiffs claim that he owned the stock "in fee simple" (3-4); recognized that the Government was the title-owner-of the stock from the moment it was purchased with drug money pursuant to the reversion-back theory, even though its was subsequently transferred to plaintiff with the Government's knowledge (7-8, 21); identified the remaining issue for the court as whether the stock was transferred in fee simple to plaintiff, or, as if plaintiff was trustee, to maintain his client's French properties (16, 25); and referenced plaintiffs claim that there was an oral agreement entitling plaintiff to the stock proceeds (23) |

I:\BWilliams\bailey's exhibit list.obj.wpd

Case Number:
6:01-cv-875-Orl-22KRS
Page 13


## EXHIBIT LIST - Continuation Sheet
Objection:
Rules 401-404. 801-803

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| W3 | | | Objection:<br>Rules 401-404. 801-803 | 5/17/96; Final Order of Forfeiture, <u>United States v. Duboc</u>, 2 pages; final forfeiture order for stock, noting that plaintiffs claim was formally withdrawn with prejudice (1), and finding that the Government has clear title to the proceeds of the sold stock (2) |
| X3 | | | Objection:<br>Rules 401-404. 801-803 | 5/17/96; Order and Judgment, <u>United States v. Duboc</u> (Tab E, Defendant's 2/2/01 Filing), 6 pages; district court recognizes plaintiffs waiver of a claim for the stocks or the proceeds in that or any forum with prejudice (1-2, 6); notes that the court retained jurisdiction to determine the proper amount of attorneys fees and expenses arising out of the Duboc representation (2-3); finds that the Government is the fee simple owner of the stock free of any claim of plaintiffs to the stock or proceeds derived therefrom (3, 6); directing that any claim plaintiff wished to make for attorney fees or expenses associated with the Duboc representation must be presented to that Court (3-4) |
| Y3 | | | Objection:<br>Rules 401-404. 801-803 | 2/3/97; Order, <u>United States v. Duboc</u>, 8 pages; district court issues an order regarding plaintiffs claim for expenses associated with Duboc representation, including those expenses incurred in the maintenance of the French estates (1, 6-7) |
| Z3 | | | Objection:<br>Rules 401-404. 801-803 | 10/30/97; Order, <u>United States v. Duboc</u> (Tab F, Defendant's 2/2/01 Filing), 32 pages; noting plaintiffs waiver of any claim for attorney fees arising out of the Duboc representation (3); adjudicating plaintiffs claim to sums spent during the course of the Duboc representation "in service of 'the government's needs'" (3); holding that it is within the inherent authority of the district court to adjudicate an attorney's motion for fees and expenses arising out of a criminal matter (4); permitting reimbursement to plaintiff of costs associated with the French estates (10, 26-27); adjudicating the terms of |

Case Number:
6:01-cv-875-Orl-22KRS
Page 14

## EXHIBIT LIST - Continuation Sheet
Objection:
Rules 401-404. 801-803

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | | an alleged oral agreement between the Government and plaintiff regarding $83,641.39 in medical expenses, referring to the stock as "forfeitable funds held in trust in the Credit Suisse account" (14-16); allowing reimbursement of "outside legal fees" to the extent substantiated by payment records (22-24); adjudicating the "European expenses" and finding that plaintiff was "entrusted with the forfeitable shares of Duboc's stock by the Government, including the legal services of Charles Poncet and Jean Braghini (26-27); noting plaintiffs testimony that all fees would have to be approved by the court, not the personnel of the United States Attorney's Office (28); finding that plaintiff should reasonably have sought prior approval of the court before paying many of the expenditures out of funds held in trust (28-29); holding that plaintiff abused his position of trust by misappropriating the Government's funds (30); adjudicating the amounts and dates of the sales of forfeitable stock (30); and holding that the profit derived from the sale of the stock was and is the Government's (31) |
| A4 | | | Objection:<br><br>Rules 401-404. 801-803 | 1/14/00; Report and Recommendation, United States of America v. McCorkle, No. 98-CR-52-ORL-19C, 2000 WL 133759 (M.D. Fla.) (Glazebrook, M.J.) (Tab G, Defendant's 2/2/01 Filing), 28 pages; U.S. Magistrate recommendation certifying contempt of plaintiff for misappropriation of forfeitable client funds held in trust, relying upon the relation-back doctrine (3, 6-7), the district court and Eleventh Circuit adjudication of plaintiffs claim in this case (3, 6), plaintiffs experience as a criminal defense lawyer, including cases involving forfeiture (5-6), plaintiffs acknowledgement that a lawyer should never take funds which he knows to be the proceeds of a specified unlawful activity (7), plaintiffs admission that where a district court has |

Case Number:
6:01-cv-875-Orl-22KRS
Page 15

## EXHIBIT LIST - Continuation Sheet
Objection:
Rules 401-404. 801-803

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | | jurisdiction over that property, the district court is the sole recourse for third-party claims, and plaintiffs reported income to the IRS for 1996 and failure to disclose an interest in foreign accounts in 1996 (27) |
| B4 | | | Objection:<br><br>Rules 401-404. 801-803 | 7/21/00; Report of Referee, <u>Florida Bar v. Bailey</u>, 24 pages; adjudication of facts relating to representation of Claude Duboc, including the findings that plaintiff held the stock in trust (3-9), that plaintiff liquidated and transferred Japanese stock through the Credit Suisse account (4-5), that an increase in stock value would cover expenses and attorney fees after application to the district court (13-14), that the purpose of holding the stock was to maximize the amounts forfeited to the Government (14), and that plaintiffs conduct in this case violated numerous ethical obligations (21-22) |
| C4 | | | Objection:<br><br>Rules 401-404. 801-803 | 9/19/00; Order, <u>United States v. McCorkle</u> (Tab H, Defendant's 2/2/01 Filing), 32 pages; district court adopts report of US Magistrate (5-6) |
| D4 | | | Objection:<br><br>Rules 401-404. 801-803 | 11/21/00; Order of the Eleventh Circuit, <u>United States v. Duboc</u> (Tab I, Defendant's 2/2/01 Filing), 3 pages; unpublished order remanding Mr. Duboc's motion to withdraw his guilty plea, identifying the issue as whether plaintiff was entitled to keep the appreciation in the stock plaintiff and the Government agreed plaintiff would hold in trust as possible payment of legal fees (2), and whether plaintiff intended to claim the appreciation of the stock as plaintiffs own prior to the agreement to plead guilty (2-3) |
| E4 | | | Objection:<br><br>Rules 401-404. 801-803 | 4/16/01; Order, <u>United States v. Duboc,</u> 6 pages; on remand, district court notes that it is required to determine the intent of plaintiff with regard to the appreciation of the stock prior to May 17, 1994 (2); that none of plaintiffs defense counsel had any interest in or claim to the stock (2); that plaintiff was told that only |

