B-1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

-vs-                              CASE NO. 6.01-cv-875-Orl-22KRS

F. LEE BAILEY

COURT'S INSTRUCTIONS
TO THE JURY

Members of the Jury:

I will now explain to you the rules of the law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions – what we call your deliberations.

B-2

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a governmental entity or agency is involved as a party must not affect your decision in any way. A governmental agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a governmental agency is involved, of course, it may act only through people as its employees; and, in general, a governmental agency is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of that governmental agency.

In your deliberations you should consider only the evidence -- that is, the testimony of the witnesses and the exhibits I have admitted in the record -- but as you consider the evidence, both

direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any facts in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. Mr. Bailey is appearing pro se, which means that he is representing himself. What Mr. Bailey stated in his capacity as a lawyer is not evidence. However, what Mr. Bailey testified to in his capacity as a witness is evidence. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

**B-3**

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling. [You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.]

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have

the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

**B-4**

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**C-1**

## Count One - Conversion

On the United States' claim for conversion, the Court has already determined, as a matter of law, that Mr. Bailey is liable to the United States for $2 million because Mr. Bailey created the Legal Trust Fund for the defense of the McCorkles and, thereafter, facilitated disbursements from that Fund.

You are to determine whether the United States should recover punitive damages from Mr. Bailey in addition to his $2 million liability.

If you find that the acts of Mr. Bailey were committed with fraud, actual malice, deliberate violence, oppression, or such gross negligence on the part of Mr. Bailey as to indicate a wanton disregard of the Government's right to the $2 million Fund, then you may add to Mr. Bailey's $2 million liability such amount as you shall agree is proper.

The purpose of punitive damages is not to compensate the Plaintiff, but rather to punish the Defendant, and to deter the Defendant and others from committing such acts in the future.

An act is wanton if done in careless disregard of, or indifference to, the rights of the injured party.

**C-1(a)**

It is the responsibility of the United States to prove its claim for punitive damages for conversion by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence which is enough to persuade you that the Plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish the United States' claim for punitive damages for conversion by a preponderance of the evidence, you should find for Mr. Bailey.

C-2

## Count Two -Civil Theft

On the United States' claim for civil theft, the Court has already determined, as a matter of law, that Mr. Bailey obtained or used the $2 million Fund, which, by operation of the law, was the property of the United States in a manner that deprived the United States of its right to the property.

You are to determine whether Mr. Bailey's conduct and actions regarding the $2 million Fund were taken by him with the "felonious" intent to commit theft.

Mr. Bailey's intent was "felonious" if his conduct and actions regarding the $2 million Fund were taken by him with the intent to commit the crime of theft.

A Defendant commits the crime of theft if he knowingly obtained or used the $2 million Fund with the intent to either, temporarily or permanently

(a) deprive the Plaintiff of its right to or benefit of the $2 million Fund, and

(b) appropriate the $2 million Fund to his own use or the use of any person not entitled to its use.

**C-2(a)**

It is the responsibility of the United States to prove its claim for civil theft by "clear and convincing evidence."

Clear and convincing evidence" differs from a "preponderance of the evidence" in that it is more compelling and persuasive.

"Clear and convincing evidence" is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction without hesitation about the matter in issue.

In deciding whether any fact has been proved by "clear and convincing evidence", you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish the United States' claim for civil theft by clear and convincing evidence, you should find for Mr. Bailey.

**B-5**

Of course, the fact that I have given you instructions concerning the issue of plaintiff's damages should not be interpreted in any way as an indication that I believe that the plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges -- judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**B-6**

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.