Case Number:
6:01-cv-875-Orl-22KRS
Page 16

## EXHIBIT LIST - Continuation Sheet
Objection:
Rules 401-404. 801-803

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | | the district court, and not the Government, would make the final decision as to whether plaintiff could be paid from forfeitable assets (2) |
| F4 | | | Objection: Rules 401-404. 801-803 | 4/17/01; Order, United States v. Duboc, 6 pages; district court notes that it is required to determine the intent of plaintiff with regard to the appreciation of the stock prior to May 17, 1994 (1) |
| G4 | | | Objection: Rules 401-404. 801-803 | 5/18/01; Order, United States v. Duboc, 5 pages; district court notes that it is required to determine the intent of plaintiff with regard to the appreciation of the stock prior to May 17, 1994 (1); finds that plaintiff counseled Duboc that he would have to disgorge every asset to the United States and provide extraordinary cooperation (2); finds that the stock was identified on April 25, 1994 but not discussed, and that the next day it was agreed that the stock would not be forfeited immediately, and the stock was identified as the source of cash to maintain the French estates (3); finds that at the time plaintiff counseled in favor of a plea agreement, he did not know of the existence of the stock or intend to claim its increased value (3); describes Duboc's cooperation as "massive" (4-5) |
| H4 | | | Objection: Rules 401-404. 801-803 | 10/1/90; United States Attorney's Manual, Title 9, Chapter 111, 15 pages; establishes authority of United States Attorneys with respect to assets transferred to attorneys as fees for legal services (1), the policy requirement of the assent of the AAG, Criminal Division before forfeiture proceedings maybe instituted against assets transferred to an attorney, or before any agreement may be made to exempt from forfeiture an asset transferred to an attorney (5-6,15); noting the possibility that an asset maybe transferred to an attorney to be held in trust, with the defendant's understanding that the attorney |

Case Number:
6:01-cv-875-Orl-22KRS
Page 17

## EXHIBIT LIST - Continuation Sheet

Objection:
Rules 401-404. 801-803

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | | may be entitled to a portion of the asset for legal services rendered to the defendant, subject to approval (7) |
| I4 | | | Objection: Rules 401-404. 801-803 | 11/26/90; Memorandum from AAG for Administration to Director of Procurement Services Staff, 1 page; delegates authority to enter into contracts for services and supplies to the Director of Procurement Services Staff |
| J4 | | | Objection: Rules 401-404. 801-803 | 2/12/93; Memorandum from Director of Procurement Services Staff to Kenneth W. Sukhia, United States Attorney for the Northern District of Florida, attaching Delegation of Procurement Authority, 17 pages; delegates procurement authority for "small purchases of supplies and services" (2) up to a maximum of $25,000 for certain types (2-3) |
| K4 | | | Objection: Rules 401-404. 801-803 | 2/23/93; Office of the Attorney General, Order No. 1687-93, 5 pages; establishes the Office of Procurement Executive (1), which office is responsible for contract review of all procurement actions over $50,000 if other than full and open competition procedures (2); authorizes certain agency heads, including Director of the U.S. Marshals Service (3); authorizing the AAG for Administration to exercise procurement authority (3), and the authority to grant waivers (4-5) |
| L4 | | | Objection: Rules 401-404. 801-803 | 12/93; Justice Acquisition Regulation Part 2801.601, 2 pages; identifying delegation pursuant to Order No. 1687-93 and the delegation to the AAG for Administration of authority with respect to real property for United States Attorneys, and permitting express redeligation (all) |
| M4 | | | Objection: Rules 401-404. 801-803 | 4/26/94; List, 2 pages; the list of assets was identified by Duboc as forfeitable on or about April 26, 1994 and printed from plaintiffs computer, including the Biochem Pharma stock, the Nippon Energy stock and the |

Case Number:
6:01-cv-875-Orl-22KRS
Page 18


# EXHIBIT LIST - Continuation Sheet
Objection:
Rules 401-404. 801-803

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | | French estates, which were owned by privately-held Hong Kong corporations (all) |
| N4 | | | Objection: Rules 401-404. 801-803 | 4/26/94; List (with handwritten annotations), 2 pages; draft of the same list as Exhibit 222 (all) |
| O4 | | | Objection: Rules 401-404. 801-803 | 4/26/94; List (handwritten), 7 pages; notes taken by Carl Lilley regarding forfeitable assets of Claude Duboc, including French estates (3-4) and stocks in Luxembourg (7) |
| P4 | | | Objection: Rules 401-404. 801-803 | 4/26/94; Handwritten Notes, 3 pages; written instructions of Claude Duboc for transfer of Biochem Pharma stock to Credit Suisse (1), Japanese stock to Credit Suisse (2-3) |
| Q4 | | | Objection: Rules 401-404. 801-803 | 5/6/94; Draft Fee Agreement, 7 pages; proposed agreement between Duboc, plaintiff and Robert Shapiro in which a reasonable fee for the representation is proposed from legitimate sources of income or funds approved by the Government and the district court (1); notes that the Government requires a forfeiture of all assets derived from criminal means, and that Duboc could benefit substantially from the forfeiture of all assets (2); notes that counsel would petition the court for legal fees to be paid out of forfeited assets, and that the Government was informed of a fee of $1 million per attorney, to be approved by the district court; noting Duboc's concern that large fees to be paid out of seized assets may cause counsel to be more concerned with legal fees than the client's welfare (5) |
| R4 | | | Objection: Rules 401-404. 801-803 | 5/10/94; Draft letter from Mr. Shohat to Claude Duboc, 3 pages; draft representation agreement, noting that the representation is extraordinary, including the extraordinary nature of the cooperation, the difficulty and complicated nature of the proposed forfeitures, the proactive role of defense counsel on Duboc's behalf to assist the government in forfeitures, all fees to be secured from a |

Case Number:
6:01-cv-875-Orl-22KRS
Page 19

## EXHIBIT LIST - Continuation Sheet
Objection:
Rules 401-404. 801-803

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | | special account created with the knowledge and approval of the United States Attorneys Office and the district court (2) |
| S4 | | | Objection: Rules 401-404. 801-803 | 5/11/94; Itinerary of Mr. Kirwin, 1 page; includes reference to meetings with defense attorneys in France regarding evidence and the maintenance and liquidation of forfeitable assets in Paris and Supercannes |
| T4 | | | Objection: Rules 401-404. 801-803 | 5/13/94; Letter from Mr. Shohat to Mr. Bellini, 1 page; relates to the proposed source of defense counsel fees and expenses |
| U4 | | | Objection: Rules 401-404. 801-803 | 5/17/94; Letter from Mr. Bellini to Mr. Shohat, 2 pages; responds to defense attorney's request for information regarding Biochem Pharma stock (1), which was intended to be the source of defense counsel's fees and expenses, as approved by the Court |
| V4 | | | Objection: Rules 401-404. 801-803 | 5/17/94; Memorandum from Mr. Miller to Mr. Patterson, attaching a list of Duboc's forfeitable assets, Duboc's indictment, including for criminal forfeiture, and the executed plea agreement, 17 pages; identifies plaintiff and Mr. Shohat as counsel for Duboc (1), noting that the attached list, which includes the Biochem Pharma stock (3), identifies Duboc's drug related assets that are subject to forfeiture, and that Duboc agreed in the plea agreement to forfeit all identifiable drug proceeds (2) |
| W4 | | | Objection: Rules 401-404. 801-803 | 5/11/94; Handwritten Notes, 145 pages; compilation of handwritten notebooks of Thomas Kirwin, referring to plaintiffs liquidation of the Japanese stock and other property through the Credit Suisse account (2, 23, 34-36); the discussions with representatives of the French Ministry of Justice (6-7); the discussions in France with defense counsel regarding the difficulties with the French properties and defense counsel's efforts to liquidate that property (8-10, 46); efforts of Mr. |

Case Number:
6:01-cv-875-Orl-22KRS
Page 20

## EXHIBIT LIST - Continuation Sheet
Objection:
Rules 401-404. 801-803

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | | Shohat with respect to Duboc's French assets and evidence in Duboc's French estate, and the Biochem stock as the source of those expenses (12-14, 17-18, 27-28); the pre-plea meeting in chambers on May 17, 1994 (74); plaintiffs expenditure of $627,000 on the upkeep of the properties as of November 22, 1994 (103); plaintiffs conversations with Mr. Kirwin on January 12 and 16, 1996 (118-21); Mr. Kirwin's letter of January 25, 1996 (127, 131); Mr. Shapiro's |
| X4 | | | Objection: Rules 401-404. 801-803 | |
| | | | | 5/27/94; Letter from Mr. Shohat to Raymond Duboc, 2 pages; describes efforts by defense counsel regarding French properties and negotiations between French and United States representatives (all) |
| Y4 | | | Objection: Rules 401-404. 801-803 | 5/31 /94; Letter from Mr. Shohat to Mr. Kirwin, attaching documentation from Raymond Duboc regarding French properties, including boats and estates, 21 pages; describes defense counsel's proposed efforts and source of compensation for maintenance and liquidation of French assets (1), including the plan for Mr. Shohat to direct the transfer of Japanese stock to his trust account in Miami to finance the ongoing expenses (2) |
| Z4 | | | Objection: Rules 401-404. 801-803 | 5/31/94; Letter from Mr. Shohat to Raymond Duboc, 2 pages; describes efforts of defense counsel and Raymond Duboc in maintenance of French assets, negotiations between French and United States representatives, and the use of a French bank account by Raymond Duboc for the maintenance efforts (all) |
| A5 | | | Objection: Rules 401-404. 801-803 | 6/2/94; Letter from Mr. Shohat to Mr. Kirwin, attaching estimate for sale of boats and boat slip, 3 pages; describes efforts of defense counsel in sale of two boats and a boat slip (1- |

Case Number:
6:01-cv-875-Orl-22KRS
Page 21


## EXHIBIT LIST - Continuation Sheet
Objection:
Rules 401-404. 801-803

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | | 2, 4), the decision not to use the French domestic account for maintenance expenses, and the need for plaintiff to arrange for a loan against the Biochem Pharma stock in plaintiffs Swiss trust account so that expenses may be paid (3) |
| B5 | | | Objection:<br><br>Rules 401-404. 801-803 | 6/6/94; Letter from Ms. Constant to Mr. Shohat, attaching excerpts from a treatise on French business law, 13 pages; describes concern of Raymond Duboc's counsel about the plan to open a joint account with plaintiff containing loan proceeds from the Swiss trust account (1-3), acknowledging that the common purpose is to enforce the plea agreement between Claude Duboc and the United States (2) |
| C5 | | | Objection:<br><br>Rules 401-404. 801-803 | 6/8/94; Letter from Mr. Shohat to Mr. Bailey, 1 page; forwards Ms. Constant's June 6, 1994 letter to plaintiff |
| D5 | | | Objection:<br><br>Rules 401-404. 801-803 | 6/13/94; Letter from Mr. Shohat to Mr. Bailey, 1 page; request for cost retainer to cover ongoing expenses of defense counsel |
| E5 | | | Objection:<br><br>Rules 401-404. 801-803 | 6/13/94; Letter from Mr. Patterson and Mr. Kirwin to Mr. Shohat, 1 page; describes assistance of defense counsel while in France with the liquidation of French assets and the gathering of evidence related to the ongoing criminal investigation |
| F5 | | | Objection:<br><br>Rules 401-404. 801-803 | 6/17/94; Letter from Mr. Patterson and Mr. Kirwin to Mr. Shohat, 2 pages; involves assistance of defense counsel in the liquidation of French assets (all) |
| G5 | | | Objection:<br><br>Rules 401-404. 801-803 | 6/28/94; Letter from Mr. Dixon to Mr. Shohat, attaching unsigned letter from plaintiff to Mr. Dixon, 2 pages; involves efforts of defense counsel in the sale of the French boats and boat slip through an agent (all) |
| H5 | | | Objection: | 6/28/94; Letter from Mr. Shohat to Mr. Dixon, |

Case Number:
6:01-cv-875-Orl-22KRS
Page 22

## EXHIBIT LIST - Continuation Sheet
Objection:
Rules 401-404. 801-803

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | Rules 401-404. 801-803 | attaching facsimile from plaintiff to Mr. Shohat, 4 pages; involves efforts of defense counsel in the sale of the French boats and boat slip through the agent (all) |
| I5 | | | Objection:<br><br>Rules 401-404. 801-803 | 7/1/94; Memorandum from Mr. Bailey to Mr. Shapiro, 2 pages; describes plaintiffs offer to cocounsel, Mr. Shapiro, to meet plaintiff, with spouses, in Cannes at one of the French estates, and noting that Mr. Shapiro's expenses would be paid from the Swiss trust account containing the Biochem Pharma stock (all) |
| J5 | | | Objection:<br><br>Rules 401-404. 801-803 | 7/19/94; Letter from Mr. Bailey to Credit Suisse, attaching copies of checks drawn on account, 4 pages; identifies the sale of the Japanese stock by the account manager and transfer of the proceeds to plaintiffs personal account in Florida (1), and describing draws against the line of credit (2) |
| K5 | | | Objection:<br><br>Rules 401-404. 801-803 | 7/19/94; Letter from Mr. Bailey to Mr. Dixon, 3 pages; proposed terms of sale of boats and boat slip, and instructions regarding proceeds (1) |
| L5 | | | Objection:<br><br>Rules 401-404. 801-803 | 7/20/94; Letter from Mr. Shohat to Mr. Bailey, attaching summary of expenses, 2 pages; identifies the expenses of defense counsel (2) |
| M5 | | | Objection:<br><br>Rules 401-404. 801-803 | 7/21/94; Memorandum from Mr. Bailey to Claude Duboc, 3 pages; describes efforts of defense counsel on Mr. Duboc's behalf with respect to the maintenance and liquidation of Mr. Duboc's property in France (1), and identifying purpose and intended effect of these "extraordinary" efforts by defense counsel upon Mr. Duboc's eventual sentence (2) |
| N5 | | | Objection:<br><br>Rules 401-404. 801-803 | 8/16/94; Bailey, Fishman, Freeman & Kennedy Billing Summary of Toni Marie Kennedy, 4 pages; record of time and expenses of plaintiffs associate for Duboc representation |

Case Number:
6:01-cv-875-Orl-22KRS
Page 23

## EXHIBIT LIST - Continuation Sheet
Objection:
Rules 401-404. 801-803

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | | during four month period (all) |
| O5 | | | Objection: Rules 401-404. 801-803 | 8/18/94; Summary of FLB Legal Expenses, 4 pages; lists defense counsel's expenses associated with Duboc representation, including travel to France and Switzerland (all) |
| P5 | | | Objection: Rules 401-404. 801-803 | 8/20/94; Memorandum from Mr. Bailey to Raymond Duboc, 3 pages; describes the Raymond Duboc's and defense counsel's maintenance and liquidation efforts as an obligation arising out of Claude Duboc's plea agreement (1-2), which obligated Duboc and defense counsel to assist in every way the liquidation of the French properties for the benefit of the United States, and which was intended to affect Claude Duboc's ultimate sentence (2); describes plaintiffs intent to secure an order of the district court describing Raymond Duboc's efforts to protect Raymond Duboc (2-3) |
| Q5 | | | Objection: Rules 401-404. 801-803 | 8/22/94; Memorandum from Mr. Bailey to Claude Duboc, attaching various memoranda, affidavits, and the motion to the district court, 21 pages; letter (1) and attachments (16, 17) describe the intent behind the motion to the district court |
| R5 | | | Objection: Rules 401-404. 801-803 | 8/22/94; Motion, United States v. Duboc, 2 pages; describes Claude.Duboc's efforts, personally and through counsel and Raymond Duboc, pursuant to his plea agreement to liquidate his assets (1-2) |
| S5 | | | Objection: Rules 401-404. 801-803 | 8/28/94; Facsimile from Mr. Bailey to Claude Duboc, attaching a memorandum from plaintiff to Raymond Duboc, and correspondence (and translations) between French attorneys, 13 pages; describes efforts of defense counsel pursuant to plea agreement regarding the French properties (10) |
| T5 | | | Objection: Rules 401-404. 801-803 | 9/23/94; Memorandum from Director of Procurement Services Staff to Patrick M. |

Case Number:
6:01-cv-875-Orl-22KRS
Page 24

**EXHIBIT LIST - Continuation Sheet**
Objection:
Rules 401-404. 801-803

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | | Patterson, United States Attorney for the Northern District of Florida, 2 pages; rescinds delegation of procurement authority (all) |
| U5 | | | Objection:<br>Rules 401-404. 801-803 | 9/27/94; Letter from the French Ministry of Justice to the U.S. Department of Justice, 2 pages; same as attachment to Exhibit 17 (all) |
| V5 | | | Objection:<br>Rules 401-404. 801-803 | 10/1/94; Memorandum from Director of Procurement Services Staff to Patrick M. Patterson, United States Attorney for the Northern District of Florida, 14 pages; delegates procurement authority with maximum monetary limitations (2-4) |
| W5 | | | Objection:<br>Rules 401-404. 801-803 | 10/2/94; Memorandum from Mr. Bailey to Raymond Duboc, 2 pages; involves efforts of defense counsel to continue Claude Duboc's assistance to the United States (1) |
| X5 | | | Objection:<br>Rules 401-404. 801-803 | 10/12/94; Letter from Mr. Shohat to Mr. Bailey, 1 page; relates to ongoing representation |
| Y5 | | | Objection:<br>Rules 401-404. 801-803 | 10/13/94; Letter from Mr. Bailey to Credit Suisse, 1 page; transfer of $100,000 from Credit Suisse account to plaintiffs personal account |
| Z5 | | | Objection:<br>Rules 401-404. 801-803 | 10/15/94; Letter from Mr. Braghini to Mr. Bailey |
| A6 | | | Objection:<br>Rules 401-404. 801-803 | 10/16/94; Letter from Mr. Bailey to Credit Suisse, 2 pages; describes liquidation and management efforts of French properties pursuant to plea agreement and district court order (all) |
| B6 | | | Objection:<br>Rules 401-404. 801-803 | 10/19/94; Letter from Mr. Bailey to Mr. Reed, 1 page; describes funds deposited in plaintiffs trust account, and the purpose of the creation of a trust account on behalf of the district court |
| C6 | | | Objection:<br>Rules 401-404. 801-803 | 10/19/94; Letter from Mr. Bailey to Mr. Braghini, 4 pages; describes Raymond Duboc's efforts in management of the French |

Case Number:
6:01-cv-875-Orl-22KRS
Page 25

## EXHIBIT LIST - Continuation Sheet
Objection:
Rules 401-404. 801-803

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | | properties to assist the United States in furtherance of Claude Duboc's plea agreement (2); describes the funds deposited in a French account from plaintiffs Credit Suisse account as the property of the United States Government; identifying counsel's duties (2) |
| D6 | | | Objection:<br><br>Rules 401-404. 801-803 | 10/22/94; Letter from Claude Duboc to Mr. Bailey, 4 pages; describes understanding of the use of the stock funds (3-4) |
| E6 | | | Objection:<br><br>Rules 401-404. 801-803 | 11/27/94; Letter from Mr. Bailey to Claude Duboc, 2 pages; describes the efforts of Claude Duboc, Raymond Duboc and defense counsel in the management and liquidation of the French assets (all) |
| F6 | | | Objection:<br><br>Rules 401-404. 801-803 | 11/30/94; Memorandum from Mr. Bailey to Raymond Duboc, 1 page; instructions regarding Raymond Duboc's maintenance of French properties |
| G6 | | | Objection:<br><br>Rules 401-404. 801-803 | 12/21/94; Letter from Mr. Shohat to Claude Duboc, attaching cost and fees statement, 8 pages; describes termination of defense counsel (1); identifies efforts by defense counsel in the maintenance and liquidation of French assets (3-7) and the calculation of fees for such services (7) |
| H6 | | | Objection:<br><br>Rules 401-404. 801-803 | 1/3/95; Letter from Claude Duboc to Mr. Bailey, 6 pages; describing Claude Duboc's testimony and defense counsel's maintenance and liquidation efforts as part of his cooperation pursuant to his plea agreement (3); instructing plaintiff to keep the 602,000 shares of Biochem Pharma stock at $12 3/8 (5-6) |
| I6 | | | Objection:<br><br>Rules 401-404. 801-803 | 1/30/95; Financial Statement of Mr. Bailey, 1 page; lists assets and credit lines |
| J6 | | | Objection:<br><br>Rules 401-404. 801-803 | 2117/95; Letter from Mr. Shohat to Mr. Bailey, 1 page; relates to termination of counsel and payment of fees and expenses out of funds |

Case Number:
6:01-cv-875-Orl-22KRS
Page 26


## EXHIBIT LIST - Continuation Sheet
Objection:
Rules 401-404. 801-803

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | | held by plaintiff |
| K6 | | | Objection: Rules 401-404. 801-803 | 3/15/95; Letter from Henry Uscinski to Mr. Bailey, attaching statement for professional services, 6 pages; relates to efforts by defense counsel in the maintenance and liquidation of French assets (2-5) |
| L6 | | | Objection: Rules 401-404. 801-803 | 6/28/95; Letter from Mr. Shohat to Claude Duboc, 3 pages; relates to termination of counsel and the source of defense counsel's fees and expenses (2) |
| M6 | | | Objection: Rules 401-404. 801-803 | 8/8/95; Uniform Residential Loan Application, 4 pages; lists assets, liabilities, and accounts (2-3) |
| N6 | | | Objection: Rules 401-404. 801-803 | 9/25/95; Letter from Claude Duboc to Mr. Bailey, 4 pages; describes the intent of the transfer of stock and other funds, and the work of other defense counsel (1), and requesting an accounting of the stock (4) |
| O6 | | | Objection: Rules 401-404. 801-803 | 11/2/95; 1994 Tax Return, 29 pages; lists income, accounts, and investments (1-2, 4, 8, 9, 27) |
| P6 | | | Objection: Rules 401-404. 801-803 | 11/3/95; Financial Statement of Mr. Bailey, 1 page; lists assets and credit lines |
| Q6 | | | Objection: Rules 401-404. 801-803 | 11/10/95; Letter from Claude Duboc to Mr. Bailey, 1 page; letter firing plaintiff as counsel and directing the remaining Biochem Pharma stock to new defense counsel |
| R6 | | | Objection: Rules 401-404. 801-803 | 11/17/95; Letter from Mr. Lebow to Mr. Bailey, 2 pages; requests transfer of all stocks, proceeds, cash or property held by plaintiff on behalf of Claude Duboc, including Biochem Pharma stock, to new counsel (all) |
| S6 | | | Objection: Rules 401-404. 801-803 | 11/28/95; Draft Letter from Mr. Kirwin acid Mr. Patterson to Mr. Lebow, 2 pages; proposed response to Mr. Lebow's November 17, 1995 letter regarding the Biochem Pharma stock (all) |

Case Number:
6:01-cv-875-Orl-22KRS
Page 27


## EXHIBIT LIST - Continuation Sheet
Objection:
Rules 401-404. 801-803

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| T6 | | | Objection: Rules 401-404. 801-803 | 11/28/95; Draft Letter from Mr. Kirwin and Mr. Patterson to Mr. Lebow, with handwritten notes, 2 pages; proposed edits to proposed response to Mr. Lebow's November 17, 1995 letter regarding the Biochem Pharma stock (all) |
| U6 | | | Objection: Rules 401-404. 801-803 | 11/28/95; Letter from Mr. Bailey to Credit Suisse, 3 pages; request for information regarding account, including stocks, and loans (1-2) |
| V6 | | | Objection: Rules 401-404. 801-803 | 11/30/95; Letter from Claude Duboc to Mr. Shapiro, 4 pages; refers to plaintiffs personal expenses from the stock proceeds (2) |
| W6 | | | Objection: Rules 401-404. 801-803 | 12/31/95; Credit Suisse Account Analysis, 4 pages; tracks Credit Suisse account transactions for 1992-1995 (all) |
| X6 | | | Objection: Rules 401-404. 801-803 | 1/16/96; Memorandum from Mr. Kirwin, 1 page; refers to conversation with plaintiff regarding the district court's January 12, 1996 order |
| Y6 | | | Objection: Rules 401-404. 801-803 | 1/22/96; Transcribed Notes, 6 pages; summarizes meeting between plaintiff and the Government, including discussions regarding the stock transfer (1), the lack of a meeting of the minds (2, 5), the sale of stock (3-4), tax implications (4), authority (6)Draft Letter from Mr. Kirwin and Mr. Patterson to Mr. Lebow, 2 pages; proposed response to Mr. Lebow's November 17, 1995 letter regarding the Biochem Pharma stock |
| Z6 | | | Objection: Rules 401-404. 801-803 | 1/22/96; Emergency Motion to Surrender, United States v. Duboc, 6 pages; motion establishing Government's position with respect to the Biochem Pharma stock in the district court litigation (1), describing the plea agreement (1-2), and the pre-plea conference regarding the stock (4) |
| A7 | | | Objection: | 3/12/96; Accounting Analysis, 23 pages; |

Case Number:
6:01-cv-875-Orl-22KRS
Page 28

## EXHIBIT LIST - Continuation Sheet
Objection:
Rules 401-404. 801-803

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | Rules 401-404. 801-803 | summary of plaintiff's financial activities subsequent to the stock transfer (2-3) |
| B7 | | | Objection: Rules 401-404. 801-803 | 3/8/96; Affidavit of Mr. Miller, United States v. Duboc, attaching plea agreement, list of forfeitable assets, and district court order, 26 pages; describes plea agreement (2), stock transfer (2-3), proceedings before the district court (3-4) |
| C7 | | | Objection: Rules 401-404. 801-803 | 3/20/96; Mr. Braghini's Statement of Work, 9 pages; describes work performed by Jean Braghini pursuant to the plea agreement (all) |
| D7 | | | Objection: Rules 401-404. 801-803 | 3/22/96; Letter from Mr. Lebow to Mr. Kirwin, attaching synopsis of Biochem Pharma stock, 5 pages; identifies share value of stock (5) |
| E7 | | | Objection: Rules 401-404. 801-803 | 5/17/96; Stipulation, United States v. Duboc, 2 pages; stipulated dismissal with prejudice of plaintiffs claim to the Biochem Pharma stock or its proceeds (all) |
| F7 | | | Objection: Rules 401-404. 801-803 | 5/17/96; Hearing, United States v. Duboc, 10 pages; counsel for plaintiff states that agrees to the breadth of the waiver of plaintiffs claim to the stock or its proceeds (6, 8), and agrees that a claim for attorney fees must be made to the district court (6-7) |
| G7 | | | Objection: Rules 401-404. 801-803 | 5/28/96; Letter from Mr. Braghini to Judge Paul, attaching the statement of work, 13 pages; describes Mr. Braghini's efforts to fulfill the terms of the plea agreement (2, 13) |
| H7 | | | Objection: Rules 401-404. 801-803 | 7/1/96; Affidavit of Mr. Bailey, United States v. Duboc, 52 pages; describes discussions leading to the plea agreement (5-6), discussions with co-counsel and the district court (6-7), the efforts of plaintiff, Raymond Duboc and co-counsel in France (8, 11-14, 26, 36-40, 45-46, 48-49), the Credit Suisse stock account (19, 20, 29, 31), and Claude Duboc's medical expenses (30-32) |
| I7 | | | Objection: | 7/10/96; Affidavit of Mr. Kirwin, United States |

Case Number:
6:01-cv-875-Orl-22KRS
Page 29

## EXHIBIT LIST - Continuation Sheet
Objection:
Rules 401-404. 801-803

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | Rules 401-404. 801-803 | v. Duboc, 4 pages; discusses the Credit Suisse stock account and Claude Duboc's medical expenses (2-3) |
| J7 | | | Objection:<br><br>Rules 401-404. 801-803 | 4/29/97; Affidavit of Mr. Bailey, United States v. Duboc, 7 pages; describes the purpose of the transfer of the stock to the Credit Suisse account (1-2), the ownership of those funds (2), and the required approval of the district court (2) |
| | | | | 6/11/97; Affidavit of Mr. Bailey, Bailey v. United States, No. 96-666C (Fed. Cl.), 21 pages; describes the source of Claude Duboc's assets (2-3, 7); the nature of Duboc's proposed cooperation (5, 10); the source of defense counsel fees (6, 11-14, 20-21); the required approval of the district court (12); the alleged nature of the transfer of stock (13-14, 16), plaintiffs sale of shares (18-19) |
| K7 | | | Objection:<br><br>Rules 401-404. 801-803 | 6/25/97; Affidavit of Mr. Patterson, Bailey v. United States, 1 page; no authorization to enter into a contract with plaintiff |
| L7 | | | Objection:<br><br>Rules 401-404. 801-803 | 7/25/97; Affidavit of Mr. Miller, Bailey v. United States, 2 pages; no contract with plaintiff (all) |
| M7 | | | Objection:<br><br>Rules 401-404. 801-803 | 6/19/00; Trial Brief of Mr. Bailey in Florida Bar v. F. Lee Bailey, attaching Memorandum to File dated February 1996, 94 pages; brief filed on behalf of plaintiff discusses plaintiffs perceived role (6), the purpose and nature of the transferred funds (12, 18), lack of meeting of the minds (23) and authority (24), and the attached memorandum of counsel discusses the nature of agreement, authority, and the failure of a meeting of the minds (66-70, 72-74) |
| N7 | | | Objection:<br><br>Rules 401-404. 801-803 | 11/8/00; Interrogatory Responses, Bailey v. United States, 44 pages; discusses the purpose of the transfer of stock (29); the alleged terms of the agreement (36-37), the damages sought by plaintiff in this litigation |

Case Number:
6:01-cv-875-Orl-22KRS
Page 30

## EXHIBIT LIST - Continuation Sheet
Objection:
Rules 401-404. 801-803

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| | | | | (40-41) |
| O7 | | | Objection:<br>Rules 401-404. 801-803 | 2/26/96; Accounting Analysis by Arthur Anderson of Credit Suisse Activity, 16 pages; summary of plaintiff's financial activities subsequent to the stock transfer (2-4, 6-7, 9-10) |
| P7 | | | No objection | 10/14/96; 1995 Tax Return of F. Lee Bailey, 41 pages; lists income, accounts, and investments, references the Biochem Pharma stock, and the district court litigation (1-2, 5, 13-15, 28-32) |
| Q7 | | | No objection | 10/14/97; 1996 Tax Return of F. Lee Bailey, 10 pages; lists income, accounts, and investments, references the Biochem Pharma stock, and the district court litigation (1-2, 4, 7-9) |
| R7 | | | Objection:<br>Rules 401-404. 801-803 | 8/10/99; 1997 Tax Return of F. Lee Bailey, 12 pages; lists income, accounts, and investments (2, 3, 5, 8, 11) |
| S7 | | | Objection:<br>Rules 401-404. 801-803 | 5/6/94; Handwritten Notes, 1 page; records conversation between plaintiff and Mr. Shohat, Mr. McGee, Mr. Kirwin and Mr. Miller |
| T7 | | | Objection:<br>Rules 401-404. 801-803 | 7/4/94; Letter from Mr. Bailey to Credit Suisse, 1 page; provides instructions regarding Japanese stock |
| U7 | | | Objection:<br>Rules 401-404. 801-803 | 7/5/94; Letter from Mr. Bailey to Credit Suisse, 2 pages; provides further instructions regarding Japanese stock |
| V7 | | | Objection:<br>Rules 401-404. 801-803 | 10/16/94; Letter from Mr. Bailey to Credit Suisse, 2 pages; provides maintenance cost information regarding French estates |
| W7 | | | Objection:<br>Rules 401-404. 801-803 | 1/4/96; Letter from Mr. Bailey to Chief Judge Paul, 4 pages; describes plaintiffs representation of Claude Duboc, including the work in the maintenance and liquidation of the French assets pursuant to the plea agreement (3, 4) |

Case Number:
6:01-cv-875-Orl-22KRS
Page 31


**EXHIBIT LIST - Continuation Sheet**
Objection:
Rules 401-404. 801-803

| Exhibit Number | Date Identified | Date Admitted | Witness | Description |
|---|---|---|---|---|
| 13 | | | Objection:<br><br>Rules 401-404. 801-803 | Opinion of Horn, J, Bailey v. U.S., United State Court of Claims, No. 96-666C, Filed January 21, 2000 |
| 14 | | | Objection:<br><br>Rules 401-404, 801-803 | The transcript of the entire charge conference in U.S. v. McCorkle, Case No. 6:98-cr-52-Orl-19JGG |

1.

Defendant submits the following list of exhibits which may be offered, in whole or in part, at trial pursuant to the Court's Case Management and Scheduling Order in this matter.  By listing potential exhibits, Defendant does not necessarily agree that testimony or other evidence concerning a particular document or subject is relevant or otherwise admissible, but rather lists some of the exhibits herein to preserve its rights in the event that Plaintiff seeks to offer certain testimony and/or evidence which the court finds admissible.

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

    **v.**                        **Case No. 6:01-cv-875-Orl-22KRS**

**F. LEE BAILEY,**

        **Defendant.**

**JOINT PROPOSED JURY INSTRUCTIONS**

**Joint Request for Preliminary Instructions Before Trial**[1]

Ladies and Gentlemen:

      You have now been sworn as the Jury to try this case.  By your verdict, you will decide the disputed issues of fact.

      I will decide all questions of law and procedure that arise during the trial, and, before you retire to the jury room at the end of the trial to deliberate upon your verdict and decide the case, I will explain to you the rules of law that you must follow and apply in making your decision.

      [When I refer to the "lawyers" during my instructions to you, that also refers to the defendant, Mr. Bailey, as he is representing himself in this case with the assistance of Mr. Barrett.]

---

[1] U.S. Eleventh Circuit District Judges Association, Pattern Jury Instructions: Civil Cases, Preliminary Instructions Before Trial (2000 ed.).

The evidence presented to you during the trial will primarily consist of the testimony of the witnesses, and tangible items including papers or documents called "exhibits."

**Transcripts Not Available.**  You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what the testimony was.  Although, as you can see, the Court Reporter is making a stenographic record of everything that is said, typewritten transcripts will not be prepared in sufficient time or appropriate form for your use during your deliberations and you should not expect to receive them.

**Exhibits Will Be Available.**  On the other hand, any exhibits admitted in evidence during the trial will be available to you for detailed study, if you wish, during your deliberations.  So, if an exhibit is received in evidence but is not fully read or shown to you at the time, don't be concerned because you will get to see and study it later during your deliberations.

**Notetaking-Permitted.**  If you would like to take notes during the trial you may do so. On the other hand, of course, you are not required to take notes if you do not want to.  That will be left up to you, individually.

If you do decide to take notes, do not try to write everything down because you will get so involved in notetaking that you might become distracted from the ongoing proceedings.  Just make notes of names, or dates and places–things that might be difficult to remember.

Also, your notes should be used only as aids to your memory, and, if your memory should later differ from your notes, you should rely upon your memory and not your notes.

If you do not take notes, you should rely upon your own independent recollection or memory of what the testimony was and you should not be unduly influenced by the notes of other Jurors. Notes are not entitled to any greater weight than the recollection or impression of each Juror concerning what the testimony was.

*********

During the trial you should keep an open mind and should avoid reaching any hasty impressions or conclusions. Reserve your judgment until you have heard *all* of the testimony and evidence, the closing arguments or summations of the lawyers, *and* my instructions or explanations to you concerning the applicable law.

Because of your obligation to keep an open mind during the trial, coupled with your obligation to then decide the case only on the basis of the testimony and evidence presented, you must not discuss the case during the trial in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence; and you should avoid reading any newspaper articles that might be published about the case. You should also avoid seeing or hearing any television or radio comments about the trial.

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits

of the case favoring one side or the other. And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been nor should you draw any inferences or conclusions from the question itself.

During the trial it may be necessary for me to confer with the lawyers from time to time out of your hearing with regard to questions of law or procedure that require consideration by the court or judge alone. On some occasions you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

The order of the trial's proceedings will be as follows: In just a moment the lawyers for each of the parties will be permitted to address you in turn and make what we call their "opening statements." The Plaintiff will then go forward with the calling of witnesses and presentation of evidence during what we call the Plaintiff's "case in chief." When the Plaintiff finishes (by announcing "rest"), the Defendant will proceed with witnesses and evidence, after which, within certain limitations, the Plaintiff may be permitted to again call witnesses or present evidence during what we call the "rebuttal" phase of the trial. The Plaintiff proceeds first, and may rebut at the end, because the law places the burden of proof or burden of persuasion upon the Plaintiff (as I will further explain to you as a part of my final instructions).

When the evidence portion of the trial is completed, the lawyers will then be given another opportunity to address you and make their summations or final

arguments in the case, after which I will instruct you on the applicable law and you will then retire to deliberate upon your verdict.

Now, we will begin by affording the lawyers for each side an opportunity to make their opening statements in which they may explain the issues in the case and summarize the facts they expect the evidence will show.

I caution you that the statements that the lawyers make now (as well as the arguments they present at the end of the trial) are not to be considered by you either as evidence in the case or as your instruction on the law.  Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides.  So I ask that you now give the lawyers your close attention as I recognize them for purposes of opening statements.

## JOINT PROPOSED JURY INSTRUCTION

### Request for Cautionary Instruction - First Recess

We are about to take our first break during the trial and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

If you need to speak to me about anything, simply give a signed note to the Marshal to give to me.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.[2]

---

[2] U.S. Fifth Circuit District Judges Association, Pattern Jury Instructions: Civil Cases, § 2.1 (1996 ed.).

## JOINT PROPOSED INSTRUCTION NO. 1[3]

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions -- what we call your deliberations.

---

[3] 11th Cir. Pattern Jury Instruction 1 (Basic Instruction) (2000 ed.).

## JOINT PROPOSED JURY INSTRUCTION NO. 2[4]

### Consideration of the Evidence
### Duty to Follow Instructions
### Governmental Entity or Agency Involved

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a governmental entity or agency is involved as a party must not affect your decision in any way. A governmental agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a governmental agency is involved, of course, it may act only through people as its employees; and, in general, a governmental agency is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of that governmental agency.

In your deliberations you should consider only the evidence -- that is, the testimony of the witnesses and the exhibits I have admitted in the record -- but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any facts in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

---

[4] 11th Cir. Pattern Jury Instruction 2.3 (Basic Instruction)

Remember that anything the lawyers say is not evidence in the case.  And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts.  It is your own recollection and interpretation of the evidence that controls.

## JOINT PROPOSED JURY INSTRUCTION NO. 3[5]

### Credibility of Witnesses

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling. [You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.]

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

---

[5] 11th Cir. Pattern Jury Instruction No. 3 (Basic Instruction) (modification in brackets)

## JOINT PROPOSED JURY INSTRUCTION NO. 4[6]

### Impeachment of Witnesses
### Inconsistent Statement

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

---

[6] 11th Cir. Pattern Jury Instruction 4.1 (Basic Instruction)

## JOINT PROPOSED JURY INSTRUCTION NO. 5[7]

### Count One (Conversion) – Burden of Proof

In this case it is the responsibility of the Plaintiff to prove its claim by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence which is enough to persuade you that the plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

---

[7]  11th Cir. Pattern Jury Instruction 6.1 (Basic Instruction)

## JOINT PROPOSED JURY INSTRUCTION NO. 6

### Count One (Conversion) – Elements of the Offense

On Plaintiff's claim for conversion, the issues for your determination are:

(1)     Whether Defendant intentionally deprived Plaintiff of property;

(2)     Whether the deprivation was permanent or for an indefinite time;

(3)     Whether Plaintiff had a present or immediate right to possess the

property; and

(4)     Whether the deprivation was without Plaintiff's consent or

authorization.

Your verdict on this claim will be for the Plaintiff if you find that the preponderance of

the evidence supports the Plaintiff's claim as to each of these elements.  Your

verdict on this claim will be for the Defendant if you find that the preponderance of

the evidence does not support the Plaintiff's claim as to each of these elements.  If

you find for the Plaintiff on this claim, you must then consider the issue of damages

to be awarded to the Plaintiff.

Authorities: Shelby Mut. Ins. Co. v. Crain Press, Inc., 481 So. 2d 501, 503 (Fla. 2d
DCA 1985), rev. denied, 491 So. 2d 278 (Fla. 1986); Senfield v. Bank of Nova
Scotia Trust Co., 450 So. 2d 1157 (Fla. 3d DCA 1984); King v. Saucier, 356 So. 2d
930 (Fla. 2d DCA 1978); Rigot v. Bucci, 245 So. 2d 51, (1971); Star Fruit Co. v.
Eagle Lake Growers, 160 Fla. 130, 33 So. 858, 860 (1948); Wilson Cypress v.
Logan, 120 Fla. 124, 162 So. 489, 490-91 (1935); West Yellow Pine Co. v.
Stephens, 80 Fla. 298, 86 So. 241, 243 (1920); Quitman Naval Stores Co. v.
Conway, 63 Fla. 253, 58 So. 840, 840 (1912); Fla. Std. Jury Instr. (Civ.) 3.7-3.9.

## JOINT PROPOSED JURY INSTRUCTION NO. 7

### Count Two (Civil Theft, Fla. Stat. § 772.11) – Elements of the Offense

On Plaintiff's claim for civil theft, the issues for your determination are:

(1)   Whether the Defendant obtained or used, or attempted to obtain or use, the property of the Plaintiff;

(2)   Whether the Defendant did so with criminal intent; that is, with the intent to deprive the Plaintiff, either temporarily or permanently, of a [superior][8] right to the property or a benefit from it; or to appropriate, either temporarily or permanently, the property to the use of any person not entitled to it; and

(3)   Whether the Defendant's actions injured the Plaintiff in any fashion.

Model Instruction 11 a, Florida Standard Jury Instructions in Civil Cases, The Florida Bar (2001) (modified by numbering paragraphs and deleting "and, if so" between each element)..

---

[8]   The bracketed word "superior" should be used when there is evidence that the defendant took the property pursuant to a claim of right.

## JOINT PROPOSED JURY INSTRUCTION NO. 8

### Count Two (Civil Theft) – Burden of Proof

If clear and convincing evidence does not support the claim of the Plaintiff, your verdict should be for Defendant.

However, if clear and convincing evidence does support the claim of the Plaintiff, then your verdict should be for the Plaintiff and against the Defendant.

"Clear and convincing evidence" differs from the a "preponderance of the evidence" in that it is more compelling and persuasive. "Clear and convincing evidence" is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction without hesitation about the matter in issue.

MI 11 d, Florida Standard Jury Instructions in Civil Cases, The Florida Bar (2001) (modified to substitute "preponderance of the evidence" for "greater weight of the evidence" which has not previously been used or defined).

## JOINT PROPOSED JURY INSTRUCTION NO. 9

### Count Two (Civil Theft) – Damages

If you find for the Defendant, you will not consider the matter of damages.

But if you find for the Plaintiff, you should award the Plaintiff the amount of money, if

any, that the clear and convincing evidence shows are the actual damages

sustained by the Plaintiff.[9]

MI 11 e, Florida Standard Jury Instructions in Civil Cases, The Florida Bar (2001).

---

[9] The court may wish to describe the appropriate elements of those damages.  In this case, the damages are the contents of the Fund, namely $2 million.

## JOINT PROPOSED JURY INSTRUCTION NO. 10[10]

### Duty to Deliberate When Only the Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of plaintiff's damages should not be interpreted in any way as an indication that I believe that the plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges -- judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

---

[10]  11th Cir. Pattern Jury Instruction 7.1 (Basic Instruction)

## JOINT PROPOSED JURY INSTRUCTION NO. 11[11]

### *Jury Deliberations*

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

---

[11]  11th Cir. Pattern Jury Instruction 8 (Basic Instruction)

### PLAINTIFF'S ADDITIONAL PROPOSED JURY INSTRUCTION NO. 1

**Immediate Right of Possession - Explained**

Once the final order of forfeiture was entered on June 29, 2000, title to the contents of the William J. and Chantal McCorkle Legal Defense Fund ("the Fund") retroactively vested in the United States as of the date of the activities giving rise to the forfeiture, that is, July 26, 1996.

Therefore, I instruct you that as a matter of law, the Plaintiff's possessory interest in the Fund dates back to July 26, 1996, when the charged money laundering that resulted in the forfeiture began.   As a result, the Plaintiff had an immediate right of possession to the Fund in May 1997 when the Fund was created and at all times thereafter.

Order dated April 23, 2001, p.9.

## PLAINTIFF'S ADDITIONAL PROPOSED JURY INSTRUCTION NO. 2

### Count One (Conversion) – Intentional Deprivation of Property

In order to prove its claim of conversion, the Plaintiff must prove the

Defendant intended to take and possess the Plaintiff's property ("the Fund"). In

establishing intent, the Plaintiff does not have to prove that the Defendant intended

to wrongfully deprive, or knew he was wrongfully depriving, Plaintiff of its property.

The Plaintiff must prove only that the Defendant intended to take or exercise

authority over the property in question.

Authorities: Ciamar Marcy, Inc. v. Monteiro Da Costa, 508 So. 2d 1282 (Fla. 3d DCA
1987); E.J. Strickland Constr. v. Dept. of Agr., 515 So. 2d 1331, 1335 (Fla. 5th DCA
1987); Steams v. Landmark First Nat. Bank, 498 So. 2d 1001 (Fla. 4th DCA 1986);
Eagle v. Benefield-Chappell, Inc., 476 So. 2d 716, 718 (Fla. 4th DCA 1985); Shelby
Mut. Ins. Co. v. Crain Press, Inc., 481 So. 2d 501 (Fla. 2d DCA 1985); Senfield v.
Bank of Nova Scotia Trust Co., 450 So. 2d 1157 (Fla. 3d DCA 1984).  This is a
modification of an instruction originally proposed by defense counsel.

## DEFENDANT'S ADDITIONAL PROPOSED INSTRUCTION NO. 1

On the defense, the next issue for your determination is whether Plaintiff

consented to Defendant's conduct that is the basis for this action for conversion.

There is no conversion if Plaintiff agreed to, authorized, ratified, or waived

Defendant's conduct.

Authorities:  Clark v. City of Lakeland, 502 So. 2d 498, 500 (Fla. 2d DCA 1987);
Charter Air Center, Inc. v. Miller, 348 So. 2d 614 (Fla. 2d DCA 1977), cert. denied,
354 So. 2d 983 (Fla.); National Bank of Melbourne & Trust Co. v. Batchelor, 266 So.
2d 185 (Fla. 4th D 1972), cert. denied, 269 So. 2d 369 (Fla.), aff'd on other grounds,
308 So. 2d 649 (Fla. 4th DCA 1975), quashed on other grounds, 321 So. 2d 73
(Fla.); McDowell v. Talcott, 183 So. 2d 592 (Fla. 3d DCA 1966); Wilson Cypress Co.
v. Logan, 120 Fla. 124,162 So.489 (191.5), aff'd on other grounds, 184 So. 331 (Fla.
1938); Garrett v. American Fruit Growers, 135 Fla. 398, 186 So. 269 (1938).